UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,<br><br>Plaintiff,<br>- against -<br><br>HBL SNF, LLC, LIZER JOZEFOVIC A/K/A LIZER JOZOFOVIC and MARK NEUMAN,<br><br>Defendants and Third-Party Plaintiff,<br><br>- against -<br><br>CCC EQUITIES, LLC, PROJECT EQUITY CONSULTING, THE CONGRESS COMPANIES, HOWARD FENSTERMAN, and WILLIAM NICHOLSON,<br><br>Third-Party Defendants. | Removed from the Supreme Court of the State of New York, Westchester County<br><br>Adv. Proc. No. 21-07096 (SHL) |
| LIZER JOZEFOVIC,<br><br>Plaintiff,<br>- against -<br><br>WHITE PLAINS HEALTHCARE PROPERTIES I, LLC, HOWARD FENSTERMAN, and METROPOLITAN COMMERCIAL BANK,<br><br>Defendants. | |

Pursuant to 28 U.S.C. section 1746, Alfred E. Donnellan declares as follows:

1. I am a member of the law firm of DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, lead counsel for White Plains Healthcare Properties I, LLC ("WPH Properties"), CCC Equities, LLC, Project Equity Consulting, The Congress Companies, Howard Fensterman and William Nicholson in the above referenced consolidated actions.

2. I submit this declaration in opposition to the motion of defendants and third-party

plaintiffs HBL SNF, LLC ("HBL"), Lizer Jozefovic ("Jozefovic") and Mark Neuman ("Neuman") (collectively, "defendants") for a preliminary injunction invalidating and nullifying the auction conducted pursuant to Article 9 of the New York Uniform Commercial Code (the "N.Y.U.C.C.") held on July 1, 2021 of Jozefovic's 71% membership interest (the "Waterview Membership Interest") in Waterview Acquisition I, LLC ("Waterview") and enjoining WPH Properties from taking any further action to complete the sale. WPH Properties developed, financed, constructed and owns a brand new, state-of-the-art, 160-bed skilled nursing home located at 116-120 Church Street, White Plains, New York (the "Facility"). HBL is the tenant and operator of the Facility. WPH Properties and HBL are parties to an amended and restated operating lease dated as of November 19, 2015 (the "Lease"), under which WPH Properties, as landlord, leased the Facility to HBL, as tenant. A true and correct copy of the Lease is attached as exhibit A

### Procedural history

3.   On June 22, 2021, Jozefovic, joined by Metropolitan Commercial Bank ("MCB"), filed a proposed order to show cause [NYSCEF Doc. No. 106] requesting a temporary restraining order and preliminary injunction to prevent the auction and public sale from proceeding on July 1, 2021.

4.   On June 29, 2021, in opposition to the previous order to show cause [NYSCEF Doc. No. 106], WPH Properties filed the affidavit of William A. Nicholson sworn to on June 29, 2021 [NYSCEF Doc. Nos. 136 - 159], the affirmation of Alfred E. Donnellan [NYSCEF Doc. Nos. 160 - 165], the affidavit of Howard Fensterman [NYSCEF Doc. Nos. 166 – 168] and a Memorandum of Law in Opposition dated June 29, 2021) [NYSCEF Doc. No. 169].

5.   On June 30, 2021, the parties appeared before the Court for argument of defendants' order to show cause. At the hearing, the Court denied the defendants' request for a temporary

2

restraining order with respect to the sale scheduled for July 1, 2021 and allowed the sale to proceed as scheduled. The transcript of the June 30, 2021 proceedings is attached as exhibit B; *see also* Order to Show Cause entered on June 30, 2021 denying defendants' request for a temporary restraining order, allowing the July 1, 2021 sale to proceed [NYSCEF Doc. No. 174], attached as exhibit C.

6. Later on June 30, 2021, defendants filed a proposed order to show cause and a notice of appeal in the Appellate Division, Second Department, purporting to appeal from the Supreme Court's denial of the defendants' request to enjoin the July 1, 2021 sale of the Waterview Membership Interest. On July 1, 2021, the Appellate Division, Second Department, denied the relief the defendants requested and allowed the auction to proceed on July 1, 2021 [NYSCEF Doc. No. 3 (Appellate Division docket no. 2021-04743)], attached as exhibit D.

7. Accordingly, the sale proceeded as scheduled and the Waterview Membership Interest was sold to WPH Properties – the only and highest bidder – at the duly noticed public sale.

**All aspects of the July 1, 2021 public sale were commercially reasonable**

8. N.Y.U.C.C. § 9-625(a) provides that relief from a sale authorized under the UCC may be obtained only where the secured party is proceeding in a manner not in accordance with Article 9. *See Rapillo v CitiMortgage, Inc.*, 95 UCC Rep. Serv.2d 267 (E.D.N.Y. Mar. 5, 2018) ("[I]n order for an aggrieved party to obtain injunctive relief, section 9-625(a) requires that the secured party presently be proceeding in a manner that is not in accordance with article 9."); *see also Atlas MF Mezzanine Borrower, LLC v Macquarie Texas Loan Holder LLC*, 174 A.D.3d 150, 162 (1st Dep't 2019). Because WPH Properties complied with all of the requirements necessary to sell or dispose of the collateral by public sale pursuant to UCC Article 9, including the notice requirements, the required method, manner, time, place, of the sale and the UCC's commercial

3

reasonableness requirements, Jozefovic and MCB are not entitled to the injunctive relief they seek.

9. N.Y.U.C.C. § 9-613 sets forth the requirements for notice of a sale under Article 9. On June 9, 2021, WPH Properties sent a Notification of Disposition of Collateral with respect to the Waterview Membership Interest to Jozefovic and MCB (which also claims to have a security interest in the Waterview Membership Interest), notifying them of a public sale of the Waterview Membership Interest to be conducted on July 1, 2021 at the time and place specified. The notice describes the debtor (Lizer Jozefovic) and the secured party (WPH Properties). N.Y.U.C.C. § 9-613(a)(1); describes "the collateral that is the subject of the intended disposition," Jozefovic's 71% membership interest in Waterview. N.Y.U.C.C. § 9-613(a)(2); states the method of intended disposition, a public sale, N.Y.U.C.C. § 9-613(a)(3); states that Lizer Jozefovic is entitled to an accounting of the unpaid indebtedness at no charge, N.Y.U.C.C. § 9-613(a)(3); and states the time and place of a public disposition, July 1, 2021 at 10:00 am at the offices of DelBello Donnellan Weingarten Wise & Wiederkehr, LLP One North Lexington Ave. White Plains, NY 10601, Phone: 914-681-0200. N.Y.U.C.C. § 9-613(a)(4). Further, the notice was sufficient as a matter of law because it was in the form set forth in N.Y.U.C.C. § 9-613(e), which states that that the form "provides sufficient information."

10. The Notification of Disposition of Collateral was sent by certified mail, return receipt requested and overnight mail. A copy of the Notification of Disposition of Collateral and the certified mail and overnight mail receipts are attached as exhibit E. That notice was sent on June 9, 2021 by certified mail, return receipt requested, as required by the pledge agreement (the "Pledge Agreement") that gives WPH Properties a security interest in the Waterview Membership Interest and by overnight mail as well. The Pledge Agreement is attached as ex. F. The notice scheduled the public sale for July 1, 2021, 22 days later. Accordingly, the notice was fully

4

compliant with the provisions of the Pledge Agreement requiring that WPH Properties give Jozefovic 21 days written notice of the sale. Pledge Agreement, ex. F, § 13. And the notice also more than complied with N.Y.U.C.C. § 9-612(b), which specifies that "a notification of disposition sent after default and 10 days or more before the earliest time of disposition set forth in the notification is sent within a reasonable time before the disposition."

11.    Finally, N.Y.U.C.C. § 9-611(c) requires that the secured party provide notification of the disposition to the debtor and to any other secured party which perfected its interest by filing a financing statement be notified of the sale. N.Y.U.C.C. §§ 9-611(c)(1), (c)(3)(C). The Notification of Disposition of Collateral was sent to Jozefovic (the debtor) as well as to MCB, which had filed a UCC-1 on December 23, 2019.

12.    On June 11, 2021, WPH Properties sent a letter to 622 targeted recipients, including every nursing home listed on the New York State Department of Health's website and known investors in the nursing home industry, notifying them of the sale and inviting interested parties to request the Terms of Sale from WPH Properties' counsel. A copy of a sample of the letter and an affidavit of service of the letters is attached as exhibit G. Several of the recipients of that letter requested copies of the Terms of Sale, and my office forwarded the Terms of Sale to those who requested them. A copy of the Terms of Sale is attached as exhibit H.

13.    WPH Properties also published a Notice of Secured Party Public Auction concerning the sale in the Westchester Business Journal in the weekly issue which circulated from June 21, 2021 through June 28, 2021. Copies of the notice and proof of publication is attached as exhibit I.

14.    The June 11, 2021 letter and the Notice of Secured Party Public Auction published in the Westchester Business Journal stated that the terms of the public sale (the "Terms of Sale") were available upon request.

15. The Terms of Sale, among other things, provided a description of the Waterview Membership Interest, the time and location of the public sale, stated that the sale would be conducted virtually, advised that the collateral would be sold subject to the security interest of Metropolitan Commercial Bank, described the procedure for becoming a qualified bidder and described in detail the process for sale of the collateral.

16. WPH Properties therefore complied with all of Article 9's prerequisites relating to the disposition of the Waterview Membership Interests, including those relating to notice, commercial reasonableness and public disposition.

17. On July 1, 2021, the N.Y.U.C.C. sale of the Waterview Membership Interest proceeded as scheduled and the Waterview Membership Interest was sold subject to the Terms of Sale, which had been previously transmitted to all interested parties. The accompanying affirmation of Nelida Lara dated November 11, 2021 summarizes the events that transpired at the July 1, 2021 auction.

18. The Terms of Sale provided that the July 1, 2021 sale of the Waterview Membership Interest was subject to the New York Department of State approval process and subject to the security interest of MCB.

19. The defendants argue that the July 1, 2021 auction was commercially unreasonable because the Waterview Membership Interest was sold to WPH Properties, the secured party, at a low price. But as fully explained in the accompanying memorandum of law, the N.Y.U.C.C. expressly forecloses that argument where, as here, the sale is commercially reasonable in all other respects. *See* accompanying Memorandum of Law in Opposition to Defendants' Motion for a Preliminary Injunction dated November 11, 2021, at 8.

### If the Court grants an injunction, Jozefovic should be required to post a $5.3 million bond

20. Rule 65(c) of the Federal Rules of Civil Procedure provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

21. The defendants will no doubt argue that under Fed. R. Bankr. P. 7065, "a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee or debtor in possession without compliance with [Fed. R. Civ. P.] 65 (c)." That rule does not apply here, however, because Jozefovic, who is not the debtor, the trustee or the debtor in possession. Thus, even though the order to show cause by which the interim relief was granted loosely refers to the injunction being sought on behalf of "defendants and third-party plaintiffs," which would include the bankruptcy debtor, HBL, the true applicant for the preliminary injunction here is Jozefovic, because the asset at issue here - Jozefovic's membership interest in Waterview - belongs to him alone. HBL has no stake in that interest. There is, therefore, no basis in this commercial case between two sophisticated parties, upon which this Court can dispense with the security requirement against Jozefovic.

22. Here, HBL SNF, LLC and Jozefovic have defaulted under the Pledge Agreement by, among other defaults, failing to post $3.7 million in security by cash or letter of credit and additional security in the amount of $1.6 million in cash as required by the Lease. In order for the amount of the bond to be rationally related to the damage suffered by WPH Properties if the Court grants a preliminary injunction, the amount of the bond posted by Jozefovic must be equal to the portion of the security deposit HBL and Jozefovic were required to make. Otherwise, the Court's order leaves WPH Properties exposed for HBL's further defaults under the Lease. Jozefovic has

also failed to deposit the remaining amount of the security deposit in the amount of $3.7 million.

23. The security must also be sufficient to protect WPH Properties against the risk that the Waterview Membership Interest becomes worthless. WPH Properties currently has no financial information whatever concerning Waterview or the value of Jozefovic's Waterview Membership Interest upon which to base the amount of an undertaking and therefore currently has no basis upon which to determine the amount of an appropriate undertaking.

24. The undertaking must also be sufficient to cover all WPH Properties' anticipated attorneys' fees and costs, which are recoverable as damages for a successful effort to vacate a preliminary injunction. *Shu Yiu Louie v. David & Chiu Place Rest., Inc.*, 261 A.D.2d 150, 152 (1st Dep't 1999).

25. WPH Properties requests, therefore that if the Court grants injunctive relief, it set the amount of the bond at $5.3 million, that if the Court were to consider a bond in a different amount the Court require Jozefovic provide to the Court and WPH Properties, before granting the preliminary injunction, documents and information upon which the value of the Waterview Membership Interest can be determined and that the Court allow WPH Properties to make a subsequent submission to the Court concerning the appropriate amount of an undertaking, including an estimate of legal fees WPH Properties will incur as part of a successful effort to vacate the injunction.

I hereby declare that the information contained in this declaration is true and correct.

Dated: White Plains, New York
November 10, 2021

_____
Alfred E. Donnellan