UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,<br><br>Plaintiff,<br>- against -<br><br>HBL SNF, LLC, LIZER JOZEFOVIC A/K/A LIZER JOZOFOVIC and MARK NEUMAN,<br><br>Defendants and Third-Party Plaintiff,<br><br>- against -<br><br>CCC EQUITIES, LLC, PROJECT EQUITY CONSULTING, THE CONGRESS COMPANIES, HOWARD FENSTERMAN, and WILLIAM NICHOLSON,<br><br>Third-Party Defendants. | Removed from the Supreme Court of the State of New York, Westchester County<br><br>Adv. Proc. No. 21-07096 (SHL)<br><br>**DECLARATION OF NELIDA LARA IN OPPOSITION** |
| LIZER JOZEFOVIC,<br><br>Plaintiff,<br>- against -<br><br>WHITE PLAINS HEALTHCARE PROPERTIES I, LLC, HOWARD FENSTERMAN, and METROPOLITAN COMMERCIAL BANK,<br><br>Defendants. | |

Pursuant to 28 U.S.C. section 1746, Nelida Lara declares as follows:

1. I am a partner of the law firm of DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, lead counsel for White Plains Healthcare Properties I, LLC ("WPH Properties"), CCC Equities, LLC, Project Equity Consulting, The Congress Companies, Howard Fensterman and William Nicholson in the above referenced consolidated actions.

2. I write this declaration to memorialize the public auction sale of the 71%

1

membership interest in Waterview Acquisition I, LLC, which took place on July 1, 2021 at the law offices of DelBello Donnellan Weingarten Wise & Wiederkehr, LLP.

3. The public auction commenced approximately at 10:25 a.m. An attendance sheet was signed by the following individuals who were present:

    a. Edward A. Smith, authorized agent of White Plains Healthcare Properties I, LLC ("WPH Properties");

    b. Robert A. Spolzino, Abrams Fensterman, co-counsel for WPH Properties;

    c. Mark Frimmel, Michelman & Robinson, counsel for HBL SNF, LLC, Lizer Jozefovic and Mark Neuman;

    d. Joe Jozefovic, Epic Management;

    e. Alfred Donnellan, DelBello Donnellan, co-counsel for WPH Properties;

    f. Nelida Lara, DelBello Donnellan, co-counsel for WPH Properties;

    g. Robert Malatak, Windels Mark, counsel to Metropolitan Commercial Bank.

4. Mr. Donnellan distributed the Terms Sheet describing the terms of sale to those present and waited for everyone to read the document. Mr. Donnellan then asked if those present agreed to waive the reading of the Term Sheet.

5. Mr. Malatak clarified that he was not consenting on behalf of his client to the auction sale; Mr. Donnellan confirmed that he was not asking Mr. Malatak to consent to the auction sale but only to agree to waive the reading of the Term Sheet to save time.

6. Mr. Malatak and all others present agreed to waive the reading of the Term Sheet.

7. Mr. Donnellan then announced that the auction sale would be conducted pursuant to the notice that was published of the secured party public auction of 71% of the membership interest in Waterview Acquisition I, LLC.

8. Mr. Donnellan further noted that the auction sale consisted of all right, title, and

interest of Lizer Josefovic as a member in Waterview Acquisition I, LLC as such Collateral is described in that certain Collateral Assignment and Pledge of Membership Interest and Security Agreement, dated August 11, 2017, made by and between Lizer Josefovic and Howard Fensterman, as nominee for White Plains Health Care Properties, LLC, as such agreement may have been further amended or modified from time to time.

9. Mr. Donnellan also noted that the membership interest would be sold pursuant to the terms as described in the Term Sheet that was distributed in hard copy to all those present, and made available to anyone who previously inquired about the sale. Mr. Donnellan noted again that those present had agreed to waive the reading of the Term Sheet.

10. Mr. Donnellan opened the bidding for the sale of the membership interest and asked if any of the present parties wished to place a bid.

11. Mr. Smith placed a bid on behalf of White Plains Healthcare Properties I, LLC for the 71% membership interest in the amount of one hundred dollars ($100.00).

12. Mr. Donnellan then asked if there were any additional bids. No other bids were offered; no comments or objections were made at this time.

13. Mr. Donnellan stated that, with no additional bids being offered, the 71% membership interest was being sold to White Plains Healthcare Properties I, LLC in the amount of one hundred dollars ($100.00).

14. Mr. Donnellan asked Mr. Smith to execute the memorandum of sale on behalf of White Plains Healthcare Properties I, LLC. Mr. Smith then proceeded to execute the memorandum of sale.

15. Mr. Donnellan noted that the bid was made by the secured party so that, pursuant to the terms of sale as reflected in the Term Sheet, no deposit was required. Mr. Donnellan

confirmed with Mr. Smith that the one-hundred-dollar ($100.00) bid was a credit toward the amount of the debt owed by Lizer Josefovic.

16. Mr. Donnellan then concluded the auction at approximately 10:34 a.m.

I hereby declare that the information contained in this declaration is true and correct.

Dated: White Plains, New York
      November 10, 2021

*Nelida Lara* (signature)
Nelida Lara