UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,<br><br>                                 Plaintiff,<br><br>      – against –<br><br>HBL SNF, LLC, LIZER JOZEFOVIC A/K/A LIZER JOZOFOVIC and MARK NEUMAN,<br><br>          Defendants and Third-Party Plaintiff,<br><br>      – against –<br><br>CCC EQUITIES, LLC, PROJECT EQUITY CONSULTING, THE CONGRESS COMPANIES, HOWARD FENSTERMAN, and WILLIAM NICHOLSON,<br><br>            Third-Party Defendants. | Removed from the Supreme Court of the State of New York, Westchester County<br><br>Adv. Proc. No. 21-07096 (SHL) |
| LIZER JOZEFOVIC,<br><br>                                 Plaintiff,<br><br>      – against –<br><br>WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,<br>HOWARD FENSTERMAN, and METROPOLITAN COMMERCIAL BANK,<br><br>                 Defendants. | |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND AND FOR DECLARATORY JUDGMENT

**BINDER & SCHWARTZ**
366 Madison Avenue, 6th floor
New York, New York 10017
Tel.: (212) 510-0708

- and -

**DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP**
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Tel.: (914) 681-0200

- and -

**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**
81 Main Street, Suite 306
White Plains, New York 10601
Tel: (914) 607-7010

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………………...ii

PRELIMINARY STATEMENT……………………………………………………………………1

COUNTER STATEMENT OF FACTS……………………………………………………………..1

ARGUMENT………………………………………………………………………………………...5

      I.      THERE IS NO ENFORCEABLE OPTION TO PURCHASE
              REAL PROPERTY BECAUSE THE ENTIRE LEASE
              TERMINATED ONE YEAR AND NINE MONTHS PRIOR
              TO HBL'S PURPORTED EXERCISE OF THE OPTION………………………5

      II.     WPH PROPERTIES PROPERLY TERMINATED THE LEASE………………8

CONCLUSION…………………………………………………………………………………………9

# TABLE OF AUTHORITIES

Case(s):                                                                                                    Page(s):

*455 Dumont Assoc., LLC v. Rule Realty Corp.*,
    180 A.D.3d 735, 738 (2d Dept. 2020)…………………………………….…………6

*Adduci v. 1829 Park Place, LLC,*
    176 A.D.3d 658, 659 (2d Dept. 2019)…………………………………….…………5

*Alsens American Portland Cement Works v. Degnon Contracting. Co.*,
    222 N.Y. 34, 37 (1917)………………………………………………………8

*Beacon Terminal Corp. v. Chemprene, Inc.*,
    75 A.D.2d 350, 355-56 (2d Dep't 1980)…………………………………...………8

*Bennies Buddies, Inc. v. Lazarian Soc. for Animals of Congregation Bros. of St. Lazarus*,
    40 A.D.3d 1330, 1332 (3d Dept. 2007)…………………………………...………6

*Cohen v. Nonoo,*
    101 Misc.2d 1037 (Sup. Ct. N.Y. Co. 1979). …………………………….………7

*Curry Rd. Ltd. v. Rotterdam Realties Inc.*,
    195 A.D.2d 780, 780-81 (3d Dept. 1993)……………………………………8

*Fanek v. Dutchess Properties, LLC,*
    34 A.D.3d 722 (2d Dept. 2006)…………………………………………...………6

*Galapo v. Feinberg,*
    266 A.D.2d 150 (1st Dept. 1999)……………………………………….………6, 7

*Jefpaul Garage Corp. v. Presbyterian Hosp.*,
    61 N.Y.2d 442, 446 (1984)……………………………………………...………9

*Johnnies Pelham Rd. Serv., Inc. v. Thomas,*
    26 A.D.3d 414, 416 (2d Dept. 2006)……………………………………...………6

*Kaur v. Lema,*
    187 A.D.3d 870 (2d Dept. 2020)……………………………………….…………5

*Ravnikar v. Skyline Credit-Ride, Inc.*,
    79 A.D.3d 1118, 1119 (2d Dept. 2010)…………………………...……………5

*Rudman v. Cowles Communications*,
    30 N.Y.2d 1, 13 (1972)………………………………………………………8

*Sharper Properties Enterprises, Inc. v. Hubbard Sand & Gravel, Inc.*,
    12 A.D.3d 494, 495 (2d Dept. 2004)..……………………………………..………………7

*Sullivan v. Brevard Associates*,
    66 N.Y.2d 489, 495 (1985)…………………………………………..…………………9

*Tavor v. Lane Towers Owners, Inc.*,
    197 A.D.3d 584 (2d Dept. 2021)……………………………………..…………………5

Statutes:

CPLR § 3001…………………………………………………………………...…………………1, 9

CPLR § 3025(b)…………………………………………………………...……………………1, 5, 9

## PRELIMINARY STATEMENT

White Plains Healthcare Properties I, LLC ("WPH Properties"), CCC Equities, LLC, Project Equity Consulting, The Congress Companies, Howard Fensterman and William Nicholson respectfully submit this memorandum of law in opposition to the motion of defendants and third-party plaintiffs HBL SNF, LLC ("HBL"), Lizer Jozefovic a/k/a Lizer Jozofovic ("Jozefovic") and Mark Neuman ("Neuman") (collectively, the Defendants) that was filed in Westchester County, Supreme Court, on October 25, 2021 for an order pursuant to CPLR § 3025(b) for leave to amend their answer and declaratory judgment pursuant to CPLR § 3001. (State Court Index No. 60278/2020, Motion #8, *see,* NYSCEF Doc. #s 262 to 271).

Defendants' proposed amendment of the answer relates solely to a counterclaim by HBL for declaratory judgment to enforce an option to purchase contained in the commercial lease at issue in this litigation (the "Lease"). Defendants' motion should be denied because the option to purchase was extinguished when the Lease was terminated by WPH Properties back in January 2020, some twenty-one months prior to when HBL purportedly sought to exercise the option.

## COUNTER STATEMENT OF FACTS

HBL's attempt to exercise the option to purchase (the "Option") occurred one year and nine months after WPH Properties terminated the Lease as a result of HBL's multiple defaults and as permitted under the Lease. (Declaration of Nelida Lara dated November 19, 2021 ("Lara Decl.") Ex. 1, Reply Declaration of Alfred E. Donnellan dated November 5, 2021 ("Donnellan Reply Decl."), Ex. A thereto). On August 19, 2021, WPH Properties filed a motion for summary judgment (State Court Index No. 60278/2020, Motion #6; see NYSCEF Doc. #s 183 to 230 and 236 to 255). The reply memorandum of law and supporting reply declarations with exhibits filed in connection with the summary judgment motion address HBL's challenge to WPH Properties'

1

termination of the Lease and the reply documents are incorporated to this motion as Exhibits 1, 2, 3 and 4 to the Declaration of Nelida Lara dated November 19, 2021 for the Court's reference.

Section 16.1 of the Lease defines the various events that will render Tenant to be in default which include failure to pay any installment of rent (16.1(i)), Tenant's failure to promptly and fully perform any of Tenant's obligations or agreements under the Lease within thirty (30) days of receipt of written notice from Landlord of such default (16.1(i)), among others. (Lara Decl. Ex. 5 at 50). In the event of a Tenant Default as defined therein, Section 16.1 states that Landlord may "forthwith" terminate the Lease upon five (5) days written notice. (*Id.*)

Among the many events of default that entitle WPH Properties to terminate the Lease are HBL's: (1) failure to pay security deposits, (2) failure to pay rent, (3) failure to pay real estate taxes, (4) failure to pay utility charges, utility deposits and municipal maintenance escrows, (5) failure to deliver certificates of insurance, (6) failure to deliver Medicare, Medicaid and other provider agreements, reimbursement rate sheets and updated rate sheets, (7) failure to deliver financial and operational reporting, (8) failure to pay holdover rent, and (9) failure to pay accelerated rent. (Lara Decl. Ex. 1, Donnellan Reply Decl., Ex A thereto; *see also,* NYSCEF Doc. # 230 at 2-7).

By letter dated January 7, 2020, WPH Properties sent a notice of termination to HBL outlining eleven specific events of default by HBL. (Lara Decl. Ex. 1, Donnellan Reply Decl., Ex A thereto). The notice of termination was executed by WPH Properties and its counsel and complied with all notice requirements under Section 13.1 of the Lease. (Lara Decl. Ex. 5 at 43).

In its opposition to WPH Properties' motion for summary judgment (NYSCEF Doc. #s 236 to 255), HBL attempts to challenge the termination of the Lease. Those arguments are meritless as addressed fully in WPH Properties' reply brief in further support of its motion for

2

summary judgment. (Lara Decl. Ex. 4 at 1 - 8). The following is a summary of the relevant points addressed in the reply brief.

First, HBL argues that WPH Properties' loan agreement with its construction lender, Security Benefit Corporation ("Security Benefit"), provides that the lease would not be terminated without Security Benefit's consent; however, that provision does not somehow prohibit WPH Properties from terminating the lease on account of HBL's defaults. (NYSCEF Doc. # 255, Memorandum of law in opposition to motion for summary judgment and in support of motion to strike dated October 25, 2021, at 10-11 (the "S.J. Def. Br."); *see also,* NYSCEF Doc. # 242, Jozefovic Aff., Ex. F, § 3.5(vi)). The tenant, HBL, is not a party to the loan agreement, nor are any of the other defendants. The loan agreement provides that "[t]he Loan Documents are for the sole benefit of Lender and Borrower and are not for the benefit of any third party." (NYSCEF Doc. # 242, Jozefovic Aff., Ex. F, § 7.3). Nor do the loan agreement and the lease "constitute an integrated agreement with both White Plains and HBL bound to the terms of the Loan Agreement." (NYSCEF Doc. # 255, S.J. Def. Br., at 10). The loan agreement is between WPH Properties and Security Benefit and is dated August 18, 2017. (NYSCEF Doc. # 242, Jozefovic Aff., Ex. F). The parties to the lease are WPH Properties and HBL. The original lease is dated 2015 and the amended lease that is currently in effect is dated November 19, 2019. (Lara Decl. Ex. 4 at 6, Ex. 5 and NYSCEF Doc. # 209, Affidavit of William Nicolson dated August 18, 2021 (the "Nicholson Aff."), Ex. 35).

Second, WPH Properties did not waive any breaches of the lease. (NYSCEF Doc. # 255, S.J. Def. Br., at 11-13). The parties entered into the letter of intent when HBL defaulted within weeks of taking possession. Its purpose was to resolve HBL's defaults without terminating the Lease. (Lara Decl. Ex. 4 at 6-7 and NYSCEF Doc. # 196, Nicholson Aff., ¶¶ 19-21). The letter

of intent expressly provides that "[t]he parties shall remain as Landlord and Tenant pursuant to the existing Lease until such time as the Transaction closes." (Lara Decl. Ex. 4 at 7 and NYSCEF Doc. # 202, Ex. 17, ¶ 1(h)). It thus requires HBL to comply with all of the terms of the Lease, except insofar as they had been modified by the letter of intent. And while the letter of intent does include a waiver provision, that provision provides only for waivers by the tenant, HBL, not by WPH Properties. (Lara Decl. Ex. 4 at 7 and NYSCEF Doc. # 202, Ex. 17, ¶ 8).

WPH Properties' decision to postpone declaring a default under the Lease to allow the parties time to attempt to resolve HBL's default was not a waiver.

Additionally, the parties entered into a pre-negotiation agreement which expressly provides:

> The Parties agree that neither party will incur any obligation or liability or waive any rights, remedies, claims and/or defenses by virtue of the commencement, continuance or termination of the Discussions, or the passage of time associated with the Discussions unless and until a Settlement Agreement is executed and delivered by the Parties, and then only to the extent provided in the Settlement Agreement.

(Lara Decl. Ex. 1, Donnellan Reply Decl., Ex. C thereto).

In any event, the express provisions of the Lease foreclose Defendants' argument that there was an implied waiver of the Lease defaults. The Lease provides that:

> Neither any failure nor any delay on the part of any party hereto in insisting upon strict performance of any term condition, covenant or agreement, or exercising any right, power, remedy or privilege hereunder, or any other document or instrument entered into or delivered in connection herewith or pursuant hereto, shall operate s or constitute a waiver thereof, nor shall a single or partial exercise thereof preclude any other future exercise, or the exercise of any other right, power, remedy or privilege. . . .

(Lara Decl. Ex. 4 at 6 and Ex. 5, § 20.3). And Section 20.2 of the Lease forecloses implied waivers by conduct by requiring that any waiver be in writing. (Lara Decl. Ex. 4 at 6 and Ex. 5, § 20.2) ("No waiver shall be effective unless set forth in writing and signed by the party against

4

whom such waiver is asserted.").

HBL's motion for leave to amend fails because the option to purchase contained in the Lease expired when WPH Properties terminated the Lease pursuant to Section 16.1 back in January 7, 2020.

**ARGUMENT**

While leave to amend a pleading should be freely given (*see*, CPLR 3025 (b)), leave will be denied if the proposed amendment "(1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit." *Kaur v. Lema*, 187 A.D.3d 870 (2d Dept. 2020) (affirming denial of motion to amend); *Tavor v. Lane Towers Owners, Inc.*, 197 A.D.3d 584 (2d Dept. 2021) ("The amendments sought were palpably insufficient or patently devoid of merit."). The decision as to whether to grant such leave is generally left to the broad discretion of the trial court. *Ravnikar v. Skyline Credit-Ride, Inc*., 79 A.D.3d 1118, 1119 (2d Dept. 2010) (affirming denial of motion to amend); *Adduci v. 1829 Park Place, LLC,* 176 A.D.3d 658, 659 (2d Dept. 2019) (affirming denial of motion to amend). Here, the amendment sought by Defendants is palpably insufficient or patently devoid of merit.

**I.    THERE IS NO ENFORCEABLE OPTION TO PURCHASE REAL PROPERTY BECAUSE THE ENTIRE LEASE TERMINATED ONE YEAR AND NINE MONTHS PRIOR TO HBL'S PURPORTED EXERCISE OF THE OPTION.**

HBL states that its default does not preclude it from exercising the Option but its emphasis on the Option allegedly being "silent as to default" is misplaced. (NYSCEF Doc. # 266, Memorandum of law in support of motion for leave to amend pleadings and for declaratory judgment dated October 25, 2021, "Leave to Amend Def. Br.", at 2). Regardless of whether or not the Option was contingent on HBL being compliant with its terms, the Lease was terminated long before the alleged exercise of the Option and, therefore, the Option expired and was no

5

longer enforceable. *Fanek v. Dutchess Properties, LLC*, 34 A.D.3d 722 (2d Dept. 2006) (Affirming dismissal of action to compel specific performance of a purchase option because "the defendant demonstrated, prima facie, both that the lease had been terminated and that the purchase option had not been exercised in accordance with the terms and conditions of the lease[.]"); *455 Dumont Assoc., LLC v. Rule Realty Corp.*, 180 A.D.3d 735, 738 (2d Dept. 2020) ("The tenant did not exercise its option to purchase the subject property before the lease was terminated. Thus, the tenant could no longer exercise the option to purchase, which terminated with the lease."); *see also, Johnnies Pelham Rd. Serv., Inc. v. Thomas*, 26 A.D.3d 414, 416 (2d Dept. 2006) ("Since the entry of the order appealed from, however, the lease has expired, and with it the plaintiff's right of first refusal. Accordingly, the injunctive relief sought, although correctly granted by the Supreme Court at the time of the order appealed from, has been rendered academic by the expiration of the lease and is no longer warranted in the interest of judicial economy.").

The Option is not an extraneous agreement that exists independently from the Lease. This is evidenced by the fact that Section 3.8 ties the commencement of the Option with the Commencement Date of the Lease, and also ties the expiration of the Option with the fifteenth Lease Year as defined therein. (Lara Decl., Ex. 5 at 10). *See, Bennies Buddies, Inc. v. Lazarian Soc. for Animals of Congregation Bros. of St. Lazarus*, 40 A.D.3d 1330, 1332 (3d Dept. 2007) ("As the purchase option was confined to the term of the lease, Supreme Court correctly concluded that the termination of the lease also terminated the option."). With the Lease terminated, there would be no way of determining when the fifteenth Lease Year occurs.

The cases cited by HBL relating to default provisions are distinguishable. The *Galapo v. Feinberg* case only made reference to a specific provision in the lease at issue there stating that

the right to purchase was accorded only on condition that the tenant had not defaulted but the case does not stand for the general proposition that Courts will only require tenants to be in compliance with a lease if the option specifically requires it. (NYSCEF Doc. # 266, Leave to Amend Def. Br. at 2); *Galapo v. Feinberg*, 266 A.D.2d 150 (1st Dept. 1999). What the court in *Galapo* did find was that "an option to purchase contained in a lease is, unless expressly reaffirmed in a subsequent lease or extension thereof, only valid during the term of the original lease, which, in this case, had expired. Plaintiff, therefore, no longer had any right to purchase at the time that he purported to exercise the option[.]" *Id*. 150-51 (internal citations omitted).

The only case from the Appellate Division, Second Department cited by HBL, *Sharper Properties Enterprises, Inc. v. Hubbard Sand & Gravel, Inc.*, makes a vague reference to an unspecified "alleged default" as not impairing the tenant's ability to exercise the option at issue there. *Sharper Properties Enterprises, Inc. v. Hubbard Sand & Gravel, Inc.*, 12 A.D.3d 494, 495 (2d Dept. 2004). (NYSCEF Doc. # 266, Leave to Amend Def. Br. at 3). However, the determining factor is not HBL's defaults but that the Lease was terminated by WPH Properties. Likewise, the non-binding trial court decision in *Cohen v. Nonoo*, rendered a decision only based on a default and not a termination of the lease. *Cohen v. Nonoo*, 101 Misc.2d 1037 (Sup. Ct. N.Y. Co. 1979); (NYSCEF Doc. # 266, Leave to Amend Def. Br. at 2).

In fact, the *Cohen* court did recognize that had the lease been terminated, the option would then be extinguished. *Id*. at 1041. ("The late payments of rent, or the existence of a rent-payment default did not automatically terminate this lease. It merely provided the grounds to enable the defendants to commence a proper proceeding to procure a judicial determination effectuating a lease termination. A termination of the leasehold via a judicial determination based upon the rent default would have concomitantly extinguished the option.") (internal citation

1615940
0181960-001

omitted). So did the court in *Curry Rd. Ltd. v. Rotterdam Realties Inc.*, (NYSCEF Doc. # 266, Leave to Amend Def. Br. at 3) stating that "the lease at bar provides that in the event of any default, upon written notice thereof, the landlord may terminate the lease. Defendants did not give written notice of the alleged default and cannot, therefore, use default as a reason to deny the plaintiff's rights under the lease, including the plaintiff's option to purchase." *Curry Rd. Ltd. v. Rotterdam Realties Inc.,* 195 A.D.2d 780, 780-81 (3d Dept. 1993) (internal quotations omitted).

## II.    WPH PROPERTIES PROPERLY TERMINATED THE LEASE.

Security Benefit's consent does not preclude WPH Properties's termination of the Lease. Defendants attempt to argue that the loan agreement and the Lease "constitute an integrated agreement with both White Plains and HBL bound to the terms of the Loan Agreement." (NYSCEF 255, S.J. Def. Br., at 10). But the loan agreement and the Lease are among different parties and were executed years apart. As a matter of law, agreements between different parties executed years apart are not integrated agreements. *See, Rudman v. Cowles Communications*, 30 N.Y.2d 1, 13 (1972) ("Recognizing that the agreements involved formally different parties, and actually executed on different dates . . .  the conclusion of separateness becomes all but inescapable.").

Under the express terms of the Lease and as a matter of law, WPH Properties did not waive any breaches of the lease. "A waiver is an intentional abandonment or relinquishment of a known right or advantage which, but for such waiver, the party would have enjoyed. . . . It is essentially a matter of intention. Negligence, oversight, or thoughtlessness does not create it." *Beacon Terminal Corp. v. Chemprene, Inc.*, 75 A.D.2d 350, 355-56 (2d Dept. 1980) (quoting *Alsens American Portland Cement Works v. Degnon Contracting. Co.*, 222 N.Y. 34, 37 (1917)).

New York courts have routinely enforced nonwaiver clauses contained in leases. *Jefpaul Garage Corp. v. Presbyterian Hosp*., 61 N.Y.2d 442, 446 (1984) (In upholding nonwaiver clause, Court stated that "[i]ts language is clear and unambiguous. The parties having mutually assented to its terms, the clause should be enforced to preclude a finding of waiver of the conditions precedent to renewal."). Given the nonwaiver clause in the lease, the written waiver requirement and the indisputable fact WPH Properties conduct did not evince the "intentional relinquishment of abandonment of a known right," the defendants' waiver argument must fail.

Finally, WPH Properties' post-default acceptance of rent did not result in a waiver of HBL's defaults. *Sullivan v. Brevard Associates*, 66 N.Y.2d 489, 495 (1985) ("[B]y accepting her rent checks Brevard did not waive its right to contest Susan's continued occupancy. There is no evidence that, by simply accepting her checks, Brevard intended to relinquish a known right.").

## CONCLUSION

For all of these reasons, WPH Properties respectfully requests that Defendants motion for order pursuant to CPLR § 3025(b) granting Defendants leave to amend its answer and declaratory judgment pursuant to CPLR § 3001 be denied in its entirety and that the Court award such other relief as it deems just.

1615940
0181960-001

Dated: White Plains, New York
        November 19, 2021

Respectfully submitted,

**BINDER & SCHWARTZ**

By: /s/ Eric B. Fisher
     /s/ Lindsay A. Bush
Eric B. Fisher
Lindsay A. Bush
366 Madison Avenue, 6th floor
New York, New York 10017
Tel.: (212) 510-0708

**DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP**

By: /s/ Alfred E. Donnellan
Alfred E. Donnellan
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Tel.: (914) 681-0200

**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
FORMATO, FERRARA, WOLF & CARONE, LLP**

By: /s/ Robert A. Spolzino
Robert A. Spolzino
81 Main Street, Suite 306
White Plains, New York 10601
Tel.: (914) 607-7010

*Counsel for plaintiff White Plains Healthcare Properties I, LLC and third-party defendants CCC Equities, LLC, Project Equity Consulting, The Congress Companies, Howard Fensterman and William Nicholson*

10