# Exhibit 2 to Lara Declaration

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,<br><br>                                                 Plaintiff,<br>– against –<br><br>HBL SNF, LLC, LIZER JOZEFOVIC A/K/A LIZER JOZOFOVIC and MARK NEUMAN,<br><br>           Defendants and Third-Party Plaintiff,<br><br>– against –<br><br>CCC EQUITIES, LLC, PROJECT EQUITY CONSULTING, THE CONGRESS COMPANIES, HOWARD FENSTERMAN, and WILLIAM NICHOLSON,<br><br>                                   Third-Party Defendants. | Removed from the Supreme Court of the State of New York, Westchester County<br><br>21 Civ. 9048 (PMH)<br><br>**REPLY DECLARATION OF EDWARD O. TABOR** |

Pursuant to 28 U.S.C. § 1746, Edward O. Tabor declares as follows:

1. I am the Chief Financial Officer of third-party defendant The Congress Companies, which provides management and other services to its affiliate, plaintiff White Plains Healthcare Properties I, LLC ("WPH Properties"). I submit this declaration in further support of the motion of WPH Properties for summary judgment and to dismiss the counterclaims and third-party claims asserted by defendants/third-party plaintiffs, HBL SNF, LLC ("HBL"), Lizer Jozefovic ("Jozefovic") and Mark Neuman (collectively, the "defendants"). I am fully and personally familiar with the matters stated in this declaration.

2. The defendants' assertions that HBL did not default under the lease are incorrect and completely unsupported by the evidence.

3. First, contrary to the defendants' claims, HBL defaulted under the lease by failing to pay the required security deposits. The basis for the defendants' default is fully set forth in the

memorandum of law by plaintiffs and third-party defendants in support of their motion for summary judgment dated August 18, 2021 (the "Pl. br." or the "Plaintiffs' brief"). The lease expressly defines the failure to provide the security deposit as a material breach of the lease. Affidavit of William A. Nicholson dated August 18, 2021 (the "Nicholson aff."), ex. 12, Schedule 3.1, §16.1(xxvi). The failure to provide the required security deposits alone is a material default under the lease. Pl. br., at 6.

4. Second, the lease obligated HBL to pay an annual fixed rent of $6,073,158 in monthly installments of $506,096.50 and other amounts that are defined as "Additional Rent." Nicholson aff., ex. 12, § 3.2. The defendants' claim that HBL timely paid the required rent every month, Affidavit of Lizer Jozefovic dated October 25, 2021 (the "Jozefovic aff." or "Jozefovic affidavit"), ¶ 66, is false. The Jozefovic affidavit attaches a copy of wire transfer records for the time period November 18, 2019 through September 2020 showing HBL's fixed rent payments. Jozefovic aff., ex. K. The wire transfer records do nothing more than corroborate WPH Properties' records detailing the amounts due for rent and the payments received. Affidavit of Edward O. Tabor dated August 18, 2021, ex. 25. In particular, the wire transfer records attached to the Jozefovic affidavit confirm that HBL defaulted by paying fixed rent late every month from November 18, 2019 through September 4, 2020, except February 2020 and July 2020. That is fully consistent what is shown in the records attached to the Tabor affidavit. Tabor affidavit, ex. 25.

5. The records attached to the Tabor affidavit also indicate that HBL defaulted by paying rent late in every month from October 2020 through July 2021, except May 2021. Tabor aff., ex. 25. The defendants have offered no evidence disputing that.

6. Third, while the defendants do not contest that HBL continues to occupy the facility, HBL has failed to pay holdover rent due after termination of the lease from February 1, 2020

2

through the current date. Tabor aff., ¶ 13 & ex. 12. In opposition to the motion, the defendants have failed to submit any evidence showing payment of the holdover rent. The defendants only purported defense to the holdover rent is that the lease has not been terminated. Pl. br., at 6-7. , That is false, for the reasons stated in the declaration of William Nicholson and the accompanying memorandum of law.

7.      Fourth, the defendants are liable for accelerated rent, Tabor aff., ¶¶ 14-15, but have not submitted any evidence showing that HBL has paid it. In support of the motion, WPH Properties submitted a chart showing the amount of the accelerated rent owed by HBL, consisting of the net present value of remaining monthly rent payments due under the lease discounted at a rate of six percent per year. Tabor aff., ¶ 16 & ex. 27. The defendants assert, falsely, only that the accelerated rent is not owed because the lease has not been terminated. And defendants have not submitted any evidence disputing WPH Properties' calculation of the accelerated rent. Pl. br., at 6-7.

8.      Fifth, the lease obligates HBL to pay, before penalties are incurred, all real estate taxes, assessments and other taxes. Nicholson aff., ex. 12, § 4.2. My earlier affidavit correctly states that HBL had failed to timely pay real estate taxes for fiscal year 2020 (December 2019 through June 2020). Tabor aff., ¶ 31 & ex. 38. Jozefovic asserts in his affidavit that "HBL has paid all applicable real estate taxes for the Facility," but relies on a tax bill and check showing the payment of real estate taxes for *the 2021 fiscal year* (July 1, 2020 through December 31, 2020). These documents are for a completely different time period and do not refute in any way WPH Properties' claim that HBL failed timely to pay real estate taxes for the 2020 fiscal year.

9.      Sixth, as stated in the Tabor affidavit, HBL defaulted under the lease by failing to pay utility charges to Con Edison and failing to pay utility deposits and municipal maintenance

escrows totaling $71,472.69. WPH Properties has been reimbursed for a portion of the deposits in the amount of $41,175.00 and, therefore HBL, is obligated to pay WPH Properties $35,921.44. Tabor aff., ¶ 32 & ex. 33. The Jozefovic affidavit alleges that HBL has paid all applicable utility charges and deposits and municipal maintenance escrows. Jozefovic aff., ¶ 94. The Jozefovic affidavit attaches *unpaid* Con Edison bills from December 2019, but the defendants have submitted no evidence to support their conclusory claim that these or any other utility charges, deposits and municipal maintenance escrows have been paid. Jozefovic aff., ex. M

10. Seventh, HBL is required by the lease to deliver certificates of insurance showing that each type of insurance required under Article VI of the lease is in full force and effect and not cancelable or modifiable without thirty (30) days prior written notice to WPH Properties. Tabor aff., ¶ 33; Nicholson aff., ex. 12, § 6.2. HBL failed to provide any certificates of insurance until January 2020 and July 2020. Tabor aff, ¶ 32 & ex. 39. My earlier affidavit sets forth a detailed itemization of the deficiencies in these insurance certificates with reference to the lease requirements. Tabor aff., ex. 40. The Jozefovic affidavit alleges in conclusory fashion that HBL has "maintained the necessary types and amounts of insurance for the Facility" and purports to attach copies of the certificates of insurance. Jozefovic aff., ¶ 97 & ex. N. But the documents attached to the Jozefovic affidavit are not certificates of insurance at all. They consist of a provider agreement and a rate schedule. The defendants have therefore offered nothing whatever to rebut the evidence in the Tabor affidavit that the insurance certificates -- which HBL provided to WPH Properties late -- comply with the requirements of the lease.

11. Eighth, the lease requires HBL to deliver to WPH Properties all Medicare, Medicaid and other provider agreements, reimbursement rate sheets and updated rate sheets. Tabor aff., ¶ 35; Nicholson aff., ex. 12, §7.4(g) & (j). The Jozefovic affidavit alleges that HBL "has delivered"

the necessary provider agreements and rate sheets, Jozefovic aff., ¶ 98, and attaches the provider agreement for a Medicare Advantage program with Oscar Insurance Corp. (the "Oscar Insurance provider agreement") setting forth the rates for that plan and a document listing the Medicaid rates the New York State Medicaid program (the "NYS Medicaid Rates"). Jozefovic aff., exs. N & O. *These documents were never previously provided to WPH Properties*. Even assuming for the sake of argument that these are the only programs offered at the White Plains facility, providing WPH Properties with the provider agreements and rate sheets required under the lease in response to this motion, almost two years after HBL took occupancy of the facility, does not come close to complying with HBL's obligations under the lease and is clear evidence of the defendants' bad faith.

12. Ninth, HBL defaulted under the lease by failing to provide WPH Properties with the required financial and operational reporting. Tabor aff. ¶¶ 37-39 The Jozefovic affidavit asserts that HBL has delivered the financial and operational reporting required under the lease and purports to attach that reporting as exhibit O. Jozefovic aff., ¶ 98 & ex. O. But exhibit O consists only of the Oscar Insurance provider agreement and the NYS Medicaid Rates. It does not include any of the other financial and operational reporting required under the lease. Tabor aff., ¶ 37-39.

Dated:   Peabody, Massachusetts
           November 5, 2021

                                                  */s/ Edward O. Tabor*
                                                  Edward O. Tabor