

Eric B. Fisher
Binder & Schwartz LLP
366 Madison Avenue 6th Floor
New York, NY 10017

(T) 212.933.4551
(F) 212.510.7299
efisher@binderschwartz.com

November 23, 2021

**By ECF and Email**

The Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re: *White Plains Healthcare Properties I, LLC v. HBL SNF, LLC*,
Case No. 21-07096 (SHL)

Dear Judge Lane:

We write on behalf of White Plains Healthcare Properties I, LLC (the "Landlord") in connection with the above adversary proceeding (the "Action"). Consistent with Your Honor's instructions, we have met and conferred with counsel for HBL SNF, LLC (the "Debtor") concerning the schedule that should govern the fully submitted summary judgment motion in the Action. The parties have not reached agreement on the schedule, and so we write to set forth our view about how best to proceed.

The key issue on which this entire bankruptcy case turns is whether the Debtor is the holder of a lease (the "Lease") with the Landlord for operation of a long-term care facility at 116-120 Church Street in White Plains. At the center of the pending summary judgment motion is the question of whether the Lease was terminated by the Landlord in January 2020, long before this bankruptcy case was filed. It is our position that the plain language of the Lease permitted the Landlord to terminate the Lease due, among other things, to the undisputed failure to pay the required security deposit.

Given that resolution of the lease-termination issue is urgent and the other issues in the summary judgment motion are important, but less urgent, we propose to file a short supplemental brief not to exceed ten pages to focus the Court's attention solely on the issue of lease termination, relying exclusively on documents that already make up the Court record on the summary judgment motion. This approach is consistent with Fed. R. Civ. P. 56, which permits a party to identify "each claim or defense – or the part of each claim or defense – on which summary judgment is sought." We would then expect the Debtor to respond to our brief with a ten-page brief of its own, also limited to what is already in the summary judgment record. And the Landlord would then plan to submit a five-page reply.

We propose that the briefs be submitted according to the following schedule:

Hon. Sean H. Lane
November 23, 2021
Page 2

December 9, 2021 – Landlord brief

December 16, 2021 – Debtor brief

December 21, 2021 – Landlord reply brief

The limited facts that establish the default and the Landlord's proper termination of the lease as a matter of law are all within the Debtor's knowledge and, accordingly, no discovery is needed in connection with the motion. Nonetheless, to the extent that the Debtor believes it has any good faith argument under Fed. R. Civ. P. 56(d) that essential facts relevant to deciding lease-termination are exclusively within the Landlord's control, it is free to advance such an argument for the Court's consideration in its responsive brief. When the Action was pending before the state court, the Debtor was directed to assert its argument about the supposed need for discovery under section 3212(f) of the New York CPLR, which is analogous to Fed. R. Civ. P. 56(d). There is no reason to depart from that approach now.

Our proposal for how to proceed with the fully briefed motion is consistent with the posture in which the Court inherited this case upon its removal from Supreme Court, Westchester County. In contrast, the Debtor's proposal seeks delay through unnecessary discovery followed by an unwarranted opportunity for a "do over" of the summary judgment briefing. Accordingly, we respectfully request that the Court adopt the Landlord's proposal described above.

We thank the Court for its attention to this matter.

    Respectfully,
    /s/ Eric B. Fisher
    Eric B. Fisher

cc:    Counsel of Record (by ECF and email)