# MICHELMAN & ROBINSON, LLP
## ATTORNEYS AT LAW

**JOHN GIARDINO**

jgiardino@mrllp.com

**New York Office**

800 Third Avenue, 24th Floor

New York, NY 10022

**P** 212.730.7700 **F** 212.730.7725 www.mrllp.com

November 23, 2021

<u>Via ECF Filing</u>

Honorable Sean H. Lane
United States Bankruptcy Judge
United States Bankruptcy Court
300 Quarropas Street
White plains, New York 10601

>   *Re:  HBL SNF, LLC , d/b/a Epic Rehabilitation and Nursing at White Plains ("Debtor/Tenant")*
>   *Case No. 21-22623 (SHL)*

Dear Judge Lane:

We are proposed special counsel to the Debtor/Tenant in connection with the captioned adversary proceeding. Along with the Debtor/Tenant's proposed bankruptcy counsel, Klestadt Winters Jureller Southard & Stevens, LLP, we write to advise you that although counsel for the Landlord has agreed to additional briefing, we were unable to reach an agreement to allow for limited discovery prior to closing the record on Landlord's motion for summary judgment.

Our approach to pre-motion discovery has been and remains simple: allow forty-five (45) days for limited discovery on the issues that bear upon the determination of whether or not the Debtor/Tenant's commercial lease, the primary asset of the Debtor, was terminated properly, if at all. The Landlord has responded to our proposal by refusing to provide or participate in discovery of any kind.

Unfortunately, the Landlord's position today is the same as it has been since January 2020 when we first served a Notice to Produce, a set of Interrogatories, and Notices to Take Testimony of key witnesses. The Landlord has consistently refused to respond to any of our discovery demands and, to be clear, there has been <u>no discovery</u> in this litigation whatsoever.

Instead, the Landlord filed the pending motion for summary judgment in State Court despite express warnings from Supreme Court Justice Walsh that if she deemed discovery appropriate, she intended to deny the motion with prejudice and to preclude any future filing. In our opposition papers, we have raised and fully briefed the important issue of our right to proper discovery and of the prerequisites of CPLR Section 3212(f), which mirror the rights and requirements of Federal Rule 56(d) and Bankruptcy Rule 7056.

Honorable Sean H. Lane
United States Bankruptcy Judge
United States Bankruptcy Court
November 23, 2021
Page 2

      In making our reasonable proposal for limited discovery (see email attached), we identified a discrete group of issues that bear directly upon the issue of the alleged termination of the lease. Representative of these issues are:

1. the various defaults alleged by Landlord which give rise to the claim of termination;

2. the failure of the Landlord to act upon certain documents and undertakings presented to it by the Debtor/Tenant such as the $1.6M security deposit account;

3. the use and application of $5.4 million in the aggregate tendered to the Landlord by the Debtor/Tenant without any accounting from the Landlord;

4. the defaults by the Landlord under the terms of its mortgage loan agreement with Security Benefit which include, importantly, the failure to obtain the prior consent of Security Benefit before declaring a default or termination;

5. the January 7, 2020 notice of termination itself which addresses performance issues related to the planned sale transaction that remained under contract until May 31, 2020 and the fact that no similar notice was issued after the expiration of the sale period;

6. the waiver by the Landlord of certain undertakings upon which it relies when alleging default and termination; and

7. the waiver by the Landlord of the default and terminate themselves as the Landlord continued to collect rent, knew that the Debtor/Tenant was subsidizing operating losses, and negotiated financing contracts with the Debtor/Tenant.

      Importantly, the waiver issues are consistently recognized by the Courts solely as <u>fact issues</u>. We refer the Court not only to controlling New York Court of Appeals authority such as *Fundamental Portfolio Advisers Inc v. Tocqueville Asset Management L.P., 7 N.Y.3d 96, 817 N.Y.S.2d 606 (2006)*, but also to Second Circuit authority such as *Champion Spark Plug Co. v. Automobile Sundries Co. 273 F. 74 (2d Cir. 1921)*. The consideration of these factual issues which involve the <u>intentions</u> of the Landlord requires discovery.

      In short, the Debtor/Tenant has had no "reasonable opportunity for discovery" prior to the filing of the motion for summary judgment. We have briefed this issue in our opposition papers which are now before this Court. We have asked for limited discovery on the most critical issue impacting the Debtor's ability to reorganize. To deny this discovery, which we voluntarily agreed to limit and expedite, is improper and we seek the Court's direction to proceed as we propose.

Honorable Sean H. Lane
United States Bankruptcy Judge
United States Bankruptcy Court
November 23, 2021
Page 3

      The Debtor intends to submit a supplemental brief on the summary judgment motion to respond to factual inaccuracies first raised in the Landlord's reply brief and affirmations submitted in support thereof [DE 37, 37-1, 37-2, 37-3, and 38-40] and to address issues relating to bankruptcy that were not previously germane.

      We will be available on December 2nd to address these discovery issues with Your Honor and to discuss the schedule for further proceedings on Landlord's motion.

Respectfully yours,

**MICHELMAN & ROBINSON, LLP**

/s/John Giardino

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

/s/Tracy L. Klestadt

JG:ec

cc:    Eric Fisher, Esq.
        Alfred E. Donnellan, Esq.

| | |
|---|---|
| **From:** | John Giardino (NY) |
| **To:** | Alfred E. Donnellan |
| **Cc:** | Eric B. Fisher; Alex Barnett-Howell (NY); Emily Carlino (NY); Tracy Klestadt |
| **Subject:** | White Plains/HBL SNF Discovery Proposal |
| **Date:** | Thursday, November 18, 2021 3:20:19 PM |
| **Attachments:** | image327032.png |

Hello Al-

Listed below are the 20 document requests drawn from our Notice to Produce for which we are requesting responses.

Also, we are requesting two (2) depositions - Howard Fensterman and William Nicholson on the issue of the termination of the lease.

12. All Documents and Communications regarding Defendants' capital contributions to the Project.

13. All Documents and Communications regarding FF&E for the Project.

14. All Documents and Communications regarding Your obligation to provide Defendants with future credits against Lease payments.

17. All Documents and Communications regarding loans of $1,500,000 which were to be repaid to Defendants.

24. All Documents and Communications regarding the Facility commencing operations on or about September 30, 2019, as alleged in paragraph 13 of the Complaint.

25. All Documents and Communications regarding the calculation and payment of Fixed Rent and Additional Rent, as alleged in paragraphs 15, 16, and 39 of the Complaint.

26. All Documents and Communications regarding the calculation and payment of utilities, real estate taxes, assessments, utility charges, municipal maintenance escrows, and other taxes, as alleged in paragraphs 17, 18, 40, 41, 42, and 43 of the Complaint.

29. All Documents and Communications regarding the provision of lines of credit, unconditional letters of credit, and a working capital account as alleged in paragraphs 27, 28, 31, 50, 51, and 59 of the Complaint.

30. All Documents and Communications regarding security deposits, as alleged in paragraphs 29 and 49 of the Complaint.

31. All Documents and Communications regarding certificates of insurance, as alleged in paragraph 44 of the Complaint.

32. All Documents and Communications regarding Medicare, Medicaid, and other provider agreements and reimbursement rate sheets for the Facility, as alleged in paragraphs 45 and 46 of the Complaint.

33. All Documents and Communications regarding required financial reports and written reports, as alleged in paragraphs 47 and 48 of the Complaint.

34. All Documents and Communications regarding late fees and costs, as alleged in paragraph 52 of the Complaint.

35. All Documents and Communications regarding the LOI.

36. All Documents and Communications regarding a Deposit Account Control Agreement, as alleged in paragraph 56 of the Complaint.

37. All Documents and Communications regarding amendments to the Lease which reduced and required payment of the security deposit, as alleged in paragraph 57 of the Complaint.

39. All Documents and Communications regarding the provision of an additional $1,600,000 in security and an agreement with JPMorgan Chase Bank prohibiting liquidation of the security, as

alleged in paragraph 58 of the Complaint.

41. All Documents and Communications regarding the Notice of Default.

43. All Documents and Communications regarding Your Loan Agreement with Security Benefit, dated August 18 2017.

44. All Documents and Communications regarding a Cash Management Account and a Tenant Direction Notice for Security Benefit.

Give me a call to discuss this list.  I am open to refinements if we can achieve the primary objectives.

Thanks,
John


**John Giardino**

**T** 212.730.7700  **x** 2587  **D** 212.659.2587

