**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

In re:

HBL SNF, LLC, d/b/a EPIC REHABILITATION
AND NURSING AT WHITE PLAINS,

                                                            Debtor.

Chapter 11

Case No. 21-22623 (SHL)

------------------------------------------------------------------------x

WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,

                                            Plaintiff,

                              against

HBL SNF, LLC, LIZER JOZEFOVIC A/K/A LIZER
JOZEFOVIC, and MARK NEUMAN,

                  Defendants and Third-Party Plaintiffs,

                              against

CCC EQUITIES, LLC, PROJECT EQUITY
CONSULTING, THE CONGRESS COMPANIES,
HOWARD FENSTERMAN, WILLIAM NICHOLSON, and
METROPOLITAN COMMERCIAL BANK

                        Third-Party Defendants

Adversary Proceeding

Case No. 21-07096 (SHL)

------------------------------------------------------------------------x

**WHITE PLAINS HEALTHCARE PROPERTIES I, LLC's MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO REMAND BASED ON LACK OF JURISDICTION**
**OR, IN THE ALTERNATIVE, PRINCIPLES OF ABSTENTION OR EQUITY**

# <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES ..................................................................................... iv

PRELIMINARY STATEMENT ................................................................................. 1

PROCEDURAL BACKGROUND.............................................................................. 4

    A. The New York State Court Action........................................................................ 4

    B. The Waterview Litigation .................................................................................... 5

    C. HBL's Bankruptcy and Notice of Removal ......................................................... 5

ARGUMENT ............................................................................................................... 6

    I.        LEGAL STANDARD............................................................................ 6

    II.      THE WATERVIEW LITIGATION WAS NOT REMOVED OR, IN THE
           ALTERNATIVE, SHOULD BE REMANDED ON THE BASIS OF A
           DEFECTIVE NOTICE OF REMOVAL ................................................ 6

    III.    THE GUARANTOR CLAIMS AND THE WATERVIEW LITIGATION
           SHOULD BE REMANDED FOR LACK OF FEDERAL JURISDICTION......... 7

           A.      The Guarantor Claims And The Claims Asserted In The
                  Waterview Litigation Are Not Core Proceedings........................... 8

           B.      The Debtor Has Failed To Sufficiently Allege Facts To Support
                  "Related To" Jurisdiction.................................................................. 9

    IV.    IN THE ALTERNATIVE, MANDATORY ABSTENTION REQUIRES
           REMAND OF THE GUARANTOR CLAIMS AND THE WATERVIEW
           LITIGATION...................................................................................... 10

           A.      The Motion Is Timely ................................................................... 11

           B.      The Action Was Commenced In State Court And Is Based On A
                  State Law Claim............................................................................ 12

           C.      The Action Does Not Arise In The HBL Bankruptcy Or Under The
                  Bankruptcy Code .......................................................................... 12

           D.      There Is No Other Basis For Federal Jurisdiction ....................... 12

           E.      The Guarantor Claims and the Waterview Litigation Can Be
                  Timely Adjudicated In New York State Court ............................. 13

V.      PERMISSIVE ABSTENTION PROVIDES AN ADDITIONAL BASIS FOR
        REMAND OF THE CLAIMS ............................................................................. 14

VI.     EQUITABLE REMAND OF THE CLAIMS IS APPROPRIATE ...................... 16

CONCLUSION............................................................................................................................. 19

## TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Channel Bell Assocs. v. W.R. Grace & Co.*,
  No. 91 Civ. 5485 (PKL), 1992 WL 232085 (S.D.N.Y. Aug. 31, 1992) ................................. 11

*Drexel Burnham Lambert Grp. v. Vigilant Ins. Co.*,
  130 B.R. 405 (S.D.N.Y. 1991) ............................................................................. 7, 17

*Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*,
  496 B.R. 706 (S.D.N.Y. 2013) ............................................................. 11, 14, 15, 17

*Goldstein v. Joseph*,
  No. 14-cv-4477 (NSR), 2015 WL 4039851 (S.D.N.Y. June 30, 2015) ........................ 13, 14, 17

*J.T. Moran & Co. v. Phonetel Tech, Inc. (In re J.T. Moran Fin. Corp.),*
  119 B.R. 447 (Bankr. S.D.N.Y. 1990) ........................................................................ 8

*Joremi Enters., Inc. v. Hershkowitz (In re New 118th LLC)*,
  396 B.R. 885 (Bankr. S.D.N.Y. 2008) ..................................................................... 8, 9

*Little Rest Twelve, Inc. v. Visan*,
  458 B.R. 44 (S.D.N.Y. 2011) ........................................................................... passim

*Maa-Sharda, Inc. v. First Citizens Bank & Tr. Co (In re Maa-Sharda, Inc.)*,
  No. 14-21380-PRW, 2015 WL 1598075 (Bankr. W.D.N.Y. Apr. 9, 2015) .................. 9, 13, 16

*Mt. McKinley Ins. Co. v. Corning Inc.*,
  399 F.3d 436 (2d Cir. 2005) .................................................................................. 12

*Onewoo Corp. v. Hampshire Brands, Inc.*,
  566 B.R. 136 (Bankr. S.D.N.Y. 2017) ..................................................................... 12

*Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*,
  639 F.3d 572 (2d Cir. 2011) ............................................................................. 11, 13

*R.G. Barry Corp. v. Mushroom Makers, Inc.*,
  612 F.2d 651 (2d Cir. 1979) .................................................................................. 6

*Resorts Int'l Fin., Inc. v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*,
  372 F.3d 154 (3d Cir. 2004) ................................................................................... 9

*Schumacher v. White*,
  429 B.R. 400 (E.D.N.Y. 2010) ............................................................................ 8, 10

*Stahl v. Stahl*,
  No. 03 Civ 0405 VM, 2003 WL 22595288 (S.D.N.Y. Nov. 7, 2003) ............................. 17, 18

**Statutes**

28 U.S.C. § 1334 (b) .................................................................................................... 6, 15

28 U.S.C. § 1334 (c)(1) .................................................................................................... 14

28 U.S.C. § 1334(c)(1) .................................................................................. 8, 10, 11, 15

28 U.S.C. § 1447 (2018) .................................................................................................... 1

28 U.S.C. § 1447 (c) .......................................................................................................... 11

28 U.S.C. § 1452 (a) ............................................................................................................ 7

28 U.S.C.A. § 1446 (a) .................................................................................................. 6, 7

Plaintiff White Plains Healthcare Properties I, LLC ("WPH Properties" or the "Landlord") respectfully submits this memorandum of law in support of its motion (the "Motion") pursuant to 28 U.S.C. §§ 1334, 1446, 1447 and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure to remand (i) the claims against Defendants Lizer Jozefovic and Mark Neuman (the "Guarantors") in the above-referenced proceeding styled *White Plains Healthcare Properties I, LLC v. HBL SNF, LLC*, Index No. 60278/2020 (the "New York State Court Action"), removed by defendant HBL SNF, LLC ("HBL" or "Debtor") to this Court pursuant to the Notice of Removal, Adv. Pro. Dkt. No. 1 (Nov. 8, 2021) ("Notice of Removal"); and (ii) the separate action styled *Jozefovic v. White Plains Healthcare Properties I, LLC*, Index No. 655549/2020 (the "Waterview Litigation"), which was consolidated with the New York State Court Action while it was pending before the New York state court but was not referenced in, or the subject of, the Notice of Removal. As set forth more fully below, remand is appropriate on the basis of lack of jurisdiction, or, in the alternative, on grounds of abstention or on equitable grounds.

## **PRELIMINARY STATEMENT**

This Motion seeks remand to the state court of claims involving *non-debtors* that were asserted long before HBL's bankruptcy petition and that arise under state law. For the avoidance of doubt, by this Motion, WPH Properties does not seek remand of the two claims against HBL arising out of lease defaults and the resulting termination of the lease, which claims already have been the subject of status conferences before the Bankruptcy Court.

In September 2020, WPH Properties commenced an action in New York state court asserting state law claims against HBL and individual guarantors arising out of a commercial lease of a nursing facility located in Westchester County, New York. The causes of action in the

New York State Court Action involve contract claims arising exclusively under state law, which were filed long before HBL commenced its bankruptcy proceeding.

The claims in the underlying New York State Court Action that will have a substantial impact on the HBL bankruptcy proceeding are the claims that have been asserted against HBL regarding defaults and termination of the lease between WPH Properties, as Landlord, and HBL, as tenant.  WPH Properties is not seeking remand of those claims.

The other claims that WPH Properties has asserted in the New York State Court Action involve state law contract claims against individual guarantors (the "Guarantor Claims").  These claims are easily severable from the claims against HBL and should be remanded to the New York state court.

Removal of these claims to federal court was improper because federal jurisdiction is lacking.  HBL contends that WPH Properties' claims against the guarantors are core proceedings that "arise under" the Bankruptcy Code.  This contention has no merit.  State law contract claims between non-debtors that were filed well before a bankruptcy proceeding do not "arise" out of the bankruptcy or under the Bankruptcy Code.

HBL's alternative contention that the claims "relate to" a bankruptcy, purportedly because the guarantors *may* seek contribution or indemnification from HBL in the future, is far too vague and tenuous to confer jurisdiction.  Neither the guarantors nor WPH Properties is a debtor in that Chapter 11 case, and any recovery on the claims against the guarantors would be a recovery against the individual guarantors, not against the debtor.  Accordingly, the outcome of these claims—state law disputes between non-debtors—would have no impact on the debtor's assets or the administration of the debtor's estate.  Because the state law claims at issue here do

2

not relate to HBL's bankruptcy, this Court lacks jurisdiction over the claims against the guarantors and they should be remanded to New York state court.

And even *arguendo* if there were a basis for federal bankruptcy court jurisdiction, remand would nevertheless be required on principles of mandatory abstention. Federal law prohibits a federal court from hearing an action based on state law claims where, as here, that action can be timely adjudicated in the state court and where the sole purported basis for federal jurisdiction is an alleged relationship of the state law claims to a bankruptcy case. Because the requirements for mandatory abstention are all satisfied here, this Court would be required to abstain from adjudicating the claims against the guarantors even if there were a proper basis for federal jurisdiction.

Remand, here, is consistent with principles of comity and judicial economy, which strongly favor remand of the claims against the guarantors. The interests of comity tip decidedly in favor of remand where, as here, a removed action involves purely state law claims with no implications for the administration of a bankruptcy estate. For these reasons, the claims against the guarantors would be properly returned to the New York State Supreme Court under the doctrines of permissive abstention and equitable remand, even if this Court had jurisdiction to hear the claims against the guarantors in the first instance—which it does not—and even if abstention were not otherwise mandated under the law—which it is.

Finally, HBL's Notice of Removal makes no reference at all to the Waterview Litigation, a second state court proceeding that was consolidated with the New York State Court Action and that does not involve the debtor. Although the Notice of Removal is silent as to this separate action, HBL inexplicably contends that this separate action was also removed to this Court. The Waterview Litigation is a separate action that was never removed to the Court and, in any event,

should be remanded to the state court for all the same reasons that support remand of the claims against the guarantors.

For all of these reasons and those set out in further detail below, the Court should remand the claims against the guarantors and the Waterview Litigation to New York state court.

## PROCEDURAL BACKGROUND

### A.    The New York State Court Action

On September 16, 2020, WPH Properties filed the New York State Court Action in the Supreme Court of the State of New York, Westchester County against HBL and the Guarantors. The allegations set forth in the first amended complaint, NYCEF Doc. No. 86 (the "Complaint") arise out of HBL's breaches of the amended and restated Lease of the Real Property, dated as of November 19, 2015 (the "Lease"), between WPH Properties, as landlord, and HBL, as tenant relating to the operation of a 160-bed skilled nursing facility located at 116-120 Church Street, White Plains, New York.  A copy of the Complaint in the New York State Court Action is attached as Exhibit A to the Declaration of Eric B. Fisher, dated December 3, 2021 (the "Fisher Declaration"), and a copy of the Lease is attached as Exhibit B.

In the New York State Court Action, WPH Properties asserted two claims against HBL arising out of numerous material breaches and the resulting termination of the Lease.  These claims will be adjudicated by the Bankruptcy Court and are not the subject of the instant Motion.

WPH Properties also asserted claims against Mr. Jozefovic and Mr. Neuman seeking to enforce the Guaranty of Lease (the "Guaranties") executed by Mr. Jozefovic and Mr. Neuman (the Third and Fourth Causes of Action), which "unconditionally and irrevocably" guaranteed HBL's financial obligations under the Lease.  Copies of the Guaranties are attached to the Fisher Declaration as Exhibits C and D.  WPH Properties filed an additional claim against Mr. Jozefovic for breach of a Collateral Assignment and Pledge of Membership Interest and Security

4

Agreement (the "Pledge Agreement") (the Fifth Cause of Action), which pledged Mr.

Jozefovic's membership interest in Waterview Acquisition I, LLC ("Waterview") as security for

the payment of a portion of HBL's security deposit to WPH Properties pursuant to the Lease.  A

copy of the Pledge Agreement is attached to the Fisher Declaration as Exhibit E.  The three

claims against Messrs. Jozefovic and Neuman are collectively referred to as the "Guarantor

Claims."

### B.    The Waterview Litigation

On October 22, 2020, Mr. Jozefovic commenced the Waterview Litigation against WPH

Properties, Howard Fensterman, and Metropolitan Commercial Bank in the Supreme Court of

the State of New York, New York County, Index. No. 655549/2020.  A copy of the complaint in

the Waterview Litigation is attached to the Fisher Declaration as Exhibit F.  Mr. Jozefovic

asserted claims for breach of contract, fraud, defamation, breach of fiduciary duty, legal

malpractice, and moved for a preliminary injunction seeking to enjoin defendants from taking

any action to transfer, assign, convey, or sell Mr. Jozefovic's membership interest in Waterview

that had been pledged pursuant to the Pledge Agreement.

Pursuant to an April 8, 2021 Decision and Order, the state court denied Mr. Jozefovic's

motion for a preliminary injunction and transferred the Waterview Litigation to the New York

State Supreme Court, Westchester County for consolidation with the New York State Court

Action.  A copy of the April 8, 2021 Decision and Order is attached to the Fisher Declaration as

Exhibit G.

### C.    HBL's Bankruptcy and Notice of Removal

On November 1, 2021, HBL filed a voluntary petition for relief under Subchapter V of

Chapter 11 of the United States Bankruptcy Code (the "HBL Bankruptcy") in the United States

Bankruptcy Court for the Southern District of New York.  On November 3, 2021, HBL filed its

5

Notice removing the New York State Court Action from the New York state court to the United

States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1334 (b)

and 1452.  *See* Adv. Pro. Dkt. No. 1 (Notice of Removal at 1).  On November 8, 2021, pursuant

to the Amended Standing Order of Reference, the action was transferred to this Court.  Adv. Pro.

Dkt. No. 1-44.

       The Notice of Removal does not include any reference to the Waterview Litigation.  The

Notice of Removal failed to include the Waterview Litigation caption or case number in the

notice, and did not discuss the parties to, or claims asserted in, this separate proceeding.

<u>**ARGUMENT**</u>

## I.  LEGAL STANDARD

       Where removal of an action or claims from state court to federal court is challenged, the

removing party "has the burden 'to establish its right to a federal forum by competent proof.'"

*Allstate Ins. Co. v. Ace Secs. Corp.*, No. 11 Civ. 1914 (LBS), 2011 WL 3628852, at *3 (S.D.N.Y.

Aug. 17, 2011) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir.

1979)).  "On a motion for remand, the court must construe all disputed questions of fact and

controlling substantive law in favor of the plaintiff."  *Id*. (internal quotation marks and citation

omitted).

## II.  THE WATERVIEW LITIGATION WAS NOT REMOVED OR, IN THE ALTERNATIVE, SHOULD BE REMANDED ON THE BASIS OF A DEFECTIVE NOTICE OF REMOVAL

       The Notice of Removal was insufficient on its face to remove the Waterview Litigation

from the New York state court.  A defendant desiring to remove a civil action from a state court

must file a notice of removal "containing a short and plain statement of the grounds for removal,

together with a copy of all process, pleadings, and orders served upon such defendant or

defendants in such action."  28 U.S.C.A. § 1446 (a).  The Notice of Removal does not meet the

requirements with respect to removal of the Waterview Litigation and is deficient as a matter of law.

The Notice of Removal contains the caption of the New York State Court Action—with no reference at all to the distinct Waterview Litigation, or the parties thereto. The Notice of Removal discusses only the "Removing Defendant" in the singular, with no reference to Mr. Jozefovic as a "removing plaintiff," as would be the case if the Waterview Litigation were also subject to removal. The Notice of Removal refers only to the New York State Court Action as the subject of the Notice of Removal and discusses only the parties to, and the claims asserted in, the New York State Court Action. Adv. Pro. Dkt. No. 1 (Notice of Removal ¶¶ 14, 20). There is no discussion at all about the "grounds for removal" of the claims asserted in the Waterview Litigation, as required by 28 U.S.C.A. § 1446 (a)

Thus, the Waterview Litigation was not properly removed pursuant to the Notice of Removal and should be remanded to the New York state court on this basis alone.

## III.    THE GUARANTOR CLAIMS AND THE WATERVIEW LITIGATION SHOULD BE REMANDED FOR LACK OF FEDERAL JURISDICTION

Section 1452 (a) of the United States Code provides that a party may remove a claim or cause of action in a civil action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of [title 28 of the United States Code]." 28 U.S.C. § 1452 (a). Accordingly, jurisdiction under Section 1334—providing for federal bankruptcy jurisdiction—is a threshold requirement for "bankruptcy removal" of state court claims pursuant to Section 1452(a). *See Drexel Burnham Lambert Grp. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991). Because such federal jurisdiction is absent here, removal of the Guarantor Claims and the Waterview Litigation to this Court was improper from the outset.

7

In its Notice of Removal, HBL relies on 28 U.S.C. § 1334(b) as the sole basis for federal jurisdiction over the Guarantor Claims, on the theory that the claims "aris[e] under" the Bankruptcy Code or, in the alternative, are "related to" the HBL Bankruptcy.  *See* Adv. Pro. Dkt. No. 1 (Notice of Removal ¶¶ 1, 17, 19-20).  The Notice of Removal fails to specify any basis for federal jurisdiction over the claims asserted in the Waterview Litigation, but for purposes of this Motion, WPH Properties assumes that the theory of jurisdiction would be the same as that asserted with respect to the Guarantor Claims.

### A.    The Guarantor Claims And The Claims Asserted In The Waterview Litigation Are Not Core Proceedings

HBL's assertion that the Guarantor Claims and the claims asserted in the Waterview Litigation are "core proceedings" because they arise under the Bankruptcy Code is without merit. A "core proceeding" is a proceeding "arising under title 11, or arising in a case under title 11 .... A proceeding arising under title 11, or arising in a case under title 11 is one which would have no existence outside of the bankruptcy case." *Schumacher v. White*, 429 B.R. 400, 405 (E.D.N.Y. 2010) (citing *J.T. Moran & Co. v. Phonetel Tech, Inc. (In re J.T. Moran Fin. Corp.),* 119 B.R. 447, 450 (Bankr. S.D.N.Y. 1990)).

The Guarantor Claims are contract claims under New York law between two non-debtors. *Joremi Enters., Inc. v. Hershkowitz (In re New 118th LLC)*, 396 B.R. 885, 890 (Bankr. S.D.N.Y. 2008) (holding that court lacked core jurisdiction over guarantor claim because it was a "garden-variety state law claim between non-debtor parties").  These Guarantor Claims do not involve property of the HBL bankruptcy estate—the Guarantors are not debtors, and the claims seek damages against the Guarantors in their individual capacities—and do not seek relief under any provision of the Bankruptcy Code.  *See Maa-Sharda, Inc. v. First Citizens Bank & Tr. Co (In re Maa-Sharda, Inc.)*, No. 14-21380-PRW, 2015 WL 1598075, at *5 (Bankr. W.D.N.Y. Apr. 9,

8

2015) (cause of action non-core where it "exists entirely independent of the Bankruptcy Code, arises exclusively under state law, and is asserted by a non-debtor plaintiff against non-debtor defendants").

Similarly, the Waterview Litigation involves a grab-bag of claims from defamation to legal malpractice that are rooted in a contract dispute between non-debtors governed by New York state law. Such claims were filed well before the HBL Bankruptcy and do not arise under the Bankruptcy Code.

**B.     The Debtor Has Failed To Sufficiently Allege Facts To Support "Related To" Jurisdiction**

HBL's alternative argument that this court has "related to" jurisdiction over the Guarantor Claims and the claims asserted in the Waterview Litigation is also unavailing. As set forth above, neither WPH Properties nor the Guarantors is a debtor in the HBL Bankruptcy, and the outcome of the Guarantor Claims—contract-based disputes between two non-debtors—will not impact the debtors' assets or the administration of HBL's estate. *See Resorts Int'l Fin., Inc. v. Price Waterhouse & Co.* (*In re Resorts Int'l, Inc.*), 372 F.3d 154, 165 (3d Cir. 2004) ("[B]ankruptcy jurisdiction will not extend to a dispute between non-debtors unless the dispute creates the logical possibility that the estate will be affected.") (quotation marks and citation omitted).

While guarantor claims may be "related to" a bankruptcy case where the guarantor is likely to assert a claim "based on principles of subrogation, common law indemnification or reimbursement" or where the debtor may have "defenses against the guarantor that it cannot assert against the common creditor," *In re New 118th LLC*, 396 B.R. at 890-91, HBL has failed to show that either scenario is present here.   HBL vaguely asserts in the Notice of Removal that the Guarantors "may seek contribution or indemnification" from HBL if and when there are

judgments against them and that any judgments against the Guarantors "could have the effect of fixing the amounts owed" under the Lease.  Adv. Pro. Dkt. No. 1 (Notice of Removal ¶ 21(c), (d)).  However, there is no imminent judgment against the Guarantors and any such contribution or indemnification claim is not ripe.  Moreover where, as here, the only relationship with the bankruptcy proceeding is the possibility that a non-debtor party may seek indemnification, any such claim can be asserted in the bankruptcy case and is insufficient to mandate that the Guarantor Claims be decided as part of the bankruptcy proceedings.  *See Schumacher*, 429 B.R. at 408 (stating that "[t]he bankruptcy proceeding is meant to protect the debtor, not third-party guarantors") (quotation marks and citation omitted).  The claims asserted in the Waterview Litigation, which range from legal malpractice to defamation, lack any conceivable tie to the HBL Bankruptcy.

Accordingly, the Court lacks "related to" jurisdiction over the Guarantor Claims and the Waterview Litigation.

## IV.   IN THE ALTERNATIVE, MANDATORY ABSTENTION REQUIRES REMAND OF THE GUARANTOR CLAIMS AND THE WATERVIEW LITIGATION

Even if the Guarantor Claims and the claims asserted in the Waterview Litigation were "related to" the HBL Bankruptcy, which they are not, the mandatory abstention requirements under 28 U.S.C. § 1334 (c)(2) would nevertheless require this Court to remand those claims to the New York state court.

The standard for mandatory abstention is set forth in Section 1334(c)(2):

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334 (c)(2).

There are thus six requirements for mandatory abstention: "(1) the motion to abstain is timely; (2) the action is based on a state law claim; (3) the action is 'related to' but not 'arising in' a bankruptcy case or 'arising under' the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) the action can be timely adjudicated in state court." *Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, 496 B.R. 706, 711 (S.D.N.Y. 2013) (internal citation omitted).  HBL bears the burden of demonstrating that the test for mandatory abstention has *not* been met.  *Allstate Ins. Co.*, 2011 WL 3628852 at *7 (citing *Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 582 (2d Cir. 2011) ). HBL cannot meet this burden because, as set forth below, each of the six requirements is met here.  Accordingly, even if the Guarantor Claims and the claims asserted in the Waterview Litigation were sufficiently "related to" the HBL Bankruptcy to establish this Court's jurisdiction under Section 1334(b), this Court would nevertheless be required to remand the Guarantor Claims to the New York state court pursuant to Section 1334(c)(2).

## A.    The Motion Is Timely

The first prong of mandatory abstention analysis—whether the abstention motion is timely—is satisfied here.  Although Section 1334 (c)(2) does not define a "timely" motion, "[c]ourts have generally adopted a flexible, case-specific approach in determining whether a motion for mandatory abstention is 'timely.'"  *Channel Bell Assocs. v. W.R. Grace & Co.*, No. 91 Civ. 5485 (PKL), 1992 WL 232085, at *5 (S.D.N.Y. Aug. 31, 1992).  WPH Properties is filing this motion within thirty days after HBL filed its Notice of Removal.  *See Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 54 (S.D.N.Y. 2011) (motion for remand "filed within the thirty-day window provided by 28 U.S.C. § 1447 (c)" is timely).  No pleadings or other substantive filings,

11

discovery practice, or significant case developments have yet taken place in this Court.

Accordingly, WPH Properties' motion for abstention is timely.

**B.        The Action Was Commenced In State Court And Is Based On A State Law Claim**

The second and fifth prongs of the mandatory abstention analysis are likewise satisfied

here, as the Guarantor Claims and the Waterview Litigation were filed in the New York state

court, and the claims sought to be remanded are pure state law claims that present no federal

question.  *See Onewoo Corp. v. Hampshire Brands, Inc.*, 566 B.R. 136, 139 (Bankr. S.D.N.Y.

2017) (breach of contract claims are state law claims, not created by the Bankruptcy Code).

**C.        The Action Does Not Arise In The HBL Bankruptcy Or Under The Bankruptcy Code**

The third requirement is also met, for the Guarantor Claims and the claims asserted in the

Waterview Litigation are not core claims arising in a bankruptcy case or under the Bankruptcy

Code.  *See Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 447-48 (2d Cir. 2005) (non-core

proceedings "subject to mandatory abstention").  *See* discussion above in Section III.A.

**D.        There Is No Other Basis For Federal Jurisdiction**

For mandatory abstention to apply, the only basis for federal jurisdiction must be that the

case is "related to" a bankruptcy case under Section 1334 of the United States Code.  In other

words, the case must be one that could not have been commenced in federal court based on

diversity, federal question, or any other basis for federal jurisdiction.  This requirement is

satisfied because HBL removed solely on the basis of alleged federal jurisdiction pursuant to

Section 1334.  Adv. Pro. Dkt. No. 1 (Notice of Removal ¶ 19); *see also Little Rest Twelve*, 458

B.R. at 59 ("[a] notice of removal may not be sustained on a ground of jurisdiction not stated in

that notice").  In addition, the New York State Court Action and the Waterview Litigation could

not have been brought in federal court.  The claims do not raise any federal question and there is

not complete diversity of parties.  Because HBL bases jurisdiction exclusively on Section 1334

of the United States Code, and because removal could not have been premised on any other basis

of federal jurisdiction, the fourth requirement for mandatory abstention is satisfied.

### E.  The Guarantor Claims and the Waterview Litigation Can Be Timely Adjudicated In New York State Court

The final requirement for mandatory abstention—whether the state court can timely

adjudicate the claims—is also met.  In determining whether a civil proceeding can be "timely

adjudicated" in a state forum, federal courts in this Circuit consider four factors: "(1) the backlog

of the state court's calendar relative to the federal court's calendar; (2) the complexity of the

issues presented and the respective expertise of each forum; (3) the status of the title 11

bankruptcy proceeding to which the state law claims are related; and (4) whether the state court

proceeding would prolong the administration or liquidation of the estate." *Parmalat*, 639 F.3d at

580 (internal citation omitted).  In conducting this analysis, it is "presume[d] that a state court

will operate efficiently and effectively," *id*. at 582, such that the "party opposing remand should

bear the burden to demonstrate that the proceeding cannot be timely adjudicated in state court."

*Allstate Ins. Co.*, 2011 WL 3628852, at *9; *see also Goldstein v. Joseph*, No. 14-cv-4477 (NSR),

2015 WL 4039851, at *5 (S.D.N.Y. June 30, 2015).

There is no basis for supposing that the New York state court suffers from a backlog of

its calendar or is otherwise ill-equipped to adjudicate the Guarantor Claims and the claims

asserted in the Waterview Litigation in a timely and efficient manner.  Indeed, the New York

State Court Action and the Waterview Litigation, which had been assigned to the Commercial

Division, were moving to resolution by the state court when the Notice of Removal was filed.

*See In re Maa-Sharda, Inc.*, 2015 WL 1598075, at *7 (finding "no credible evidence to even

hint" that state court would not "promptly hear" state court action that was "in the process of

13

being promptly adjudicated in State Court" when notice of removal was filed).  Further, the

issues raised by the Guarantor Claims and the claims asserted in the Waterview Litigation are

exclusively issues of New York state law that do not require the expertise of a federal district or

bankruptcy court.  *See Little Rest Twelve*, 458 B.R. at 59 ("As to the complexity of the issues and

the relevant expertise of each forum, all claims are wholly based on New York state law, with

which the state courts have great expertise."); *Goldstein*, 2015 WL 4039851, at *5 (noting

"arguably greater expertise" of state courts, even with respect to state law issues that are "not

particularly complex").  Accordingly, the first and second factors of the "timely adjudication"

analysis are satisfied here.

Furthermore, adjudication of the Guarantor Claims and claims asserted in the Waterview

Litigation will not have a significant impact on the HBL estate and will not prolong the

bankruptcy proceeding.  *See Fried*, 496 B.R. at 711 ("timely adjudicated" factor satisfied where,

among other things, it was "doubtful" that state court proceeding would have "any significant

effect on the timely administration and liquidation of the [debtor's] estate").  Accordingly, the

third and fourth factors of the "timely adjudication" analysis are satisfied.

*             *             *

Because each of the statutory requirements for mandatory abstention are present, this

Court must remand the Guarantor Claims and the Waterview Litigation to New York state court.

## V.    PERMISSIVE ABSTENTION PROVIDES AN ADDITIONAL BASIS FOR REMAND OF THE CLAIMS

Principles of permissive abstention also support remand of the Guarantor Claims and the

Waterview Litigation to the New York state court.  Under 28 U.S.C. § 1334 (c)(1), a district

court may exercise its discretion to abstain from hearing a proceeding in the interests of justice or

comity.  *See* 28 U.S.C. § 1334(c)(1); *see also Fried*, 496 B.R. at 712.  Courts in the Second

Circuit typically consider one or more of twelve factors in analyzing permissive abstention:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court
> recommends abstention, (2) the extent to which state law issues predominate over
> bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law,
> (4) the presence of a related proceeding commenced in state court or other non-
> bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
> (6) the degree of relatedness or remoteness of the proceeding to the main
> bankruptcy case, (7) the substance rather than form of an asserted 'core'
> proceeding, (8) the feasibility of severing state law claims from core bankruptcy
> matters to allow judgments to be entered in state court with enforcement left to the
> bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the
> commencement of the proceeding in a bankruptcy court involves forum shopping
> by one of the parties, (11) the existence of a right to a jury trial, and (12) the
> presence in the proceeding of non-debtor parties.

*Fried*, 496 B.R at 712-13 (citations omitted).  Distilled to its essence, this multi-factor analysis is

intended to "balance the federal interest in efficient bankruptcy administration against the

interest of comity between the state and federal courts." *Id*. at 713.  Taken together, these twelve

factors weigh in favor of discretionary abstention.

To begin, the Guarantor Claims and the claims asserted in the Waterview Litigation are

exclusively non-core state law claims whose adjudication in state court will have no impact on

the efficient administration of the HBL estate (factors 1, 2, 6, 7, 8).  Further, there is no basis for

suggesting that the state court's docket is unduly burdened (factor 9); all of the parties to the

claims are non-debtors (factor 12); and, as discussed above, the only asserted basis for federal

jurisdiction is 28 U.S.C. § 1334 (b) (factor 5).  The mere fact that the claims may present

relatively straightforward issues of state law is "not a reason for the case to proceed in federal

court," *Fried*, 496 B.R. at 713, and to the extent that the claims may raise any peculiarly difficult

or unsettled issues of state law, the New York state court is best situated to resolve such issues

(factor 3).  The fact that HBL's removal of these claims to this Court was a clear effort to forum

15

shop and avoid an adverse decision by the New York state court on a motion that was days away from being fully briefed (factor 10), supports remand.  The right to a jury trial weighs neither for nor against remand (factor 11), as WPH Properties has not sought a jury trial.  Finally, because the Guarantor Claims and the claims asserted in the Waterview Litigation involve separate claims against non-debtors that are not tied to issues that will be decided by this Court as part of the HBL Bankruptcy—including, most critically, whether the Lease has been terminated—there is no risk of inconsistent judgments (factor 4).  *See In re Maa-Sharda, Inc.*, 2015 WL 1598075, at *8 (risk that parallel federal and state proceedings "could reach differing conclusions is an important factor weighing heavily in favor of permissive abstention").

These factors weigh overwhelmingly in favor of abstention.  Accordingly, discretionary abstention would be warranted even if principles of mandatory abstention did not require the Guarantor Claims and the Waterview Litigation to be remanded to the New York state court.

## VI.   EQUITABLE REMAND OF THE CLAIMS IS APPROPRIATE

Finally, remand of the Guarantor Claims and the Waterview Litigation are warranted on equitable grounds.  Pursuant to Section 1452 (b), "[t]he court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  28 U.S.C. § 1452(b).  A court has "broad discretion in conducting the equitable remand analysis." *Goldstein*, 2015 WL 4039851, at *6 (citation and quotation marks removed).  When determining whether equitable remand is appropriate, courts consider a number of factors, including:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Drexel*, 130 B.R at 407; *see also Stahl v. Stahl*, No. 03 Civ. 0405 VM, 2003 WL 22595288, at *2 (S.D.N.Y. Nov. 7, 2003) .  As discussed below, the *Drexel* factors weigh uniformly in favor of equitable remand.

With respect to the first *Drexel* factor, restoring the Guarantor Claims and the Waterview Litigation to state court will in no way impair the efficient administration of the HBL estate.  *See Goldstein*, 2015 WL 4039851, at *6 (equitable remand appropriate where state proceedings would have "little to no effect on the administration of the bankruptcy estate").  Moreover, because the claims are rooted exclusively in state law and implicate no specialized issues of bankruptcy law, judicial efficiency is best served by allowing those claims to proceed in state court.  *See id.* (equitable remand appropriate where "[r]emand would not abdicate any bankruptcy function to the state forum[]"); *see also Stahl*, 2003 WL 22595288, at *3 (remand of state law claims supported by "greater expertise of state court judges as to state law").  Thus, the first and second *Drexel* factors strongly support remand.

The third *Drexel* factor also supports remand on balance, for if the claims asserted pose any difficult or unsettled questions of state law, the New York state court is the best forum for resolution of such issues, and the third *Drexel* factor is otherwise neutral.  *See Fried*, 496 B.R. at 713 (mere fact that state law claims may be "straightforward is not a reason for the case to proceed in federal court").  In addition, because "New York State has a strong interest in having its own courts enforce its laws," principles of comity favor remand, satisfying the fourth *Drexel* factor.  *Stahl*, 2003 WL 22595288, at *3; *see also Little Rest Twelve*, 458 B.R. at 60 ("Comity as a general matter counsels leaving matters of state law to state courts . . . .").

The fifth *Drexel* factor requires "[s]omething more than a mere effect on the size and administration of the bankruptcy estate . . . to weigh against remand."  *Stahl*, 2003 WL

22595288, at *3.  Here, because resolution of the Guarantor Claims and the claims asserted in the Waterview Litigation in state court will not impact the administration of the HBL bankruptcy estate, the fifth *Drexel* factor also weighs decidedly in favor of remand.  The sixth *Drexel* factor—the right to a jury trial—is neutral, for the reasons discussed in connection with permissive abstention.  The seventh and final *Drexel* factor—prejudice to involuntarily removed parties—strongly favors remand, because WPH Properties' choice of forum is entitled to deference, and the New York state court has familiarity with the claims.  *See Little Rest Twelve*, 458 B.R. at 60 ("The involuntarily removed parties would be severely prejudiced by being forced to relitigate matters that were addressed in state court.").

In short, all seven of the *Drexel* factors favor remand, and none weighs against. Accordingly, remand to the New York state court will best promote the expeditious and efficient resolution of the Guarantor Claims and the claims asserted in the Waterview Litigation.  Here, as in *Stahl*, the "State of New York has a strong interest in enforcing its laws, and there are no persuasive reasons not to allow it to do so."  *Stahl*, 2003 WL 22595288, at *4.  Under these circumstances, equitable remand under Section 1452 (b) is warranted, even on the assumption that this Court has jurisdiction over the claims in the first instance, and even if abstention were not otherwise mandated.

## <u>CONCLUSION</u>

For the reasons set forth above, WPH Properties respectfully requests that the Court grant its Motion to remand the Guarantor Claims and the Waterview Litigation to the New York state court on the ground of lack of jurisdiction or, in the alternative, on the ground of abstention or equity; award costs and expenses, including attorney fees; and grant such other and further relief as the Court deems just and proper.

Dated:  December 3, 2021
        New York, New York

Respectfully submitted,

BINDER & SCHWARTZ LLP

/s/ Eric B. Fisher
Eric B. Fisher
Lindsay A. Bush
366 Madison Avenue, 6th Floor
New York, NY 10017
Tel.: (212) 510-7272
Email: efisher@binderschwartz.com
Email: lbush@binderschwartz.com

-and-

DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP
Alfred E. Donnellan
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Tel.: (914) 681-0200
Email: aed@ddw-law.com

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP
Robert A. Spolzino
81 Main Street, Suite 306
White Plains, New York 10601
Tel.: (914) 607-7010
Email: RSpolzino@Abramslaw.com

*Counsel for White Plains Healthcare Properties I, LLC*

19