# Exhibit E

COLLATERAL ASSIGNMENT AND PLEDGE
OF MEMBERSHIP INTEREST AND SECURITY AGREEMENT

THIS ASSIGNMENT made as of August 11, 2017, by Lizer Jozefovic, an individual having an address at 53 Mariner Way, Monsey New York 10952 (the "Assignor") to Howard Fensterman as nominee for White Plains Health Care Properties LLC, a Massachusetts Limited Liability Company (the "Assignee") with reference to the following facts.

WHEREAS, HBL-SNF a New York Limited Liability Company ("Operator/Tenant) an entity controlled by Assignor had entered into a development agreement with WHITE PLAINS HEALTHCARE PROPERTIES I, LLC (the "Developer") dated November 19, 2015 (the "Agreement") which was amended by and between the Parties by that certain first Amendment to the Development Agreement (the "Amendment") dated as of July 12, 2017.

WHEREAS, the Development Agreement among other things obligated the Tenant to enter into a Lease with Developer in return for the Developer, developing, designing, financing and Building a 160 Bed Skilled Nursing Home for Tenant in White Plains New York; and

WHEREAS the Development Agreement obligated the Tenant to obtain CON approval to build such 160 Bed Skilled Nursing Home for Tenant in White Plains New York and to deliver to Developer such documents as are reasonably requested by Developers lenders; and

WHEREAS, the Tenant has obtained all CON approvals necessary to construct the Skilled Nursing Home and the Developer has obtained all zoning and building department of approvals and a Construction Loan; and

WHEREAS, in or about November 2015 in consideration of Howard Fensterman and/or CCC Equities assigning all mortgages held by them on property owned by Waterview Acquisition I, LLC agreed that he would pre-pay Two Million Two Hundred Thousand Dollars to White Plains Healthcare Properties and would additionally establish a joint signature account in JP Morgan Bank into which the sum of One Million Six Hundred Thousand Dollars was deposited; and

WHEREAS, The Lease requires the sum of 1.6 Million Dollars to be delivered to Landlord at least 60 days prior to the Commencement date of the Lease as additional security for the Tenants faithful performance of the terms and conditions of the Lease; and

WHEREAS, Section 10.2 of the Loan Agreement by and between Developer and its Construction lender restates the language of the Lease and Developer has undertaken to ensure that the 1.6 Million Dollars on deposit with JP Morgan shall be delivered according to the terms and provisions of the Lease; and

WHEREAS, the Sums in the JP Morgan Account entitled HBL SNF, LLC, Account Number ▮▮▮▮▮▮▮▮ have been transferred to two JP Morgan Account's entitled Waterview Acquisition I, LLC Account Number ▮▮▮▮▮▮▮ and Account Number ▮▮▮▮▮▮▮ in which Howard Fensterman is not a signatory and the parties want to enter into this agreement by which Howard Fensterman will be added as a signatory to such account under terms and conditions set forth below; and

-1-

WHEREAS, Tenant and Assignor have promised to add Howard Fensterman as a signatory to such account so as to ensure that no withdrawals may be made so as to reduce the amount of the account below 1.6 Million and so as to ensure that when required 60 days prior to the commencement date the money in the account or equivalent shall be delivered as additional cash security for the lease; and;

WHEREAS in order to secure the promises made by Assignor concerning such account Assignor has agreed to deliver to Assignee this Assignment; and the Assignor desires to pledge to Assignee all of his membership interest in Waterview Acquisition I, LLC (the "Company"), in order to secure the promises made herein and in the Lease and Security Agreement delivered to the Construction Lender;

NOW, THEREFORE, in consideration of these premises and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignee and the Assignor hereby agree as follows:

1. As collateral security for the Borrowers' obligations under the Lease, the Security Agreement, the Loan, and the Development Agreement the Assignor hereby pledges and assigns and grants a first and superior security interest in and to all of his rights, title and interest as a member in the Company (the "Collateral").

2. Upon the effectuation of Section 7.1(a)(iii) of the lease which requires Sixty days prior to the anticipated Commencement Date, the funds in the JP Morgan Chase Bank account in the amount of not less than $1,600,000 shall be deposited into the Landlords Rent Security Account, the interest in the Company assigned to the Assignee pursuant to Paragraph 1 hereof shall be automatically reassigned by the Assignee to the Assignor without recourse, representation or warranty, and this Assignment shall automatically terminate and be void and of no further effect. Notwithstanding the foregoing, the Assignee hereby agrees to execute any document reasonably required for the purpose of evidencing the reassignment of such interest and the termination of this Assignment.

3. The Assignor represents, covenants and warrants that he is the legal and beneficial owner of the Collateral and has not and will not enter into any assignment, mortgage, pledge or other instrument which transfers or encumbers all or any part of his interest in the Company and that there are no current liens or encumbrances that exist as of the day of the execution of this assignment.

4. The Assignor agrees not to subsequently further amend or voluntarily permit the amendment of the operating agreement of the Company that would in any manner materially adversely affect this Assignment and/or the rights of the Assignee hereunder without the consent of the Assignee, which consent shall not be unreasonably withheld, conditioned or delayed.

5. The Assignor covenants and agrees not to voluntarily withdraw as the managing member of the Company without the prior written consent of Assignee, which consent shall not be unreasonably withheld, conditioned or delayed.

6. The covenants provided for in this Assignment shall be binding upon the

successors and assignees of the parties hereto.

7. This Assignment shall be governed by the laws of the State of New York.

8. Neither this Assignment nor any provision hereof may be amended, modified, waived, discharged or terminated orally, but only by an instrument in writing duly signed by or on behalf of the Assignor or Assignee.

9. Assignor represents and warrants that he has a 71 % membership interest in the Company and that he is manager thereof.

10. In accordance with the laws of the State of New York and as part of the consideration for the making of the Loan, Assignor consents to the jurisdiction of any local, state or federal court located within New York and further consents that all service of process may be made by registered mail to his address set forth below and service so made shall be deemed completed five (5) days after the same shall have been mailed.

11. Assignor covenants and agrees to execute such additional documents and to take such further actions as may be reasonably required to carry out the provisions and intent of this Assignment including, without limitation, executing a financing statement or statements and continuations thereof. In addition, Assignor grants to Assignee a power of attorney coupled with an interest to effectuate the terms of the foregoing sentence and to file all continuations, renewals or amended financing statements without the signature of Assignor.

13. Should Assignor violate the terms and provisions concerning the maintenance of the account as set forth in the resolution of Waterview Acquisition I, LLC annexed hereto as Exhibit A the Assignee shall have:

> (a) The right to sell the Collateral in the State of New York at one or more public or private sales at such price and on such terms as Assignee in its discretion accepts, for cash, upon or for future delivery. Upon any such sale, the Assignee shall have the right to assign, transfer and deliver to the purchaser or purchasers thereof the Collateral. Such purchaser at any such sale shall hold the Collateral sold absolutely free from any claim or right on the part of the Assignor, and the Assignor hereby waives (to the extent permitted by law) all rights of redemption, stay or appraisal which he has or may have under any rule of law or statute now existing or hereafter adopted. The Assignee shall give the Assignor twenty-one (21) days' written notice by registered or certified mail, postage prepaid, return receipt requested (which Assignor acknowledges is reasonable and sufficient), of the Assignee's intention to make any such public or private sale. Such notice, in the case of public sale, shall state the time and place fixed for such sale. Any such public sale shall be held at such time or times within ordinary business hours and at such place or places in the State of New York as the Assignee may fix in the

notice of such sale. The Assignee shall not be obligated to make any sale of the Collateral if it shall determine not to do so, regardless of the fact that notice of such sale of the Collateral may have been given. The Assignee may, upon one day's written notice, adjourn any public or private sale or cause the same to be adjourned from time to time by announcement at the time and place fixed for sale, and such sale may, without further notice, be made at the time and place within in the State of New York to which the same was so adjourned. In case sale of all or any part of the Collateral is made on credit or for future delivery, the Collateral so sold may be retained by the Assignee until the sale price is paid by the purchaser or purchasers thereof, but the Assignee shall not incur any liability in case any such purchaser or purchasers shall fail to take up and pay for the Collateral so sold, and, in case of any such failure, such Collateral may be sold again upon like notice. As an alternative to exercising the power of sale herein conferred upon it, the Assignee may proceed by a suit or suits at law or in equity to foreclose this Assignment and to sell the Collateral, or any portion thereof, pursuant to a judgment or decree of a court of competent jurisdiction;

(b) such other rights with respect to the Collateral as shall be afforded to secured parties by the Uniform Commercial Code of the State of New York including, but not limited to, the right to setoff; and/or

(c) to apply any proceeds of any disposition of the Collateral to the payment of the cash security required under the terms and provisions of the lease and reasonable expenses of the Assignee in connection with the exercise of its rights or remedies, including reasonable fees and expense of attorneys, and any balance shall be paid to such party as shall be entitled thereto pursuant to law.

13. The Assignor hereby waives any right to require that the Assignee proceed against any real or personal property or any guaranty given as security for the Note, whether or not existing or hereafter given, before exercising its rights and remedies with respect to the Collateral.

14. This Agreement may be executed in counterparts, each of which, when taken together, shall be construed as one and the same instrument.

15. All notices, demands and other communications provided for herein shall be deemed received upon personal delivery or delivery by national overnight delivery service, or three (3) business days following deposit in the U.S. mail, postage prepaid, first class registered or certified,

to Assignor or assignee at the following addresses:

If to Assignor:
Liner Jozefovic
53 Mariner Way
Monsey, New York


With a copy to:
Michelman & Robinson, LLP
800 Third Avenue
New York, New York
Attention: Mark H. Zafrin, Esq.

If to Assignee:
Howard Fensterman
C/o Abrams, Fensterman et al
3 Dakota Drive
Suite 300
Lake Success, New York 11042

      IN WITNESS WHEREOF, Assignor has duly executed this Assignment, as of the day and year first written above.

_____
Lizer Jozefovic

The Company hereby acknowledges receipt of this Assignment by Assignor.

      WATERVIEW ACQUISITION I, LLC

By: _____

# Limited Liability Company Certification

**Chase Investments**
A division of J.P. Morgan Securities LLC, member FINRA/SIPC.

New Accounts Fax (866) 966-4455
Account Maintenance Fax (800) 805-3909

## Account Information

| | | |
|---|---|---|
| Account Number | ████████ (ON MANAGED) | WATERVIEW ACQUISITION I L |
| Account Description | LTD LIABILITY CO | LC |
| Rep of Record | 0V01 | 537 RT 22 |
| Completed By | KENNETH GATES (CHHCKG17) | PURDYS NY  10578-2900 |

## Limited Liability Company Information

Use this form to certify the member/manager(s) authorized to act on an investment account for a Limited Liability Company. A Signatory Information Sheet **MUST BE** provided for all signers.

Limited Liability Company Name
Waterview Acquisition I LLC

Limited Liability Company Tax ID Number (TIN)
[redacted]

Limited Liability Company Type
Member Managed Company

## Member/Manager Information

Member/Manager Name
Mark Neuman

Member/Manager Name
Herbert Jozefovic

Member/Manager Name
Howard Fensterman

Member/Manager Name


## Certification

In consideration of J.P. Morgan Securities LLC ("JPMS") opening and/or maintaining an investment account ("Account") for the Limited Liability Company ("LLC") named above, the undersigned duly authorized to bind the LLC and all of its Members/Managers personally, certify as follows:

**FIRST:** The name of the LLC to which this Certification applies is as indicated above.

**SECOND:** All Members/Managers are over the age of majority in their respective state of residence. Each of the Members/Managers listed above is hereby individually authorized, for and on behalf of the LLC.

**THIRD:** JPMS is authorized to accept orders for trading, purchases and sales of assets and other instructions for the receipt and withdrawal and disposition of assets to any name, including themselves and third parties, whether free or versus payment, or trade or non-trade related (including to any Members/Managers) from those Members/Managers listed above, pursuant to the terms of the LLC and applicable law. The LLC is duly authorized and permitted to engage in cash and margin transactions in any and all forms of securities including, but not limited to, evidences of interest, participation, or indebtedness, instruments of any issuer (whether publicly registered or exempt from registration) including, but not limited to, common or preferred stock, scrip, warrants and rights; bills, notes, bonds or debentures of any coupon, including "zero coupon" or maturity; certificates of deposit, bank notes or deposit notes; commercial paper, money market instruments; listed and/or over-the-counter options, commodities, commodity futures, options on futures (including single stock futures contracts and other securities futures products), transactions in foreign currencies; limited partnership interests and other interests in hedge funds, buyout funds, real estate investment trusts, venture capital funds, private equity funds and private equity investment vehicles; whole mortgage loans, any and all interests and participations in mortgage loans, mortgage-backed and asset backed securities; any kind of derivative investment, including interest rate, currency, credit, equity or other swap transactions; repurchase and reverse* repurchase transactions, buy/forward sale transactions, dollar rolls, secured lending transactions and any instrument or interest generally regarded as an investment or hedge, secured or unsecured, or any transaction, that is similar to any of those described above (including an option with respect to any of them).

[continued on next page]

**INVESTMENT PRODUCTS ARE:**
NOT FDIC INSURED • NOT A DEPOSIT OR OTHER OBLIGATION OF, OR GUARANTEED BY, JPMORGAN CHASE BANK, N.A. OR ANY OF ITS AFFILIATES • SUBJECT TO INVESTMENT RISKS, INCLUDING POSSIBLE LOSS OF THE PRINCIPAL AMOUNT INVESTED

Page 1 of 2    SF2.0_79.33059_11192016    Tuesday, August 8, 2017 1:46:24 PM EDT    96290885



# Certification Regarding Municipal Advisor Rule

**Chase Investments**
A division of J.P. Morgan Securities LLC, member FINRA/SIPC.

New Accounts Fax (866) 966-4455
Account Maintenance Fax (800) 805-3909

Use this form to certify entity status on an investment account.

## Account Holder Information

Name of Account Owner ("Entity")

Waterview Aquisition I LLC

For the purposes of Section 15B of the Securities Exchange Act of 1934 (the "Municipal Advisor Rule"), I hereby represent, warrant and certify to J.P. Morgan Securities LLC ("JPMS") on behalf of the Entity, each of the following and agree to notify JPMS immediately if circumstances change in a manner which makes any of the representations set forth on this certification untrue:

[X] I am a knowledgeable official representative of the Entity, am authorized to sign this certificate, have access to the appropriate information or have direct knowledge of the source of the funds of the Entity that enables me to make these representations; and, if necessary, have consulted with legal counsel, in regard to these representations, warranties and certifications.

## Certification Regarding Municipal Entity Status (select one)

Regarding the account(s) the Client has with, or will establish with, JPMS:

( ) The Entity is a **Municipal Entity**
(•) The Entity is not a **Municipal Entity**

The term **"Municipal Entity"** means any state, political subdivision of a state, or municipal corporate instrumentality of a state, including: (1) any agency, authority or instrumentality of the state, political subdivision or municipal corporate instrumentality; (2) any plan, program or pool of assets sponsored or established by the state, political subdivision or municipal corporate Instrumentality thereof; and (3) any other issuer of municipal securities.

## Certification Regarding Obligated Entity Status (select one)

Regarding the account(s) the Client has with, or will establish with, JPMS:

( ) The Entity is a **Obligated Person**
(•) The Entity is not a **Obligated Person**

The term **"Obligated Person"** means any person or entity, including an issuer of municipal securities, who is either generally or through an enterprise, fund or account of such person, committed by contract or other arrangement to support the payment of all, or a part of, the obligations on the municipal securities to be sold in an offering of municipal securities, except the term Obligated Person shall not include: (1) a person who provides municipal bond insurance, letters of credit or other liquidity facilities; or (2) a person whose financial information or operating data is not material to a municipal securities offering, without reference to any municipal bond insurance, letter of credit, liquidity facility or other credit enhancement.

## Certification Regarding Proceeds with JPMS (select one)

Regarding the account(s) the Client has with, or will establish with, JPMS:

( ) Amounts to be invested in accounts established at JPMS for the entity **may** constitute **Proceeds of Municipal Securities** or **Municipal Escrow Accounts**
(•) Amounts to be invested in accounts established at JPMS for the entity **may not** constitute **Proceeds of Municipal Securities** or **Municipal Escrow Accounts**

The term **"Proceeds of Municipal Securities"** means monies derived by a municipal entity from the primary offering of municipal securities, investment income derived from the investment or reinvestment of such monies, and any monies of a municipal entity or obligated person held in funds under legal documents for the municipal securities that are reasonably expected to be used as security or a source of payment for the payment of the debt service on the municipal securities, including reserves, sinking funds and pledged funds created for such purpose, and the investment income derived from the investment or reinvestment of monies in such funds.
The term **"Municipal Escrow Investments"** means proceeds of municipal securities and any other funds of a municipal entity or Obligated Person that are deposited in an escrow account to pay the principal of, premium, if any, and interest on one or more issues of municipal securities.

## Signature

I hereby represent, warrant and certify to JPMS on behalf of the Entity, each of the foregoing and agree to notify JPMS immediately if circumstances change in a manner which makes any of the representations set forth on this certification untrue.

Authorized Signature
X [signature]

Date (mm/dd/yyyy)
8/6/17

Authorized Signer Name (please print)
Mark Neuman

**INVESTMENT PRODUCTS ARE:**
**NOT FDIC INSURED • NOT A DEPOSIT OR OTHER OBLIGATION OF, OR GUARANTEED BY, JPMORGAN CHASE BANK, N.A. OR ANY OF ITS AFFILIATES • SUBJECT TO INVESTMENT RISKS, INCLUDING POSSIBLE LOSS OF THE PRINCIPAL AMOUNT INVESTED**

# Limited Liability Company Certification

**Chase Investments**
A division of J.P. Morgan Securities LLC, member FINRA/SIPC.

New Accounts Fax (866) 966-4455
Account Maintenance Fax (800) 805-3909

## Certification (continued)

A Member/Manager may: (1) give to, and receive from, JPMS or its affiliates oral, written or electronic instructions, confirmations, notices or demands with respect to the account and any transaction; (2) bind the LLC to enter into and perform any transaction or agreement, amendment or modification thereof, relating to the account and any transaction involving the LLC; (3) lend or borrow money or securities and secure the repayment thereof with the property of the LLC; (4) pay in cash or by check or by credit or debit card or draft drawn upon the funds of the LLC any sums required to be paid in connection with the account and any transaction; (5) direct the sale or exercise of any rights with respect to any securities or other property; (6) agree to any terms or conditions or execute or otherwise assent to any document or agreement affecting the account and any transaction; (7) direct JPMS to surrender any securities or other property for the purpose of effecting any exchange or conversion thereof; (8) appoint any other person or persons to do any and all things which such Member/Manager of the LLC is hereby empowered to do; and (9) generally, take all such action as such Member/Manager of the LLC may deem necessary or desirable to implement or facilitate the trading activities described herein. Members/Managers are permitted to sell, assign and endorse for transfer, certificates representing stocks, bonds or other securities now registered or hereafter
registered in the name of the LLC. If a Member/Manager is an entity (e.g., Corporation), then the appropriate ancillary documents (e.g., corporate resolution) is required. If the Members/Managers want to authorize a third party to transact on the account, the General Partners must also submit a JPMS Trading Authorization form naming such party. Subject to the policies of JPMS and its affiliates, or in the event JPMS or its affiliates receive conflicting instructions, or reasonably believe instructions from one Member/Manager might conflict with the wishes of another Member/Manager or other authorized third party, JPMS or its affiliates may do any of the following: (a) choose which instructions to follow and which to disregard; (b) suspend all activity in the Account until written instructions, signed by all Members/Managers, are received; (c) close the Account and deliver all securities and other property, net of debits or liabilities, to the address of record; and/or (d) take other legal action.

**FOURTH:** Members/Managers certify that they have the power under the LLC Agreement and applicable law to open and maintain an Account with JPMS and its affiliates (including margin accounts*) and to enter into transactions, both purchases and sales, of securities and other property for the LLC. Not withstanding the herein certifications, any person with actual or apparent authority is authorized and empowered by the LLC to undertake any activity. All actions previously taken by any Member/Manager in connection with or related to the matters set forth in, or reasonably contemplated or implied by the herein certifications be, and each of them hereby is, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the LLC.

**FIFTH:** Members/Managers warrant and represent that the information above is accurate and complete. Members/Managers, jointly and severally, agree to indemnify and hold harmless JPMS, its agents, employees, representatives and affiliates, from and against any and all liabilities, judgments, claims, settlements, losses, damages, obligations, and expenses, including reasonable attorney fees, arising from or relating to this Certification and/or for effecting transactions for the Account in reliance thereon. If fewer than all Members/Managers sign, those signing certify that they are authorized to bind the LLC and all Members/Managers thereof to the terms of this Certification. Members/Managers agree to inform JPMS, in writing, of any changes in the identity of the Members/Managers listed above, any other amendments to the LLC and/or any other event that could alter the Certifications made herein including its revocation. Such written notice should be provided to JPMS at the following address: J.P. Morgan Securities LLC, Attention: Account Processing, IL1-0291 4th Floor, 131 South Dearborn Street, Chicago, IL 60603-5506 or any other address that has been provided by JPMS specifically for such purpose. JPMS may rely on this Certification indefinitely or until written notice to the contrary is received by JPMS. Members/Managers agree that this release and discharge shall survive the revocation of this Certification with respect to transactions entered into prior to the effectiveness of such revocation.

*Additional Documentation Required

## Member Signature(s)

**Authorized Members**

All Members/Managers have signed below

| Member Signature | Date (mm/dd/yyyy) |
|---|---|
| X *(signature)* | 8/16/17 |
| X *(signature)* | 8/16/17 |
| X *(signature)* | 8/16/17 |
| X | / / |

---

**INVESTMENT PRODUCTS ARE:**
NOT FDIC INSURED • NOT A DEPOSIT OR OTHER OBLIGATION OF, OR GUARANTEED BY, JPMORGAN CHASE BANK, N.A. OR ANY OF ITS AFFILIATES • SUBJECT TO INVESTMENT RISKS, INCLUDING POSSIBLE LOSS OF THE PRINCIPAL AMOUNT INVESTED




EXHIBIT A

ACTION OF THE MEMBERS AND MANAGERS

OF

WATERVIEW ACQUISITION I, LLC

AUGUST 11th 2017

The undersigned, each being a Member or Manager of WATERVIEW ACQUISITION I, LLC, a New York limited liability company (the "Company"), and collectively constituting all of the Members and Managers of the Company, do each hereby consent to and adopt the following resolutions as resolutions of the Members and Managers of the Company:

AUTHORIZATION

WHEREAS, it is deemed to be in the best interests of the Company and its members and affiliates to enter into an agreement with White Plains Health Care Properties as Developer (the "Developer"), for Developer to design and construct a 160 Bed Residential Health Care Facility in White Plains New York ("the Facility").

WHEREAS, Marc Neuman, Lizer Jozefovic and Gerald Neuman and the Company will derive substantial economic benefit by increasing their market share in Westchester County by the construction of the Facility; and

WHEREAS, Waterview Acquisition I, LLC is the owner of that certain account maintained at JP Morgan Account's entitled Waterview Acquisition I, LLC Account Number ▇▇▇ and Account Number ▇▇▇ (the "Account") in which Marc Neuman and Lizer Jozefovic are the sole signatories;

WHEREAS, in order to achieve the Companies goals set for the above it is in the best interest of the Company and its members to add Howard Fensterman as a signatory to that account and place certain restrictions on withdrawals from the account pending the construction of the Facility

THEREFORE, BE IT RESOLVED, that

1. The Company add Howard Fensterman as a co-signatory to the following account Waterview Acquisition I, LLC Account Number ▇▇▇ and Account Number ▇▇▇ at JP Morgan Chase together with Marc Neuman and Lizer Jozefovic;

2. Howard Fensterman's signature shall be required on any withdrawal or any direction to the Bank on the account where such withdrawal or direction shall cause the balance and value of the account to fall below 1.6 million dollars until such

-6-

time as the Facility is completed and an affiliated entity HBL-SNF satisfies its obligation to post a 1.6 million dollar additional cash security deposit according to Section 7.1(a)(iii) of the lease between HBL SNF, LLC as Tenant And White Plains Healthcare Property I, LLC as Landlord which requires Sixty days prior to the anticipated Commencement Date that the funds in the JP Morgan Chase Bank account in the amount of not less than $1,600,000 shall be deposited into the Landlords Rent Security Account,

3.                     Howard Fensterman's signature shall be required to withdraw all sums in the account in excess of 1.6 million at the direction of Lizer Jozefovic or Marc Neuman and by his signature below agrees to give such consent unless such withdrawal shall cause the balance in the account to fall below 1.6 Million dollars.

RESOLVED FURTHER, that the managers of the Company designated by any of them (such manager or managers, which are authorized to act singly or together pursuant hereto, being hereinafter designated as "authorized managers"), be and they are each hereby authorized, directed and empowered, in the name of the Company, to execute and deliver to JP Morgan Bank and all , agreements or instruments including this Resolution to JP Morgan Bank required to evidence and effectuate the terms of this Resolution which shall be incorporated into a formal resolution and direction to JP Morgan Chase Bank, N.A. evidencing the agreements memorialized by this Resolution.

RESOLVED FURTHER, that any and all acts of any of the authorized managers of the Company done or made heretofore in connection with the actions authorized by this Resolution and the execution of all agreements related thereto, are hereby ratified and approved in all respects.

RESOLVED FURTHER, that JP Mortgage Bank may conclusively rely upon a copy of these resolutions and is authorized to act upon these resolutions for past, present and future transactions until (a) written notice of its revocation is delivered JP Morgan Bank. The authority hereby granted shall apply with equal force and effect to the successors in office of the managers herein named.

[SIGNATURE PAGE FOLLOWS]

The foregoing action is taken pursuant to the applicable New York limited liability company statutory laws and the operating agreement of the Company, by the written consent of a majority of its members and managers of the Company acting without a meeting.

MEMBERS:

_____
Lizer Jozefovic

_____
Mark Neuman

_____
Gerald Neuman


MANAGERS:

_____
Name: Herbert (Lizer) Jozefovic
Title: Manager


AUTHORIZED SIGNATORY

_____
Howard Fensterman

-8-