# Exhibit F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
LIZER JOZEFOVIC,

                              Plaintiff,

    -vs-

WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,
HOWARD FENSTERMAN, and METROPOLITAN
COMMERCIAL BANK,

                              Defendants.
------------------------------------------------------------------------X

## SUMMONS

TO THE ABOVE-NAMED DEFENDANTS

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if the summons is not personally delivered to you within the State of New York). If you fail to appear or answer, judgment will be taken against you by default of the relief demanded herein.

      The Plaintiff designates New York County as the place of trial.

Dated: October 22, 2020    MICHELMAN & ROBINSON, LLP

By: _____
John Giardino, Esq.
Alex Barnett-Howell Esq.
800 Third Avenue, 24th Floor
New York, NY 10022
(212) 730-7700
jgiardino@mrllp.com
abarnett-howell@mrllp.com
*Attorneys for Plaintiff*

Defendants' Addresses:

WHITE PLAINS HEALTHCARE PROPERTIES I, LLC

2 Bourbon Street

Peabody, Massachusetts 01960


HOWARD FENSTERMAN

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP

3 Dakota Dr., Suite 300

Lake Success, NY 11042


METROPOLITAN COMMERCIAL BANK

99 Park Avenue, Fourth Floor

New York, New York 10016

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
LIZER JOZEFOVIC,

                        Plaintiff,                              Index No.

    -vs-

WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,
HOWARD FENSTERMAN, and METROPOLITAN
COMMERCIAL BANK,

                        Defendants.
------------------------------------------------------------------------X

## COMPLAINT

Plaintiff Lizer Jozefovic ("Plaintiff"), by his attorneys Michelman & Robinson, LLP, brings his complaint against Defendants White Plains Healthcare Properties I, LLC ("WPHP"), Howard Fensterman ("Mr. Fensterman"), and Metropolitan Commercial Bank ("MCB"), alleging upon information and belief the following:

## INTRODUCTION

1. This is an action to halt the dissemination of false and harmful statements as well as to prevent the fraudulent sale and to clarify the ownership of a limited liability company.

2. Plaintiff is the majority owner of Waterview Acquisition I, LLC.

3. Plaintiff previously entered into a collateral assignment, which established a rent security account for the White Plains Skilled Nursing Facility.

4. Plaintiff performed all obligations under the collateral assignment, which was acknowledged and documented by Mr. Fensterman.

5. Plaintiff subsequently assigned his interest in Waterview Acquisition I, LLC to MCB, as part of a financing arrangement, which both WPHP and Mr. Fensterman were aware of.

3

6. On October 6, 2020, WPHP and Mr. Fensterman issued a purported Notification of Disposition of Collateral, which stated that Plaintiff was a "debtor" and announced that Plaintiff's interest in Waterview Acquisition I, LLC would be sold at "public auction" on October 30, 2020 (the "Notification").

7. The Notification is entirely false: Plaintiff is not now, and has never been, indebted to WPHP or Mr. Fensterman, and WPHP and Mr. Fensterman have no right or ability to sell the Plaintiff's interest in Waterview Acquisition I, LLC. Any attempt to do so is false, improper, and in breach of the collateral assignment.

8. Moreover, the Notification was designed to inflict maximum damage, as it was widely broadcast to Plaintiff's business partners and other interested parties, harming Plaintiff's reputation and ability to operate his facilities.

9. Moreover, Mr. Fensterman has represented Plaintiff previously, and continues to represent Plaintiff in a variety of matters, making his decision to act directly against Plaintiff's interests bizarre, improper, and actionable.

10. Moreover, if WPHP and Mr. Fensterman continue with a fraudulent sale, as stated in the Notification, it will harm Plaintiff's business and operations, as well as potential third parties who improperly attempt to purchase Plaintiff's interest.

### THE PARTIES

11. Plaintiff Lizer Jozefovic is a resident of the State of New York.

12. Defendant White Plains Healthcare Properties I, LLC is a foreign limited liability company that regularly conducts business in the State of New York.

13. Defendant Howard Fensterman is a resident of the State of New York and regularly conducts business in the State of New York.

4

14. Defendant Metropolitan Commercial Bank is a commercial bank with its headquarters located at 99 Park Ave, New York, NY 10016 and regularly conducts business in the State of New York.

15. This Court has jurisdiction over all causes of action asserted herein because all causes of action asserted herein arise out of conduct undertaken by defendants in the State of New York.

16. Each defendant has sufficient minimum contacts with the State of New York and has otherwise intentionally availed himself/itself of the State of New York so as to render the exercise of jurisdiction over it by the State of New York court consistent with traditional notions of fair play and substantial justice.

## FACTUAL ALLEGATIONS

### The Collateral Assignment

17. Plaintiff has a 70% share of Waterview Acquisition I, LLC (the "Membership Interest"), making him the majority owner.

18. Plaintiff previously entered into a collateral assignment, which established a rent security account for the White Plains Skilled Nursing Facility (the "Collateral Assignment").

19. The Collateral Assignment states, in relevant part:

   a. Under Paragraph 2, upon the deposit of $1,600,000 into the rent security account, the "assignment shall automatically terminate and be void and of no further effect";

   b. Under Section 13, the exercise of the White Plains Health Care Properties LLC's (the "Assignee") rights is limited to a violation of the "terms and provisions concerning the maintenance of the account…"; and

5

  c. Under Section 13(c), any proceeds derived from the disposition of the collateral must be applied to the rent security account.

20. In November 2015, Plaintiff deposited $1,595,031.44 into Chase Account ending in xxxx-xxx-xxxx-7272 to establish the rent security (the "Rent Security").

21. The funds for the Rent Security were derived from the refinancing of the Waterview real property.

22. At that time, both Gerald Billow, Esq an attorney at Posternak, Blankstein & Lund LLP, in Boston and Greg Stollar, Esq. of Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP ("Abrams, Fensterman LLP"), attorneys for WPHP and Mr. Fensterman, were directly informed that the Rent Security had been established, satisfying the Collateral Assignment requirements.

23. Moreover, Mr. Fensterman was personally aware of the Rent Security and that the Collateral Assignment had been satisfied, as he and his legal counsel were informed of the creation of the account, and the money to fund the account was wired from Abrams, Fensterman LLP after Plaintiff established the account and made arrangements for Mr. Fensterman to be a signatory.

24. On December 14, 2015, Mr. Fensterman signed the Business Account Signature Form.

25. In 2017, the Rent Security was transferred to the Chase account ending in xxxx-xxx-xxxx-0885 by resolution of Waterview Acquisition I, LLC.

26. The resolution and account holder certification form were tendered to Mr. Fensterman.

6

27. As a result of Plaintiff's performance, all relevant obligations under the Collateral Assignment were completely satisfied by the provision of the Rent Security, automatically terminating the Collateral Assignment and rendering it void pursuant to its own provisions.

### Assignment of the Membership Interest to MCB

28. At the time of the Collateral Assignment, the Operating Agreement of Waterview Acquisition I, LLC did not permit its members to assign their membership interests.

29. At that time, the Operating Agreement of Waterview Acquisition I, LLC stated, in relevant part:

   a. Articles 5 and 6 did not provide for any assignment of the Membership Interest;

   b. Article 12 specifically prohibited an assignment of the Membership Interest to Mr. Fensterman as Nominee of White Plains Healthcare Properties LLC.

30. Mr. Fensterman is aware of these facts, as well as the limitations on transferring and assigning the Membership Interest, as Mr. Fensterman and his firm Abrams, Fensterman LLP acted as counsel to Waterview Acquisition I, LLC in its formation and execution of its operating agreement.

31. However, the Operating Agreement of Waterview was subsequently amended in order to authorize Plaintiff, as the majority member, to assign his interest.

32. In December 2019, Plaintiff assigned the Membership Interest to MCB in connection with a $3,000,000.00 loan as part of a financing arrangement to provide working capital to benefit the White Plains project, most of which was paid in the form of rent to Defendants WPHP and Mr. Fensterman.

33. Currently, MCB has perfected its security interest in the Membership Interest and maintains physical possession of the membership certificates evidencing Plaintiff's ownership of interests in Waterview Acquisition I, LLC.

34. Mr. Fensterman knew of the approved of the loan from and assignment to MCB, as the proceeds have been used to pay rent on the White Plains Nursing Home.

35. Moreover, Mr. Fensterman has continued to represent Waterview Acquisition I, LLC to the present date, and has recently tendered bills and asked for payment for certain litigation matters.

36. Moreover, Mr. Fensterman previously acted as Plaintiff's personal counsel, during which time he represented Plaintiff in matters related to the corporate compliance and collection matters for all of Plaintiff's nursing homes.

### Distribution of the Notification and Resulting Harm

37. On October 6, 2020, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP ("DDW LLP") issued a purported Notification of Disposition of Collateral, dated October 6, 2020, which announced the intention to sell the Membership Interest at "public auction" (the "Notification").

38. The Notification was first sent on October 6, 2020 by Mr. Fensterman "as nominee for White Plains Health Care Properties, LLC."

39. The Notification claims to be based upon the Collateral Assignment.

40. The Notification states that Plaintiff is a "debtor" and that the Membership Interest will be sold "to the highest qualified public bidder in public" at 10:00 am on Friday, October 30, 2020 at DDW LLP.

8

41. Since then, Defendants WPHP and Mr. Fensterman have distributed the notice to multiple hospital operators across the state, as well as Plaintiff's current and potential colleagues and business partners.

42. Plaintiff has received multiple calls inquiring about the alleged "debt" claimed in the Notification.

43. Plaintiff has never received any funds from WPHP or Mr. Fensterman. Therefore, neither Waterview Acquisition I, LLC nor Plaintiff owes any money to WPHP as there is no debt, and Plaintiff is not and cannot be a debtor.

44. Moreover, since 2015, Plaintiff has given WPHP and Mr. Fensterman over $4.6 million in a combination of loans, unallocated payments, and a down-payment for the purchase of a building.

45. Moreover, since September 2019, Plaintiff has paid rent of over $6 million.

46. In Plaintiff's business, the public allegation of unpaid debts is very serious and damaging and has negatively impacted Plaintiff's standing in the business and banking communities.

47. On October 16, 2020, Plaintiff, through counsel, attempted to contact Alfred E. Donnellan, Esq. ("Mr. Donnellan), the Managing Partner at DDW LLP, to confirm by October 20, 2020 that the Notification has been withdrawn and that there will be no attempts to proceed against the Membership Interest.

48. Neither Mr. Donnellan nor Mr. Fensterman have responded.

49. Plaintiff has been irreparably harmed by the Notification and any purported sale of the Membership Interest, and this harm will continue until the Notification is withdrawn and a correction is issued.

50. The wide dissemination of the false claims in the Notification has damaged Plaintiff's reputation and standing within the nursing home community.

51. Moreover, Plaintiff has been questioned by lenders and other interested parties as to the viability of his business concerns.

52. Moreover, the publication of the Notification has materially affected admissions to Plaintiff's facilities.

53. Moreover, if WPHP and Mr. Fensterman continue with a wrongful and fraudulent sale of the Membership Interest, it will disastrously and irreparably harm Plaintiff and potential third-parties who attempt to purchase the Membership Interest based upon a non-existent debt and without the ability to do so.

54. This action is brought to seek redress for WPHP and Mr. Fenster's harmful conduct, and to clarify ownership of the Membership Interest as to MCB.

### FIRST CAUSE OF ACTION
### Declaratory Judgment
### (All Defendants)

55. Plaintiff repeats and incorporates by reference each of the foregoing allegations as though fully set forth herein.

56. The Collateral Assignment states that it is automatically terminated upon the establishment of the Rent Security.

57. Plaintiff properly established the Rent Security, pursuant to the requirements of the Collateral Assignment.

58. Defendants have personal knowledge that the Collateral Assignment was satisfied and is therefore null and void.

59. Plaintiff properly assigned the Membership Interest to MCB.

10

60. Defendants have personal knowledge that the Membership Interest has been assigned to MCB.

61. Plaintiff requests that the Court issue a declaratory judgment finding that: the Collateral Assignment is null and void following the establishment of the Rent Security; that the Membership Interest has been assigned to MCB; that Plaintiff is not indebted to WPHP or Mr. Fensterman; and consequently that WPHP and Mr. Fensterman have no right or claim to the Membership Interest, nor can WPHP, Mr. Fensterman, or DDW LLP sell or otherwise transfer the Membership Interest.

## SECOND CAUSE OF ACTION
### Breach of Contract
### (WPHP and Mr. Fensterman)

62. Plaintiff repeats and incorporates by reference each of the foregoing allegations as though fully set forth herein.

63. Plaintiff and WPHP entered into the Collateral Assignment

64. Plaintiff has performed all conditions, covenants, and promises required to be performed by Plaintiff in accordance with the terms of the Collateral Assignment alleged herein.

65. Specifically, Plaintiff established the Rent Security pursuant to the terms of the Collateral Assignment, resulting in the termination of the Collateral Assignment and rendering it void pursuant to its own provisions.

66. Defendants have personal knowledge that the Rent Security has been established, and that the Collateral Assignment has been terminated.

67. WPHP and Mr. Fensterman issued the Notification in breach of the Collateral Assignment.

68. As a direct and proximate result of the foregoing conduct by WPHP and Mr. Fensterman, Plaintiff has suffered damages in an amount subject to proof at trial.

11

69. WPHP and Mr. Fensterman's conduct, as alleged above, was willful, malicious and intentional and done for the purpose of depriving Plaintiff of property or legal rights or otherwise causing injury, and, therefore, was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages in an amount to be established at trial.

### THIRD CAUSE OF ACTION
### Fraud
### (WPHP and Mr. Fensterman)

70. Plaintiff repeats and incorporates by reference each of the foregoing allegations as though fully set forth herein.

71. WPHP and Mr. Fensterman have made multiple false statements regarding the Plaintiff and the Membership Interest.

72. Specifically, WPHP and Mr. Fensterman issued the Notification claiming that Plaintiff was a debtor, and that the Membership Interest would be sold to satisfy the debt.

73. However, Plaintiff is not indebted to WPHP and Mr. Fensterman, and WPHP and Mr. Fensterman have no right to sell the Membership Interest.

74. As a direct and proximate result of the foregoing conduct by WPHP and Mr. Fensterman, Plaintiff has suffered damages in an amount subject to proof at trial.

75. WPHP and Mr. Fensterman's conduct, as alleged above, was willful, malicious and intentional and done for the purpose of depriving Plaintiff of property or legal rights or otherwise causing injury, and, therefore, was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages in an amount to be established at trial.

## THIRD CAUSE OF ACTION
### Defamation
### (WPHP and Mr. Fensterman)

76. Plaintiff repeats and incorporates by reference each of the foregoing allegations as though fully set forth herein.

77. On October 6, 2020, WPHP and Mr. Fensterman caused the Notification to be issued.

78. The Notification claims that Plaintiff is a "debtor," and that WPHP, Mr. Fensterman, and DDW LLP will sell the Membership Interest at a public auction to satisfy Plaintiff's debts. These statements are false.

79. WPHP and Mr. Fensterman knew that the statements in the Notification were false at the time the Notification was issued.

80. The Notification was widely distributed to Plaintiff's current and potential colleagues and business partners.

81. As a direct and proximate result of the foregoing conduct by WPHP and Mr. Fensterman, Plaintiff has suffered damages in an amount subject to proof at trial.

82. WPHP and Mr. Fensterman's conduct, as alleged above, was willful, malicious and intentional and done for the purpose of depriving Plaintiff of property or legal rights or otherwise causing injury, and, therefore, was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages in an amount to be established at trial.

## FOURTH CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Mr. Fensterman)

83. Plaintiff repeats and incorporates by reference each of the foregoing allegations as though fully set forth herein.

13

84. At all relevant times, as Plaintiff's former and current legal representative, Mr. Fensterman owed fiduciary duties to Plaintiff, including the duties of loyalty, good faith, and care.

85. Mr. Fensterman breached his fiduciary duties to Plaintiff by issuing the Notification.

86. As a direct and proximate result of the foregoing conduct by Mr. Fensterman, Plaintiff has suffered damages in an amount subject to proof at trial.

87. Mr. Fensterman's conduct, as alleged above, was willful, malicious and intentional and done for the purpose of depriving Plaintiff of property or legal rights or otherwise causing injury, and, therefore, was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages in an amount to be established at trial.

**FIFTH CAUSE OF ACTION**
**Legal Malpractice**
**(Mr. Fensterman)**

88. Plaintiff repeats and incorporates by reference each of the foregoing allegations as though fully set forth herein.

89. Mr. Fensterman acted as legal counsel to Plaintiff, both during and after the Collateral Assignment.

90. Mr. Fensterman was required to represent Plaintiff's interests without conflict.

91. Mr. Fensterman abused his position as Plaintiff's legal counsel and acted in direct opposition to Plaintiff's interests by issuing the Notification.

92. As a direct and proximate result of the foregoing conduct by Mr. Fensterman, Plaintiff has suffered damages in an amount subject to proof at trial.

93. Mr. Fensterman's conduct, as alleged above, was willful, malicious and intentional and done for the purpose of depriving Plaintiff of property or legal rights or otherwise causing injury, and, therefore, was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages in an amount to be established at trial.

### SIXTH CAUSE OF ACTION
### Judiciary Law Section 487
### (Mr. Fensterman)

94. Plaintiff repeats and incorporates by reference each of the foregoing allegations as though fully set forth herein.

95. Mr. Fensterman acted as legal counsel to Plaintiff, both during and after the Collateral Assignment.

96. Mr. Fensterman acted deceitfully by issuing the Notification in an attempt to fraudulently sell the Membership Interest and to harm Plaintiff, his own client.

97. Mr. Fensterman intends to receive compensation from other parties, including WPHP, by acting against Plaintiff's interests.

98. As a direct and proximate result of the foregoing conduct by Mr. Fensterman, Plaintiff has suffered damages in an amount subject to proof at trial.

99. Mr. Fensterman's conduct, as alleged above, was willful, malicious and intentional and done for the purpose of depriving Plaintiff of property or legal rights or otherwise causing injury, and, therefore, was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages in an amount to be established at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Lizer Jozefovic prays for judgment against Defendants White Plains Healthcare Properties I, LLC, Howard Fensterman, and Metropolitan Commercial Bank as follows:

1. On the First Cause of Action, an order declaring that:

    a. The Collateral Assignment is null and void following the establishment of the Rent Security;

    b. The Membership Interest has been properly assigned to MCB;

    c. Plaintiff is not indebted to WPHP or Mr. Fensterman; and

    d. WPHP and Mr. Fensterman have no right or claim to the Membership Interest, nor can WPHP, Mr. Fensterman, or DDW LLP sell or otherwise transfer the Membership Interest;

2. On the Second, Third, and Fourth, Fifth, and Sixth Causes of Action herein, for compensatory and consequential damages in in an amount subject to proof at trial;

3. For punitive damages;

4. For recovery of attorney's fees as provided by law, contract, or statute;

5. For pre-judgment interest at the maximum rate permitted by law;

6. For costs incurred; and

7. For any other and further relief as the court may deem proper.

Dated: October 22, 2020          MICHELMAN & ROBINSON, LLP

By: _____
John Giardino, Esq.
Alex Barnett-Howell Esq.
800 Third Avenue, 24th Floor
New York, NY 10022
(212) 730-7700
jgiardino@mrllp.com
abarnett-howell@mrllp.com
*Attorneys for Plaintiff Lizer Jozefovic*

17

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable in this action.

Dated:  October 22, 2020               MICHELMAN & ROBINSON, LLP

                                       By: _____
                                       John Giardino, Esq.
                                       Alex Barnett-Howell Esq.
                                       800 Third Avenue, 24th Floor
                                       New York, NY 10022
                                       (212) 730-7700
                                       jgiardino@mrllp.com
                                       abarnett-howell@mrllp.com
                                       *Attorneys for Plaintiff Lizer Jozefovic*