# Exhibit G

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. NANCY M. BANNON | PART | IAS MOTION 42EFM |
| | Justice | | |

-----------------------------------------------------------------X

LIZER JOZEFOVIC,

                              Plaintiff,

- v -

WHITE PLAINS HEALTHCARE PROPERTIES I, LLC, HOWARD FENSTERMAN, and METROPOLITAN COMMERCIAL BANK

                              Defendants.

-----------------------------------------------------------------X

INDEX NO. 655549/2020

MOTION DATE 01/04/2021, 01/04/2021

MOTION SEQ. NO. 001 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 86

were read on this motion to/for     PREL INJUNCTION/TEMP REST ORDR.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 7, 8, 9, 10, 11, 12, 13, 61, 62, 63, 77, 78, 79, 80, 81, 82, 83, 84, 85, 87, 89

were read on this motion to/for     CHANGE VENUE.

In this action seeking a declaratory judgment and damages in connection with claims sounding in, *inter alia*, breach of contract, fraud, defamation, breach of fiduciary duty, and legal malpractice, the plaintiff moves pursuant to CPLR 6301 for a preliminary injunction enjoining the defendants and their agents from publishing and distributing false statements about the plaintiff and from taking any action to transfer, assign, convey, or sell the plaintiff's membership interest in Waterview Acquisition I, LLC ("Waterview") (SEQ 001). The defendants White Plains Healthcare Properties I, LLC ("WPH Properties"), and Howard Fensterman ("Fensterman") oppose the motion and separately move pursuant to CPLR 511 and 602 to transfer this action to Westchester County and consolidate it with an action pending there entitled <u>White Plains Healthcare Properties I, LLC v HBL SNF, LLC, Lizer Jozefovic and Mark Neuman</u>, Index No. 60278/2020 (the "Westchester Action") (SEQ 002). The plaintiff opposes the moving defendants' application. For the following reasons, the moving defendants' motion is granted and the plaintiff's motion is denied without prejudice.

655549/2020 JOZEFOVIC, LIZER vs. WHITE PLAINS HEALTHCARE
Motion No. 001 002

Page 1 of 5

WPH Properties is the developer and owner of a new skilled nursing facility located in Westchester County, New York (the "Facility"). The Facility is operated by HBL SNF, LLC ("HBL"), an entity controlled by the plaintiff. WPH Properties and HBL are parties to an operating lease dated November 19, 2015 (the "Lease"), under which WPH Properties leases the Facility to HBL, as tenant. The plaintiff and nonparty Marc Neuman, as principals of HBL, are HBL's guarantors under the Lease.

Section 7.1(a)(iii) of the Lease provides that HBL was to pay an additional security deposit in the amount of $1.6 Million 60 days prior to the start of the lease period. As security for that payment, the plaintiff and WPH Properties entered into a collateral assignment agreement (the "Collateral Assignment Agreement"). Pursuant to the Collateral Assignment Agreement, the plaintiff assigned to WPH Properties his 71% membership interest in Waterview, an entity that owns another skilled nursing home in Westchester County (the "Waterview Interest"). The plaintiff also agreed to list Howard Fensterman, attorney for WPH Properties, as a signatory to a Waterview account with JP Morgan (the "Waterview account") where the $1.6 Million was currently being held. The Collateral Assignment Agreement provided that:

> "[u]pon the effectuation of Section 7.1(a)(iii) of the lease which requires Sixty days prior to the anticipated Commencement Date, the funds in the [Waterview account] in the amount of not less than $1,600,000 shall be deposited into the Landlords Rent Security Account, the [Waterview Interest] assigned to [WPH Properties] …shall be automatically reassigned by [WPH Properties] to [the plaintiff] without recourse, representation or warranty, and this Assignment shall automatically terminate and be void and of no further effect."

The "Landlords Rent Security Account" is not a defined term in the Lease or the Collateral Assignment Agreement. The Collateral Assignment Agreement further provides that the exercise of WPH Properties' rights to sell the Waterview Interest as assignee is authorized upon the plaintiff's violation of the "terms and provisions concerning the maintenance of the [Waterview account]…"

The plaintiff avers that he satisfied his obligations under the Collateral Assignment Agreement and that as a result, the assignment terminated. In 2019, the plaintiff assigned the Waterview Interest to defendant Metropolitan Commercial Bank ("MCB") in connection with a $3 Million loan as part of a financing arrangement to provide working capital to benefit the Facility, including through the payment of rent to WPH Properties.

On September 18, 2020, WPH Properties commenced the Westchester Action, in which it contends, *inter alia*, that HBL breached the Lease by failing to pay rent, municipal and utility deposits, real estate taxes, and other fees associated with the Facility, including the $1.6 Million security deposit required by Section 7.1(a)(iii).  On October 6, 2020, WPH Properties noticed a public sale of the Waterview Interest based upon the plaintiff's alleged default under the Collateral Assignment Agreement.  On October 22, 2020, this action ensued.

"Consolidation is generally favored in the interest of judicial economy and ease of decision-making where cases present common questions of law and fact, 'unless the party opposing the motion demonstrates that a consolidation will prejudice a substantial right.'" Raboy v McCrory Corp., 210 AD2d 145 (1st Dept. 1994) (quoting Amtorg Trading Corp. v Broadway & 56th St. Assoc., 191 AD2d 212, 213 [1st Dept. 1993]).  The movants correctly argue that consolidation is warranted here because this action and the Westchester Action share common questions of law and fact.  See CPLR 602; DeSilva v Plot Realty, LLC, 85 AD3d 422 (1st Dept. 2011); Kern v Shandell, Blitz, Blitz & Bookson, 58 AD3d 487 (1st Dept. 2009).

The plaintiff opposes consolidation, observing that while the Westchester Action involves claims regarding HBL's performance of its obligations under the Lease and the plaintiff's performance under the guarantee he signed, the instant action involves claims regarding ownership of the Waterview Interest pursuant to the separate Collateral Assignment Agreement.  However, this characterization of the actions ignores the fact that both (a) WPH Properties' claim in the Westchester Action that the additional security was not paid and (b) the plaintiff's central claim in this action that the Collateral Assignment Agreement automatically terminated turn on the same question: whether Section 7.1(a)(iii) of the Lease was effectuated.  Allowing this question to proceed in two separate courts risks inconsistent results.  Moreover, WPH Properties avers in its moving papers that it has amended its complaint in the Westchester Action to include a claim sounding in violation of the Collateral Assignment Agreement against the plaintiff.  Finally, the plaintiff, who is a resident of Westchester County and a party to the Westchester Action, which was commenced prior to the instant action, would not suffer prejudice to any substantial right as a result of consolidation and transfer.

The court notes that transfer is also appropriate because it appears that venue is improper in New York County.  CPLR 503 provides that "[e]xcept where otherwise prescribed by

655549/2020   JOZEFOVIC, LIZER vs. WHITE PLAINS HEALTHCARE
Motion No.  001 002

Page 3 of 5

law, the place of trial shall be in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if none of the parties then resided in the state, in any county designated by the plaintiff." Here, the only entity residing in New York County is MCB, which the plaintiff has included as a defendant but against which the plaintiff has not asserted any claim. Conversely, several parties, including the plaintiff, reside in Westchester County. Since venue properly lies in Westchester County, the court declines to retain venue on the basis of MCB, a nominal defendant against whom there is no claim. See Espinoza v Concordia Intl. Forwarding Corp., 39 AD3d 258 (1st Dept. 2007).

The plaintiff's motion for preliminary injunctive relief is denied without prejudice to renewal upon transfer and consolidation in Westchester County.

Accordingly, it is

ORDERED that the plaintiff's motion pursuant to CPLR 6301 for a preliminary injunction (SEQ 001) is denied without prejudice to renewal upon the transfer and consolidation of this action in Westchester County; and it is further

ORDERED that the motion of White Plains Healthcare Properties I, LLC, and Howard Fensterman pursuant to CPLR 511 and 602 to transfer this action to Westchester County and consolidate it with an action pending there entitled White Plains Healthcare Properties I, LLC v HBL SNF, LLC, Lizer Jozefovic and Mark Neuman, Index No. 60278/2020, (SEQ 002) is granted; and it is further

ORDERED this action, Lizer Jozefovic v White Plains Healthcare Properties I, LLC, Howard Fensterman, and Metropolitan Commercial Bank, Index No. 655549/2020, pending in the Supreme Court, New York County, shall be consolidated in the Supreme Court, Westchester County, with White Plains Healthcare Properties I, LLC v HBL SNF, LLC, Lizer Jozefovic and Mark Neuman, Index No. 60278/2020; and it is further,

ORDERED that the consolidation shall take place under Westchester County Index No. 60278/2020; and it is further,

ORDERED that the Clerk of this Court shall transfer the file in this action to the Clerk of the Supreme Court, Westchester County, for consolidation and shall mark his records to reflect such transfer; and it is further,

ORDERED that the Clerk of the Court shall coordinate the transfer of the file in this action with the Clerk of the Supreme Court, Westchester County, so as to ensure an efficient transfer and minimize insofar as practical the reproduction of documents, including with regard to any documents that may be in digital format; and it is further

ORDERED that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; and it is further

ORDERED that, within 30 days from entry of this order, counsel for the moving defendants shall serve a copy of this order with notice of entry upon the Clerk of this Court, shall pay the appropriate transfer fee, if any, and shall contact the staff of the Clerk of this Court and cooperate in effectuating the transfer and consolidation; and it is further

ORDERED that such service upon the Clerk of this Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)].

This constitutes the Decision and Order of the court.

_____              _____
4/8/2021                                NANCY M. BANNON, J.S.C.
DATE                                    HON. NANCY M. BANNON

| CHECK ONE: | | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| SEQ 001 | | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| SEQ 002 | | X | GRANTED | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | X | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |