# Exhibit 5




October 18, 2019

**VIA FEDEX DELIVERY and EMAIL** wnicholson@congressconstruction.com

White Plains Healthcare Properties I, LLC
West Peabody Executive Center, Ste. 200
Bourbon Street
Peabody, MA 01960
Attn: William A. Nicholson

Re: Construction loan (the "Loan") evidenced by that certain Promissory Note dated August 18, 2017 (the "Note") in the original aggregate principal amount of up to $38,500,000.00 made by White Plains Healthcare Properties I, LLC ("Borrower") to the order of Security Benefit Life Insurance Company ("Lender")

Dear Mr. Nicholson:

Reference is made to the Note and to the Loan Agreement dated August 18, 2017 by and between Borrower and Lender (the "Loan Agreement").

Borrower executed and delivered the Note to Lender. The Note evidences the obligation of Borrower to pay the Loan, including without limitation, the principal amount of the Note and all interest which accrued on the Note.

**Borrower has failed to make, or cause to be made, the monthly payment of interest due under the Note and under Section 2.12 of the Loan Agreement on October 1, 2019, which failure constitutes an Event of Default under the Loan Agreement Section 5.1 (a) (Events of Default). In accordance with the terms and conditions of the Loan Agreement, for so long as any Event of Default shall have occurred and be continuing, the outstanding principal balance of the Loan and, to the extent permitted by applicable law, overdue interest in respect of the Loan, shall each accrue interest at the Default Rate, calculated from the date such payment was due without regard to any grace or cure periods contained in the Loan Agreement.**

WPH 0018684
CONFIDENTIAL

**Security Benefit**
TO AND THROUGH RETIREMENT

One Security Benefit Place
Topeka, Kansas 66636

SecurityBenefit.com

## Security Benefit Life Insurance Company

White Plains Healthcare Properties I, LLC
Attn: William A. Nicholson
October 18, 2019
Page Two

**The foregoing failure to pay constitutes an Event of Default under the Loan Agreement.**

In addition, pursuant to Section 2.8 of the Loan Agreement, a late charge in the amount of $12,642.24 must be paid to Lender.

Furthermore, as a courtesy reminder, pursuant to Section 8.1 (a) of the Loan Agreement, Borrower shall establish the Cash Management Account (as defined in the Loan Agreement) with Wells Fargo not later than 60 days prior to the anticipated rent commencement date under the Operating Lease, into which Borrower shall deposit, or cause to be deposited, all revenue generated by the Property.

The foregoing does not constitute a waiver of any term, provision, condition, covenant or agreement contained in any of the Loan Documents (as defined in the Loan Agreement) or any instrument or agreement evidencing, related to or securing the Note, nor shall it (i) operate as a waiver of any right, remedy, power or privilege thereunder, (ii) prejudice or preclude any other further exercise thereof or the exercise of any right or remedy provided by law or in equity, (iii) entitle Borrower to any other or further notice or demand whatsoever or (iv) in any way modify, change impair, affect, diminish or release any liability of Borrower under or pursuant to any of the Loan Documents.

Please contact Douglas Schneider (785-438-1642) with any questions regarding the content of this letter, or have your counsel contact me directly.

Very truly yours,
Security Benefit Life Insurance Company

By: _____

Douglas Schneider
Investment Analyst

Douglas Schneider (via email - douglas.schneider@securitybenefit.com)

WPH 0018685
CONFIDENTIAL

**Security Benefit®**
TO AND THROUGH RETIREMENT

One Security Benefit Place
Topeka, Kansas 66636

SecurityBenefit.com

April 16, 2020

**VIA FEDEX DELIVERY and EMAIL wnicholson@congressconstruction.com**

White Plains Healthcare Properties I, LLC
West Peabody Executive Center, Ste. 200
2 Bourbon Street
Peabody, MA 01960
Attn: William A. Nicholson

Re:     Construction loan (the "Loan") evidenced by that certain Promissory Note dated August 18, 2017 (the "Note") in the original aggregate principal amount of $38,500,000.00 made by White Plains Healthcare Properties I, LLC ("Borrower") to the order of Security Benefit Life Insurance Company ("Lender")

Dear Mr. Nicholson:

Reference is made to the Note and to the Loan Agreement dated August 18, 2017 by and between Borrower and Lender (the "Loan Agreement").

Borrower executed and delivered the Note to Lender. The Note evidences the obligation of Borrower to pay the Loan, including without limitation, the principal amount of the Note and all interest which accrued on the Note.

**Borrower has failed to make, or cause to be made, the monthly payment of interest due under the Note and under Section 2.12 of the Loan Agreement on April 1, 2020, which failure constitutes an Event of Default under the Loan Agreement Section 5.1 (a) (Events of Default). In accordance with the terms and conditions of the Loan Agreement, for so long as any Event of Default shall have occurred and be continuing, the outstanding principal balance of the Loan and, to the extent permitted by applicable law, overdue interest in respect of the Loan, shall each accrue interest at the Default Rate, calculated from the date such payment was due without regard to any grace or cure periods contained in the Loan Agreement.**

**In addition, pursuant to Section 2.8 of the Loan Agreement, a late charge will be assessed.**

**Finally, despite repeated requests, Borrower has failed to establish the Cash Management Account as required under Section 8.1 of the Loan Agreement.**

**Security Benefit Life Insurance Company**

White Plains Healthcare Properties I, LLC
Attn: William A. Nicholson
April 16, 2020
Page Two

The foregoing does not constitute a waiver of any term, provision, condition, covenant or agreement contained in any of the Loan Documents (as defined in the Loan Agreement) or any instrument or agreement evidencing, related to or securing the Note, nor shall it (i) operate as a waiver of any right, remedy, power or privilege thereunder, (ii) prejudice or preclude any other further exercise thereof or the exercise of any right or remedy provided by law or in equity, (iii) entitle Borrower to any other or further notice or demand whatsoever or (iv) in any way modify, change impair, affect, diminish or release any liability of Borrower under or pursuant to any of the Loan Documents.

Please contact Douglas Schneider (785-438-1642) with any questions regarding the content of this letter, or have your counsel contact me directly.

Very truly yours,
Security Benefit Life Insurance Company

By: _____
Douglas Schneider
Investment Analyst

Douglas Schneider (via email - douglas.schneider@securitybenefit.com)



Security Benefit®
TO AND THROUGH RETIREMENT

One Security Benefit Place
Topeka, Kansas 66636

SecurityBenefit.com

May 22, 2020

**VIA FEDEX DELIVERY and
EMAIL wnicholson@congressconstruction.com**

White Plains Healthcare Properties I, LLC
West Peabody Executive Center, Ste. 200
2 Bourbon Street
Peabody, MA 01960
Attn: William A. Nicholson

Re:  **Notice of Default** - Construction loan (the "Loan") evidenced by that certain Promissory Note dated August 18, 2017 (the "Note") in the original aggregate principal amount of $38,500,000.00 made by White Plains Healthcare Properties I, LLC ("Borrower") to the order of Security Benefit Life Insurance Company ("Lender")

Dear Mr. Nicholson:

Reference is made to the Note and to the Loan Agreement dated August 18, 2017 by and between Borrower and Lender (the "Loan Agreement").

Borrower executed and delivered the Note to Lender. The Note evidences the obligation of Borrower to pay the Loan, including without limitation, the principal amount of the Note and all interest which accrued on the Note.

### Payment Default

Borrower has failed to make, or cause to be made, the monthly payment of interest due under the Note and under Section 2.12 of the Loan Agreement on May 1, 2020, which failure constitutes an Event of Default under the Loan Agreement Section 5.1 (a) (Events of Default). In accordance with the terms and conditions of the Loan Agreement, for so long as any Event of Default shall have occurred and be continuing, the outstanding principal balance of the Loan and, to the extent permitted by applicable law, overdue interest in respect of the Loan, shall each accrue interest at the Default Rate, calculated from the date such payment was due without regard to any grace or cure periods contained in the Loan Agreement. In addition, pursuant to Section 2.8 of the Loan Agreement, a late charge will be assessed. Please note that the total principal amount currently due from Borrower, together with late charges and default interest due from Borrower, are shown on Exhibit A.

### Other Defaults

1. Borrower has failed to establish the Cash Management Account as required under Section 8.1 of the Loan Agreement.

**Security Benefit Life Insurance Company**

White Plains Healthcare Properties I, LLC
Attn: William A. Nicholson
May 22, 2020
Page Two

      2.      Borrower has failed to send a Tenant Direction Notice to direct the sole tenant, HBL SNF, LLC, to pay rent directly to Lender, as required by Section 8.1 of the Loan Agreement.

      3.      Borrower has failed to deposit all revenue generated by the Property into the Cash Management Account as required by Section 8.1 of the Loan Agreement. Among other things, we recently learned that the Tenant may have paid Borrower approximately $2,200,000 in late 2019 or early 2020. Any such revenue should have been deposited with Lender.

      4.      Borrower has failed to supply the financial statements for Borrower required under Section 3.13 and Exhibit B of the Loan Agreement.

      5.      Borrower has failed to supply annual financial statements of each Guarantor as required under Section 3.13 and Exhibit B of the Loan Agreement.

### Other Issues

We also call your attention to the following:

      1.      <u>No Distributions</u>. Section 3.27 of the Loan Agreement prohibits "any distribution" to "any owner of any direct or indirect equity interests of Borrower," with limited exceptions. Please confirm that no prohibited distributions have been made while the Loan has been outstanding.

      2.      <u>No Termination of Lease</u>. We understand Borrower may have sent a Notice of Termination to the tenant under the Operating Lease in late 2019 or early 2020. Please note that pursuant to Section 3.5 of the Loan Agreement, the Operating Lease cannot be terminated without the consent of Lender.

      3.      <u>Recourse Liability</u>. Under the Loan Agreement and the Guaranty Agreement, Borrower and each Guarantor are personally liable to Lender for the "misapplication, misappropriation or conversion by Borrower" of any "Rents" or other monetary collateral for the Loan. We also call to your attention that Borrower and each Guarantor are personally liable to Lender for certain "Losses" arising out of the "willful misconduct" of Borrower in connection with the Loan or Property.

      4.      <u>Maturity Date</u>. We remind you again of the maturity date of the Loan on August 1, 2020.

### Reservation of Rights

The foregoing does not constitute a waiver of any term, provision, condition, covenant or agreement contained in any of the Loan Documents (as defined in the Loan Agreement) or any

**Security Benefit Life Insurance Company**

White Plains Healthcare Properties I, LLC
Attn: William A. Nicholson
May 22, 2020
Page Three

instrument or agreement evidencing, related to or securing the Note, nor shall it (i) operate as a waiver of any right, remedy, power or privilege thereunder, (ii) prejudice or preclude any other further exercise thereof or the exercise of any right or remedy provided by law or in equity, (iii) entitle Borrower to any other or further notice or demand whatsoever or (iv) in any way modify, change impair, affect, diminish or release any liability of Borrower under or pursuant to any of the Loan Documents.

Please contact Douglas Schneider (785-438-1642) with any questions regarding the content of this letter, or have your counsel contact me directly.

Very truly yours,
Security Benefit Life Insurance Company

By: _____
Douglas Schneider
Investment Analyst

cc: Patrick Formato (via e-mail)
    Howard Fensterman (via Federal Express)
    Matthew Barbara (via Federal Express)
    Paul Barbara (via Federal Express)