**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re:

HBL SNF, LLC, d/b/a EPIC REHABILITATION
AND NURSING AT WHITE PLAINS,

Debtor.

Chapter 11

Case No. 21-22623 (SHL)

------------------------------------------------------------------------x
WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,

Plaintiff,

against

HBL SNF, LLC, LIZER JOZEFOVIC A/K/A LIZER
JOZEFOVIC, and MARK NEUMAN,

Defendants and Third-Party Plaintiffs,

against

CCC EQUITIES, LLC, PROJECT EQUITY
CONSULTING, THE CONGRESS COMPANIES,
HOWARD FENSTERMAN, WILLIAM NICHOLSON, and
METROPOLITAN COMMERCIAL BANK

Third-Party Defendants

Adversary Proceeding

Case No. 21-07096 (SHL)

------------------------------------------------------------------------x

**WHITE PLAINS HEALTHCARE PROPERTIES I, LLC'S REPLY BRIEF IN FURTHER
SUPPORT OF ITS MOTION TO REMAND BASED ON LACK OF JURISDICTION
OR, IN THE ALTERNATIVE, PRINCIPLES OF ABSTENTION OR EQUITY AND IN
<u>OPPOSITION TO DEBTOR'S CROSS MOTION FOR A STAY</u>**

**TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 3

I.    HBL'S MOTION TO STAY THE GUARANTOR CLAIMS AND THE WATERVIEW LITIGATION IS MOOT AND SHOULD BE DENIED ........................ 3

II.   REMAND OF THE GUARANTOR CLAIMS AND THE WATERVIEW LITIGATION IS APPROPRIATE ................................................................................. 5

CONCLUSION ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**CASES** *Page(s)*

*Chase Manhattan Bank v. Third Eighty-Ninth Assocs. (In re Third Eighty-Ninth Assocs.)*,
   138 B.R. 144 (S.D.N.Y. 1992) .................................................................................................. 4

*Cnty. of Suffolk, N.Y. v. Sebelius*,
   605 F.3d 135 (2d Cir. 2010) ...................................................................................................... 3

*In re FPSDA I, LLC*,
   2012 WL 6681794 (Bankr. E.D.N.Y. Dec. 21, 2012), *as corrected* (Dec. 26, 2012) .............. 4

**STATUTES**

11 U.S.C. § 105 ............................................................................................................................ 1, 3

Plaintiff White Plains Healthcare Properties I, LLC ("WPH Properties" or the "Landlord") respectfully submits this reply memorandum of law in further support of its motion to remand the Guarantor Claims and the Waterview Litigation to the New York state court and in opposition to the cross motion of defendant HBL SNF, LLC ("HBL" or "Debtor") to stay the Guarantor Claims and the Waterview Litigation pursuant to 11 U.S.C. § 105(a).[1] As explained below, HBL's motion to stay is mooted by this Court's Memorandum of Decision issued on May 20, 2022, Adv. Pro. Dkt. No. 51 (the "Lease Decision"), and remand is appropriate on the basis of lack of jurisdiction, or, in the alternative, on grounds of abstention or on equitable grounds. For these reasons, and for all the reasons set forth in the Landlord's Initial Remand Filing, the Court should deny Debtor's motion to stay and grant the Landlord's motion to remand the Guarantor Claims and the Waterview Litigation to New York state court.

## PRELIMINARY STATEMENT

This Court has now ruled that the Lease was validly terminated more than two years ago due to HBL's defaults, well before HBL filed this bankruptcy proceeding. HBL is now obligated to WPH Properties in an amount in excess of $100 million with little prospect of having the financial wherewithal to satisfy even a fraction of that amount. Meanwhile, while HBL benefited from the automatic bankruptcy stay over the previous seven months, WPH Properties has had to defend against a foreclosure proceeding and related litigation filed by its secured lender and has been forced to turn over all of HBL's monthly rent to its secured lender. As a consequence of this bankruptcy proceeding, WPH Properties is at risk of financial ruin. Thus, time is of the essence for WPH Properties to pursue its state law claims against non-debtors

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Landlord's Memorandum of Law in Support of its Motion to Remand Based on Lack of Jurisdiction or, in the alternative, Principles of Abstention or Equity, Adv. Pro. Dkt. No. 17 (the "Initial Remand Filing").

under the Guaranties. Given that the Lease defaults have been established as a matter of law (and conceded by HBL), the state law claims under the Guaranties concern only the question of the correct computation of the amount owed by the Guarantors, which is a ministerial task involving basic arithmetic.

In its Opposition, HBL concedes that because WPH Properties' motion for partial summary judgment was granted and the commercial lease was determined to have been terminated prior to the Debtor's Chapter 11 filing, "all proceedings related to the commercial lease will automatically return to State Court for further adjudication." Thus, the substance of WPH Properties' remand motion is entirely unopposed and conceded by HBL.

This Court lacks jurisdiction over the Guaranty Claims and such claims should be remanded to the New York State Court promptly. The Guaranty Claims are state law claims against non-debtors that were filed and were being adjudicated by the New York State Court well before HBL filed this proceeding. These claims clearly do not "arise" out of the bankruptcy. Further, the adjudication of these claims against the individual Guarantors will not impact the Debtor's assets or administration of the Debtor's estate. Even if this Court had jurisdiction (which, respectfully, it does not), principles of mandatory abstention require that this Court abstain from adjudicating the Guaranty Claims, which lack any other basis for federal jurisdiction and can, and were, being timely adjudicated by the New York State Court.

With respect to the Waterview Litigation, this separate action was not even referenced in HBL's Notice of Removal and was never properly removed to this Court. This separate litigation is also a dispute among non-debtors, in which, among other things, WPH Properties (and other parties) face meritless state law claims ranging from defamation to legal malpractice.

These claims, too, have no place before this Court and should be remanded to the New York State Court for adjudication without further delay.

## ARGUMENT

### I. HBL'S MOTION TO STAY THE GUARANTOR CLAIMS AND THE WATERVIEW LITIGATION IS MOOT AND SHOULD BE DENIED

HBL responded to the Landlord's Initial Remand Filing by cross moving to have the Guarantor Claims and the Waterview Litigation stayed pursuant to 11 U.S.C. § 105(a) pending a ruling on the Landlord's motion for partial summary judgment. That HBL only sought to stay these non-debtor claims until a ruling was issued on the Landlord's partial summary judgment motion is evident from HBL's repeated assertions throughout its submission that such a ruling would, in HBL's view, moot the issues raised in the Landlord's remand motion. *See, e.g.,* HBL Memorandum of Law in Opposition to Plaintiff's Motion to Remand and in Support of Cross-Motion by the Debtor for a Stay pursuant to 11 U.S.C. § 105(a), Adv. Pro. Dkt. No. 48 (the "Opposition"), at 3 (stating that Landlord's partial summary judgment motion "will be dispositive of any and all issues raised by Landlord's motion to remand."); *see also id.* at 1 ("The disposition of the pending partial summary judgment motion will resolve the matters raised by Landlord's motion to remand.").

As this Court knows, the issue of whether the Lease was terminated was decided affirmatively in the Landlord's favor on May 20, 2022. *See* Lease Decision at 2. Because HBL only sought a stay of these claims pending a ruling from the Court on the question of lease termination, HBL's motion to stay should be denied as moot. *See Cnty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (actions are moot "when an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party" (internal quotation marks omitted)).

Even if the motion to stay had not been mooted by this Court's Lease Decision, HBL did not come close to satisfying its burden of demonstrating that the "extraordinary and drastic remedy" of staying non-debtor claims was justified here. *Chase Manhattan Bank v. Third Eighty-Ninth Assocs. (In re Third Eighty-Ninth Assocs*.), 138 B.R. 144, 146 (S.D.N.Y. 1992). HBL's submission merely restated the relevant factors as conclusions and failed to demonstrate the existence of threatened harm to the Debtor's reorganization efforts with any specificity. *See In re FPSDA I, LLC*, 2012 WL 6681794 at *17 (Bankr. E.D.N.Y. Dec. 21, 2012), *as corrected* (Dec. 26, 2012)  (motion for stay of non-debtor claims denied where even though debtors had "pointed out various concerns that, in theory, could pose some hindrance to [their] continuing reorganization efforts," debtor failed to show "with specificity how these concerns pose a likely, material, and actual (not just theoretical) hindrance to the [] reorganization").  Moreover, Debtor has unambiguously and repeatedly stated that its *only* potential plan to reorganize is contingent upon assumption of the Lease and the exercise of the purchase option under the Lease.  Bankr. Dkt. 3 (Jozefovic Decl. ¶ 28).  Following this Court's determination that the Lease was validly terminated by the Landlord prior to the Debtor's commencement of this bankruptcy proceeding, the stark reality is that the Debtor has no right to continue operating in the facility, has no purchase option to exercise, and therefore no realistic hope of reorganizing and emerging from bankruptcy.  Thus, any argument by HBL that permitting the Guarantor Claims and Waterview Litigation to go forward will inhibit its ability to successfully reorganize is entirely without merit.

Accordingly, HBL's motion for a stay of the Guarantor Claims should be denied.

## II. REMAND OF THE GUARANTOR CLAIMS AND THE WATERVIEW LITIGATION IS APPROPRIATE

This Court has now determined in a thorough, well-reasoned decision that HBL has defaulted under the Lease, and that the Lease was properly terminated prior to HBL's commencement of this bankruptcy proceeding. The parties agreed to defer the hearing on WPH Properties' remand motion for many months so that this adversary proceeding could remain focused exclusively on expeditious adjudication of the lease termination issue. With this Court's ruling in hand, which conclusively determines that there were defaults under the Lease, it is imperative for WPH Properties to move forward with its claims against the Guarantors. The Guarantors are primary obligors responsible for all rent, additional rent, and "sums and charges of every type and nature payable by Tenant under the Lease." *See* Adv. Pro. Dkt. No. 18-4 (Fisher Decl. Ex. D § 2.1). There is no requirement that WPH Properties commence, let alone conclude, any litigation with the Landlord before seeking to collect from the Guarantors. *Id.* § 3.1. Faced with a foreclosure proceeding, WPH Properties must now pursue its Guaranty Claims expeditiously before the New York State Court. Remanding such claims back to the New York State Court, where the foreclosure proceeding filed by WPH Properties' secured lender is pending, will ensure that the remaining non-Debtor claims are litigated in an organized and coordinated fashion.

HBL's opposition papers do not respond to any of the arguments made by the Landlord in the Initial Remand Filing as to why the Guarantor Claims and the Waterview Litigation should be remanded. On the contrary, HBL expressly concedes that a ruling in the Landlord's favor on the partial summary judgment motion should result in a remand of all non-debtor claims. *See* Opp. at 1 ("If Landlord's partial summary judgment motion is granted and the commercial lease determined to have been terminated prior to the Debtor's Chapter 11 filing, *all proceedings*

5

*related to the commercial lease will automatically return to State Court for further adjudication.*" (emphasis added)). That the Guarantor Claims and the Waterview Litigation should be remanded at this posture, then, no longer appears to be in dispute between the parties.

For the avoidance of doubt, WPH Properties nonetheless briefly outlines why remand of the Guarantor Claims and the Waterview Litigation remains wholly appropriate on the basis of lack of jurisdiction, or, in the alternative, on grounds of abstention or on equitable grounds. In light of HBL's failure to respond to any of the Landlord's arguments regarding remand, the Landlord respectfully refers this Court to its Initial Remand Filing for a thorough discussion of the arguments, which are only briefly restated below.

The Guarantor Claims are state law breach of contract claims that were commenced by the Landlord in New York state court in September 2020 seeking to enforce the Guaranty of Lease against Mr. Jozefovic and Mr. Neuman and the Pledge Agreement against Mr. Jozefovic. Removal of these claims to federal court was improper because federal jurisdiction is lacking. The Guarantor Claims do not "arise" out of the bankruptcy or under the Bankruptcy Code because they are state law contract claims between non-debtors that were filed well before a bankruptcy proceeding. These claims also do not "relate to" a bankruptcy because neither the guarantors nor WPH Properties is a debtor in the Chapter 11 case, and any recovery on the claims against the guarantors would be a recovery against the individual guarantors, not against the debtor. HBL's vague assertion in its Notice of Removal that the guarantors *may* seek contribution or indemnification from HBL in the future is too vague and tenuous to confer jurisdiction.

Even assuming, *arguendo*, that there was a basis for federal bankruptcy court jurisdiction, remand would nevertheless be required on principles of mandatory abstention which prohibit a

6

federal court from hearing an action based on state law claims where the action can be timely adjudicated in the state court and where the sole purported basis for federal jurisdiction is an alleged relationship of the state law claims to a bankruptcy case. And even if this Court had jurisdiction to hear the claims against the guarantors in the first instance, which it does not, and even if abstention were not otherwise mandated under the law, which it is, the doctrines of permissive abstention and equitable remand would also support remand. This is because where a removed action involves purely state law claims and has no implications for the administration of a bankruptcy estate, principles of comity and judicial economy counsel in favor returning the action to a state forum.

The Waterview Litigation, filed by Mr. Jozefovic in October 2020 and consolidated with the New York State Court Action on April 8, 2021, asserts claims for breach of contract, fraud, defamation, breach of fiduciary duty, legal malpractice, against WPH Properties, Howard Fensterman, and Metropolitan Commercial Bank. Although HBL's Notice of Removal makes no reference to the Waterview Litigation, HBL subsequently asserted that this separate action was also removed to this Court. The Waterview Litigation should also be remanded to the state court for all the same reasons that support remand of the claims against the guarantors, and for the independent reason that it is a separate action that was never removed in the first instance.

Finally, it is worth noting that WPH Properties' arguments in favor of remand have been further strengthened by this Court's recent Lease Decision. The Court's determination that the Lease is not property of the HBL Bankruptcy estate renders any purported connection between the HBL Bankruptcy and state law litigation against non-debtors for breaches of their own independent obligations under the Lease nonexistent.

# CONCLUSION

For the reasons set forth above along with those articulated in the Landlord's Initial Remand Filing, WPH Properties respectfully requests that the Court (i) grant its Motion to remand the Guarantor Claims and the Waterview Litigation to the New York state court on the ground of lack of jurisdiction or, in the alternative, on the ground of abstention or equity; (ii) deny Debtor's cross motion to stay the Guarantor Claims and the Waterview Litigation; (iii) award costs and expenses, including attorney fees; and (iv) grant such other and further relief as the Court deems just and proper.

Dated: May 26, 2022
       New York, New York

Respectfully submitted,

BINDER & SCHWARTZ LLP

/s/ Eric B. Fisher
Eric B. Fisher
Lindsay A. Bush
366 Madison Avenue, 6th Floor
New York, NY 10017
Tel.: (212) 510-7272
Email: efisher@binderschwartz.com
Email: lbush@binderschwartz.com

-and-

DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP
Alfred E. Donnellan
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Tel.: (914) 681-0200
Email: aed@ddw-law.com

ABRAMS, FENSTERMAN, LLP
Robert A. Spolzino
81 Main Street, Suite 306
White Plains, New York 10601
Tel.: (914) 607-7010
Email: RSpolzino@Abramslaw.com

*Counsel for White Plains Healthcare Properties I, LLC*