**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

In re:

HBL SNF, LLC, d/b/a EPIC REHABILITATION AND NURSING AT WHITE PLAINS,

                             Debtor,

Chapter 11

Case No. 21-22623 (SHL)

---------------------------------------------------------------X

WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,

                             Plaintiff,

-against-

HBL SNF, LLC, LIZER JOZEFOVIC A/K/A LIZER JOZOFOVIC, and MARK NEUMAN,

             Defendants and Third-Party Plaintiffs,

-against-

CCC EQUITIES, LLC, PROJECT EQUITY CONSULTING, THE CONGRESS COMPANIES, HOWARD FENSTERMAN, WILLIAM NICHOLSON, and METROPOLITAN COMMERCIAL BANK

                          Third-Party Defendants

Adversary Proceeding

Case No. 21-07096 (SHL)

---------------------------------------------------------------X

## ORDER REFERRING THE MATTER TO MEDIATION

Upon the suggestion of the Court during hearings held on May 24, 26 and 31, 2022, it is

      **ORDERED**, that:

      1.      This matter is hereby referred to mediation (the "Mediation") pursuant to the procedures set forth herein and agreed to between the parties and the Mediator (as defined below). The Honorable Michael E. Wiles (the "Mediator") is hereby appointed to serve as Mediator.

2. The parties invited to participate in the Mediation include (i) HBL SNF, LLC, d/b/a Epic Rehabilitation and Nursing at White Plains (the "<u>Debtor</u>"), (ii) White Plains Healthcare Properties I, LLC (the "<u>Landlord</u>"), (iii) Garfield Park, LLC, ("<u>Garfield Park</u>"), (iv) Bradford Allen Funding Company LLC ("<u>Bradford Allen</u>"), (v) Joseph J. Tomaino (the "<u>Patient Care Ombudsman</u>"), and (vi) CNH Finance Fund I, L.P. (the "<u>DIP Lender</u>" and collectively, the "<u>Parties</u>").

3. If they have not already, promptly after entry of this Order, the Parties shall jointly contact the Mediator to discuss the Mediation. The Mediation will be scheduled so that it can be concluded prior to June 30, 2022, the next status conference scheduled in this case.

4. Except as set forth herein, the Mediation shall be conducted in accordance with General Order M-390 which is available on the Court's website (http://www.nysc.uscourts.gov/).

5. The Mediator will preside over the Mediation with full authority to determine the nature and order of the Parties' presentations and with the full authority to implement any mediation procedures which are reasonable and practical under the circumstances.

6. The Parties shall participate in the Mediation in good faith and with a view toward reaching a consensual resolution. The Mediation(s) shall be attended by a representative of each Party with full settlement authority and its counsel.

7. Mediation sessions are private. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. All Parties agree that any documents prepared by or for any party or the Mediator for use during the Mediation shall be private, deemed for settlement purposes only and may not be submitted to any Court, tribunal or used for any purpose other than to facilitate and foster the Mediation process. All communications and conduct, oral or

written, during the Mediation by any party or a party's agent, employee or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the Parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with the Mediation process.

8. There shall be no stenographic record of the Mediation process and no person shall tape or record any portion of the Mediation session. The Mediator and the participants shall be allowed to take personal notes during the Mediation.

9. The Mediator shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation. The Parties:

    (a) Shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the Parties in the Mediation;

    (b) Shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and

    (c) Shall not offer in evidence any statements, views, or opinions of the Mediator.

10. Upon the conclusion of the Mediation, the Mediator shall file a report, which shall be limited to stating only (i) whether the matter settled or did not settle; (ii) the date or dates the Mediation took place; and (iii) the Parties and/or their counsel who attended.

4

11. This Court shall retain jurisdiction over any and all issues arising from or related to the interpretation or implementation of this Order.

Dated: New York, New York
June 13, 2022

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE