**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
Tracy L. Klestadt
Brendan Scott
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245

*Counsel to the Appellant/Debtor and Debtor in Possession*

**MICHELMAN & ROBINSON, LLP**
John Giardino
800 Third Avenue, 24th Floor
New York, NY 10022
Tel: (212) 730-7700
Fax: (212) 730-7725

*Special Counsel to Appellant/Debtor and Debtor in Possession*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| HBL SNF, LLC, d/b/a EPIC REHABILITATION AND NURSING AT WHITE PLAINS, | (Subchapter V) |
| | Case No. 21-22623 (SHL) |
| Debtor. | |
| WHITE PLAINS HEALTHCARE PROPERTIES I, LLC | |
| Plaintiff/Appellee | |
| | Case No. |
| HBL SNF, LLC, LIZER JOZEFOVIC AND MARK NEUMAN, | |
| Defendants/Appellants. | |

## APPELLANTS' EMERGENCY MOTION TO EXPEDITE CONSIDERATION OF APPEAL

HBL SNF, LLC d/b/a Epic Rehabilitation and Nursing at White Plains, ("Appellant") by its undersigned counsel, files this Motion pursuant to Rule 8013(a)(2)(B) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") for entry of an Order expediting consideration of this appeal ("Appeal"), such that a full and final determination by the Court of all matters on Appeal will be determined as soon as possible prior to August 29, 2022, and sets forth the following:

**Introduction**

The Appellant is a 160-bedroom skilled nursing and rehabilitation facility (the "Facility"), which opened in late 2019. Prior to the commencement of its Chapter 11 bankruptcy case on November 1, 2021 ("Petition Date"), the Appellant entered into that certain Amended and Restated Operating Lease, dated November 19, 2015 (as amended from time to time, the "Lease"), by and between the Appellant, as tenant, and White Plains Healthcare Properties I, LLC (the "Appellee"), as landlord, with respect to the real property on which the Appellant's business is operated, located at 116-120 Church Street, White Plains, New York (the "Premises"). A copy of the Lease is attached as Exhibit 1 to the Declaration of Tracy L. Klestadt submitted contemporaneously. The Lease contains an option to purchase the Premises, including the Facility ("Purchase Option"). As disclosed on the docket in Appellant's Chapter 11 case, Appellant's ability to propose a viable plan or reorganization hinges on its ability to assume the Lease in accordance with 11 U.S.C. § 365 and obtain financing to exercise the Purchase Option.

The Appeal concerns the following legal issues:

1. Did the Bankruptcy Court err in determining that the Lease was terminated by Appellee prior to the commencement of Appellant's Chapter 11 bankruptcy case?

2

2. Did the Bankruptcy Court err in determining that the conduct of Appellee did not constitute a waiver of the notice of termination of the Lease?

3. Did the Bankruptcy Court err by granting summary judgment in favor of Appellee where questions of fact exist regarding the Appellee's intention to terminate as evidenced by its subsequent inconsistent conduct?

4. Did the Bankruptcy Court err in determining that the Lease and the Construction Loan Agreement between Appellee and Security Benefit Corporation dated August 18, 2017, as Integrated Documents, do not require the consent of the secured lender, to whom the Lease was pledged, prior to any termination by Appellee?

Each of the aforementioned issues arises from the entry by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") of a *Memorandum of Decision*, dated May 20, 2022 ("Decision") and corresponding *Order Granting White Plains Healthcare Properties I, LLC's Motion for Partial Summary Judgment*, dated June 28, 2022 ("Order"), wherein the Bankruptcy Court determined, *inter alia*, that the Lease was terminated by Appellee prior to the commencement of Appellant's Chapter 11 bankruptcy case on November 1, 2022, and granted summary judgment in Appellee's favor.[1] The Bankruptcy Court's erroneous determination that the Lease was terminated by Appellee renders Appellant unable to assume the Lease under 11 U.S.C. § 365. As noted, Appellant's ability to reorganize its business is dependent upon its ability to assume the Lease, which is by far its most valuable asset, and exercise the Purchase Option. Unless and until the Decision is reversed, Appellant will be unable to assume the Lease and propose a viable plan of reorganization.

Significantly, 11 U.S.C. § 365(d)(4) provides that a lease of nonresidential real property shall be deemed rejected if the debtor lessee does not assume or reject the unexpired lease debtor

---

[1] On June 29, 2022, Appellant filed a motion to reargue or reconsider the Decision and Order. On July 19, 2022, the Bankruptcy Court entered an order denying Appellant's motion.

3

by the earlier of the date that is 210 days after the date of the order for relief, or the date of the entry of an order confirming a plan. The order for relief in Appellant's bankruptcy case was entered on November 1, 2021, which means that the 210th day after entry of the order for relief was May 30, 2022 ("Lease Assumption Deadline"). 11 U.S.C. § 365(d)(4) provides that the time to assume a non-residential lease for real property may be extended by the Bankruptcy Court for up to 90 days for cause, but that any further extensions would require the written consent of the Appellee, as landlord. On July 13, 2022, the Bankruptcy Court extended the Lease Assumption Deadline through and including August 29, 2022.

As noted above, Appellant's ability to assume the Lease is dependent upon Appellant obtaining a determination that the Lease was not terminated and can therefore be assumed in accordance with 11 U.S.C. § 365. If this Appeal proceeds in the ordinary course on a customary timeline, it is unlikely that the merits of the Appeal will be determined prior to the passage of the Lease Assumption Deadline. If the Lease Assumption Deadline expires before this Appeal is concluded, the Lease will be deemed to have been rejected by Appellant as a matter of law. The Lease Assumption Deadline cannot be extended by any Court except upon consent of Appellee. The Appeal would therefore be moot because even if Appellant is ultimately successful in overturning the Decision and Order, it would have not had the ability to assume the Lease under 11 U.S.C. § 365, and its ability to reorganize its business by filing a chapter 11 plan would be irreversibly prejudiced.

Accordingly, Appellants have filed this Motion requesting that the Court expedite its consideration of the above-referenced issues on appeal to avoid the possibility of the issues becoming moot because the Plan Filing Deadline expires.

## Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 158(a)(1).

2. Venue of this Motion is proper in this district pursuant to 28 U.S.C. § 1409.

## Discussion

**A.  This Court Should Make An Expedited Determination Of The Issues On Appeal To Avoid Irreparable Harm to Appellant.**

Rule 8013(a) of the Bankruptcy Rules provides in relevant part as follows:

> (2)(B) *Motion to Expedite an Appeal*. A motion to expedite an appeal must explain what justifies considering the appeal ahead of other matters. If the district court or BAP grants the motion, it may accelerate the time to transmit the record, the deadline for filing briefs and other documents, oral argument, and the resolution of the appeal. A motion to expedite an appeal may be filed as an emergency motion under subdivision (d).
>
> (C) *Accompanying Documents*.
> (i) Any affidavit or other document necessary to support a motion must be served and filed with the motion.
> (ii) An affidavit must contain only factual information, not legal argument.
> (iii) A motion seeking substantive relief must include a copy of the bankruptcy court's judgment, order, or decree, and any accompanying opinion as a separate exhibit.
>
> (D) *Documents Barred or Not Required*.
> (i) A separate brief supporting or responding to a motion must not be filed.
> (ii) Unless the court orders otherwise, a notice of motion or a proposed order is not required

In accordance with Rule 8013(b), this Court may dispose of the motion "at any time without awaiting a response."

In this case, the Appellant will be unable to assume the Lease and propose a viable plan of reorganization until it has a final answer on the question of whether the Lease has been properly

5

terminated by Appellee. The current state of play is that the Bankruptcy Court has ruled the Lease was terminated prior to the Petition Date.

However, the applicable provisions of the Bankruptcy Code require Appellant to assume the Lease on or before August 29, 2022, at the latest, unless Appellee consents in writing to a further extension of the Lease Assumption Deadline. If Appellant fails to assume the Lease prior to the Lease Assumption Deadline, the Lease will be deemed to have been rejected by Appellant and Appellant will be precluded from later attempting to assume the Lease even if this Court overturns the Decision.

Under the default schedule provided by the Bankruptcy Rules, bankruptcy appeals can take several months to resolve. The briefing schedule alone in contemplates at least two-and-a-half months, which means that briefing would not be completed until at least late September 2022. Fed. R. Bankr. P. 8018. Thus, if this case proceeds in the normal course, it would likely not be resolved until October 2022 at the earliest.

Unless this Court considers the issues raised in this Appeal on an expedited basis, the Appeal will become moot, and Appellant's ability to reorganize and save its business will be irreparably harmed. Accordingly, Appellants respectfully submit that this Court should expedite the timeline for consideration of the Appeal so that the Appeal may be concluded prior to the expiration of the Lease Assumption Deadline on August 29, 2022.

Appellant respectfully proposes the following schedule: Appellant's Brief must be served and filed on or before July 29, 2022; Appellee's Brief must be served and filed by August 5, 2022; Appellant's Reply Brief must be served and filed by August 9, 2022; and oral argument, if any, soon thereafter in mid-August 2022.

**Conclusion**

WHEREFORE, for the foregoing reasons, the Appellant respectfully requests that this Court enter an Order (a) expediting consideration of the Appeal, such that a full and final determination by the Court of all matters on appeal will be determined as soon as possible, (b) and for such further relief as this Court deems just and proper.

Dated: New York, New York
July 22, 2022

**MICHELMAN & ROBINSON, LLP**

By: */s/ John Giardino*
John Giardino
800 Third Avenue, 24th Floor
New York, NY 10022
Tel: (212) 730-7700
Fax: (212) 730-7725

*Special Counsel to Appellant/ Debtor and Debtor in Possession*

-and-

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Tracy Klestadt*
Tracy L. Klestadt
Brendan M. Scott
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: tklestadt@klestadt.com
bscott@klestadt.com
creilly@klestadt.com

*Attorneys for Appellant/Debtor and Debtor in Possession*