UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>HBL SNF, LLC, d/b/a EPIC REHABILITATION AND NURSING AT WHITE PLAINS,<br><br>                                                        Debtor. | Chapter 11<br><br>Case No. 21-22623 (SHL) |
| WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,<br><br>                                                        Plaintiff,<br><br>– against –<br><br>HBL SNF, LLC, LIZER JOZEFOVIC A/K/A LIZER JOZEFOVIC, and MARK NEUMAN,<br><br>             Defendants and Third-Party Plaintiffs,<br><br>– against –<br><br>CCC EQUITIES, LLC, PROJECT EQUITY CONSULTING, THE CONGRESS COMPANIES, HOWARD FENSTERMAN, WILLIAM NICHOLSON, and METROPOLITAN COMMERCIAL BANK,<br><br>                                  Third-Party Defendants. | Adversary Proceeding<br><br>Case No. 21-07096 (SHL) |

**MEMORANDUM OF LAW OF WHITE PLAINS HEALTHCARE PROPERTIES I, LLC IN OPPOSITION TO THE MOTION BY BINDER & SCHWARTZ FOR LEAVE TO WITHDRAW**

**ABRAMS FENSTERMAN, LLP**
*Attorneys for White Plains Healthcare Properties I, LLC*
81 Main Street, Suite 400
White Plains, New York 10601
Telephone: 914-607-7010

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................... 1

SUMMARY OF ARGUMENT............................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

    I. Leave to withdraw is discretionary; in the circumstances presented here, the Court should not exercise its discretion to permit Binder & Schwartz to withdraw ......................................... 2

    II. Binder & Schwartz is not entitled to a retaining lien or charging lien ................................. 2

    III. If the Court were to grant a charging lien, it must hold a hearing to fix the amount of the lien ................................................................................................................................. 3

CONCLUSION................................................................................................................................ 3

## TABLE OF AUTHORITIES

PAGE(S)

Cases

*Alvarado-Vargas v. 6422 Holding Corp.*
  85 A.D.3d 829, 925 N.Y.S.2d 176 (2d Dep't 2011) ................................................................. 2

*Cohen v. Cohen*
  183 A.D.2d 802, 584 N.Y.S.2d 116 (2d Dep't 1992) ............................................................... 3

*Iqbal v. Patel*
  2017 WL 6629399 (N.D. Ind. 2017) ........................................................................................ 2

*Katsaros v. Katsaros*
  152 A.D.2d 539 (2d Dep't 1989) .............................................................................................. 3

*PIK Rec. Co. v. Eckstein*
  226 A.D.2d 122, 640 N.Y.S.2d 49 (1st Dep't 1996) ................................................................ 2

*Rosen v Rosen*
  97 AD2d 837 ............................................................................................................................. 3

### PRELIMINARY STATEMENT

White Plains Healthcare Properties I, LLC ("WP Healthcare") respectfully submits this memorandum in opposition to the motion by Binder & Schwartz for leave to withdraw as counsel for WP Healthcare in this proceeding.

### SUMMARY OF ARGUMENT

WP Healthcare does not dispute that the attorneys from Binder & Schwartz and, in particular, Eric Fisher are excellent attorneys or that WP Healthcare owes Binder & Schwartz money for its fees, in an amount that the Court may have to determine. The purpose of this memorandum is to address three legal issues that, WP Healthcare submits, require that the motion be denied, in whole or in part.

### STATEMENT OF FACTS

The relevant facts are set forth in the accompanying declaration of Howard Fensterman.

### ARGUMENT

Leave to withdraw is discretionary. On the particular facts here, the Court should deny leave to withdraw because granting leave will make it difficult, if not impossible, to consummate the imminent settlement of this matter. If the Court were to grant leave, however, the Court should deny both a retaining lien and a charging lien. Neither is available where, as here, the only potential recovery is rent. A retaining lien is also improper where, as here, the client has no money to pay the attorney's bill. Finally, before the Court can impose a charging lien it must hold a hearing to determine the amount due the attorney.

**I**

**Leave to withdraw is discretionary; in the circumstances presented here, the Court should not exercise its discretion to permit Binder & Schwartz to withdraw**

"The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court." *Alvarado-Vargas v. 6422 Holding Corp.*, 85 A.D.3d 829, 830, 925 N.Y.S.2d 176, 177 (2d Dep't 2011). For the reasons set forth in the accompanying declaration of Howard Fensterman, this Court should exercise its discretion to deny leave to withdraw. This matter is on the cusp of being settled. WP Healthcare will need counsel to accomplish that. The withdrawal of Binder & Schwartz now, after representing WP Healthcare for several years and billing roughly $800,000, will hinder that resolution and delay their being paid. WP Healthcare presently has no income. Binder & Schwartz's best opportunity to be paid quickly Because it would be completely counterproductive to Binder & Schwartz, WP Healthcare, the other parties and the Court to impede the resolution of the matter now.

**II**

**Binder & Schwartz is not entitled to a retaining lien or charging lien**

"There is no federal common law or statute providing for an attorney's lien; federal courts follow their forum state's law." *Iqbal v. Patel*, 2017 WL 6629399, at *1 (N.D. Ind. 2017), citing *Holly v. Rent-A-Center*, No. IP 00-580-C-Y/F, 200 WL 1134536 at *1 (S.D. Ind. 2000). The law of New York is clear. "[N]either a common-law retaining lien nor statutory charging lien attached to the money given to him for the payment of rent." *PIK Rec. Co. v. Eckstein*, 226 A.D.2d 122, 640 N.Y.S.2d 49 (1st Dep't 1996). Since the only potential recovery to WP Healthcare here is rent, Binder & Schwartz's motion for a retaining lien must be denied.

Further, a retaining lien is not available to an attorney where the client cannot pay the fees

that are due. "[W]hen a client has made an *unrefuted* or *uncontroverted* showing of "exigent circumstances," such as indigence, the court will relegate the outgoing attorney to a *charging* lien on the proceeds of the action, pursuant to Judiciary Law § 475." *Cohen v. Cohen*, 183 A.D.2d 802, 803, 584 N.Y.S.2d 116, 118 (2d Dep't 1992). "[U]nrefuted allegations of indigency constitute such exigent circumstances as would make it inequitable for the appellant to retain the file *(see, Rosen v Rosen,* 97 AD2d 837)." *Katsaros v. Katsaros*, 152 A.D.2d 539, 540 (2d Dep't 1989). There cannot be any dispute here that WP Healthcare is "indigent." It has no revenue whatsoever and has had no revenue since the appointment of the receiver. Therefore, the Court should deny Binder & Schwartz's request for a retaining lien because WP Healthcare has no funds from which to pay Binder & Schwartz.

### III

**If the Court were to grant a charging lien, it must hold a hearing to fix the amount of the lien**

Even if the Court were to grant Binder & Schwartz leave to withdraw here and impose a charging lien, the Court must hold a hearing on the amount of its charging lien. "Where there is a question as to the value of the legal services rendered to the defendant . . . [the attorney] is entitled to an immediate hearing to determine these issues" *Katsaros v. Katsaros*, *supra*, citing *Rosen v. Rosen*, 97 A.D.2d 837, 837-38, 468 N.Y.S.2d 723, 724 (2d Dep't 1983)."

### Conclusion

For all of these reasons, the Court should deny Binder & Schwartz's request for leave to withdraw. If the Court were to grant leave to withdraw, it should deny the request for a retaining lien and a charging lien. But if the Court should grant a lien, it must hold a hearing on the amount due.

**ABRAMS FENSTERMAN, LLP**
*Attorneys for White Plains Healthcare Properties I, LLP*

By: _____
Robert A. Spolzino
81 Main Street, Suite 400
White Plains, NY 10601
(914) 607-7010

Dated: White Plains, New York
　　　　January 24, 2023