UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>HBL SNF, LLC, d/b/a EPIC REHABILITATION AND NURSING AT WHITE PLAINS,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-22623 (SHL) |
| WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,<br><br>Plaintiff,<br><br>– against –<br><br>HBL SNF, LLC, LIZER JOZEFOVIC A/K/A LIZER JOZEFOVIC, and MARK NEUMAN,<br><br>Defendants and Third-Party Plaintiffs,<br><br>– against –<br><br>CCC EQUITIES, LLC, PROJECT EQUITY CONSULTING, THE CONGRESS COMPANIES, HOWARD FENSTERMAN, WILLIAM NICHOLSON, and METROPOLITAN COMMERCIAL BANK,<br><br>Third-Party Defendants. | Adversary Proceeding<br><br>Case No. 21-07096 (SHL) |

Pursuant to 28 U.S.C. § 1746, Howard Fensterman declares as follows:

1. I am a manager of White Plains Healthcare Properties I, LLC ("WP Healthcare"), the plaintiff in this adversary proceeding. I make this declaration in opposition to the motion by Binder & Schwartz for leave to withdraw as counsel for WP Healthcare based upon my personal knowledge and the records maintained by WP Healthcare in the ordinary course of business. I want to be clear from the outset. I believe Eric Fisher to be an excellent attorney.

2. However, WP Healthcare opposes the application of Binder & Schwartz for several reasons, the first of which is that the declaration of Eric Fisher, Esq., is incorrect in several respects. To begin with, WP Healthcare has paid Binder & Schwartz more than Mr. Fisher acknowledges.

Exhibit A is a chart prepared by WP Healthcare's chief financial officer, Edward Tabor, from WP Healthcare's business records which reflects that WP Healthcare has paid Binder & Schwartz $216,000, rather than the $165,000 that Mr. Fisher acknowledges. In addition, Mr. Fisher is incorrect in claiming that WP Healthcare has never contested the invoices submitted by Binder & Schwartz. I spoke with Mr. Fisher about what I thought was unnecessary duplicative billing by Binder & Schwartz, with respect to the services of Lindsay Bush, Esq. Those disputes have not been resolved. They involve a significant amount of the fees claimed.

3. More fundamentally, Binder & Schwartz has not been paid a substantial payment because, as a result of proceedings in the New York State Supreme Court, WP Healthcare presently has no revenue and, therefore, no funds with which to pay Binder & Schwartz. WP Healthcare has one source of income and that is the rent it was receiving from the debtor. As Edward Tabor's records reflect periodic payments were made in 2022.

4. As the Court may recall, WP Healthcare is the owner of the real property in White Plains, New York, in which the debtor, HBL SNF, LLC ("HBL"), operates a nursing home. In May 2022, this Court granted WP Healthcare's motion for partial summary judgment determining that HBL breached the lease and vacated the automatic stay in bankruptcy to allow WP Healthcare to pursue the judgment evicting HBL that it had sought in the New York State Supreme Court in Westchester County before HBL filed its bankruptcy petition. WP Healthcare has been attempting to do that, but its efforts have been thwarted by the actions taken by the Supreme Court in the foreclosure proceeding commenced by its lender, Garfield Park, LLC.

5. As a result of this Court's order, HBL has been required to pay rent to maintain this proceeding. On June 8, 2022, **however**, the Supreme Court appointed a receiver to collect those rents. Despite WP Healthcare's pleas to allow it some revenue so that it can pay its other expenses,

including its attorneys' fees, the Supreme Court will not permit that. WP Healthcare, therefore, has no funds with which to pay Binder & Schwartz.

6. In August 2022, WP Healthcare, HBL and Garfield Park reached a conceptual agreement to resolve all of their disputes. The agreement provides for HBL's purchase of the real property from WP Healthcare and, in doing so, the satisfaction of WP Healthcare's obligations to Garfield Park. After several weeks of negotiation, the parties reduced the agreement to writing and signed it. The parties agreed, however, that the signed agreements would not be delivered until HBL had satisfied certain conditions. That has not yet happened for reasons that have nothing to do with WP Healthcare.

7. Recognizing the status of this matter, Binder & Schwartz agreed in several conversations with me in the summer and fall of 2022 that it would forbear any effort to collect the fees it is due, including making a motion for leave to withdraw, pending closing, when WP Healthcare would pay Binder & Schwartz pursuant to an agreement they would reach.

8. Although the closing was to take place by December 1, 2022, HBL has thus far been unable to satisfy the condition requiring it to obtain a commitment from a financial institution to finance its purchase. But it is very close. As of yesterday, counsel for HBL has reported that all of the issues with the lender have been resolved, that HBL expects to have a revised term sheet from the lender by tomorrow and that it will sign the term sheet. The only remaining issue is that the appraised value of the real property must be sufficient to satisfy the agreed loan-to-value ratio. HBL is willing to agree to release the agreements from escrow and proceed with the settlement contingent on the appraisal. The parties are due in the Supreme Court on Thursday, January 26, 2023, when they will presumably address, and hopefully resolve, this issue.

9. As a result of these developments, the parties are tantalizingly close to a resolution. If the settlement goes forward, HBL will have to return to this Court for approval of a plan to effectuate its purchase of the property. If that plan is approved, and the appraised value is sufficient to satisfy the lender's condition, all of the pending proceedings will be discontinued and WP Healthcare will pay Binder & Schwartz at the closing whatever amount we agree to after resolution of the issue noted above. Upon the finalization of the term sheet which is expected Thursday January 26th, closing should take place at the end of March, 2023.

10. Because WP Healthcare will need bankruptcy counsel in the plan approval process, however, allowing Binder & Schwartz to withdraw as WP Healthcare's counsel now will imperil the settlement for which everyone has been waiting. That is not in the best interest of anyone, including Binder & Schwartz. I understand that Binder & Schwartz wants to be paid. I run a major law firm myself. But after working on this matter for so long that it has billed roughly $800,000, it should not be permitted to withdraw when resolution of the matter is on the two-yard line and will require only minimal additional effort from Binder & Schwartz to get it across the goal line.

11. The alternative does not benefit anyone. If Binder & Schwartz is permitted to withdraw at this stage, however, its withdrawal will likely delay the settlement. That would require all of the parties to return to the protracted litigation in this Court and elsewhere that would be necessary to conclude this matter. It would also necessitate a hearing in this Court to fix the amounts of the liens Binder & Schwartz claims. That, too, would be unnecessary if the motion is not granted, at least until the parties have been able pursue the settlement process to whatever conclusion it reaches.

12. For all of these reasons, WP Healthcare respectfully requests that the Court deny Binder & Schwartz's motion for leave to withdraw, or at least hold it in abeyance pending the conclusion of

the current settlement process. If the Court grants the motion., WP Healthcare respectfully requests that the Court schedule a hearing to fix the amount of the liens Binder & Schwartz claims.

13. I declare under penalty of perjury that the information contained in this declaration is true and correct.

Dated:  Lake Success, New York
       January 24, 2023.

                                                                 Howard Fensterman