**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x

In re:

HBL SNF, LLC, d/b/a EPIC REHABILITATION
AND NURSING AT WHITE PLAINS,

                                  Debtor.

Chapter 11

Case No. 21-22623 (SHL)

-------------------------------------------------------------------------x

WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,

                                  Plaintiff,

                                  against

HBL SNF, LLC, LIZER JOZEFOVIC A/K/A LIZER
JOZEFOVIC, and MARK NEUMAN,

                 Defendants and Third-Party Plaintiffs,

                                  against

CCC EQUITIES, LLC, PROJECT EQUITY
CONSULTING, THE CONGRESS COMPANIES,
HOWARD FENSTERMAN, WILLIAM NICHOLSON, and
METROPOLITAN COMMERCIAL BANK

                                Third-Party Defendants

Adversary Proceeding

Case No. 21-07096 (SHL)

-------------------------------------------------------------------------x

**REPLY DECLARATION OF ERIC B. FISHER IN FURTHER SUPPORT OF THE
MOTION OF BINDER & SCHWARTZ LLP TO BE RELIEVED AS COUNSEL
<u>AND TO AFFIX RETENTION AND CHARGING LIENS</u>**

I, Eric B. Fisher, declare as follows:

1.  I am a partner with Binder & Schwartz LLP (the "Firm"), counsel of record for Plaintiff-Creditor White Plains Healthcare Properties I, LLC ("WPH Properties"), and Third-Party Defendants CCC Equities, LLC, Project Equity Consulting, the Congress Companies, Howard Fensterman, and William Nicholson (collectively, the "Third-Party Defendants").

2.  I am fully familiar with the facts and proceedings described herein and submit this Reply Declaration in response to the Declaration of Howard Fensterman (Adv. Pro. Dkt. No. 82) (the "Fensterman Decl."), and in further support of our Motion seeking an order (a) relieving the Firm as counsel and (b) determining that the Firm is entitled to a retaining lien against the clients' files, and a charging lien in the amount of $644,705.83.[1]

3.  The basis for the Firm's request to be relieved as counsel is WPH Properties' and the Third-Party Defendants' failure to pay legal fees that are due and owing to the Firm. In its opposition (as corrected by Mr. Fensterman's Supplemental Declaration, Adv. Pro. Dkt. No. 83), WPH Properties concedes that only $165,000 has been paid, and that $644,705.83 of the invoiced amounts remains outstanding. Thus, it is conceded that approximately 80% of the invoiced amounts remains unpaid.[2] This substantial unpaid amount is an adequate and justifiable basis for the Firm to be relieved as counsel.

4.  Mr. Fensterman's assertion in his declaration that invoices were contested by WPH Properties is not correct. Fensterman Decl. ¶ 2. Consistent with its engagement letter, the

---

[1] The Firm previously sought permission from this Court to file its initial Motion under seal to err on the side of caution with regard to divulging the basis for the Firm's request to withdraw and the amount of unpaid legal fees. Because WPH Properties filed its opposition on the public docket, without redactions, this information is no longer confidential.

[2] Fees have accrued since the filing of the Motion, and the Firm will present up-to-date information at any hearing to fix the amount of a lien.

Firm sent monthly invoices to WPH Properties, setting forth in detail the legal fees and disbursements due and owing. Neither Mr. Fensterman nor anyone else on behalf of WPH Properties ever complained about a single time charge or disbursement.

5. Lawyers and paralegals at our Firm worked hard for the clients, and I am pleased to know that Mr. Fensterman found our legal services to be excellent. But Mr. Fensterman gives me too much individual credit. Although I handled all court appearances, I closely collaborated on all aspects of this representation with Lindsay Bush and others at my firm. Ms. Bush and the other members of our team each contributed distinctly, meaningfully and cost-effectively to our representation of the clients. It was our teamwork and collaboration that made it possible for the Firm to deliver effective representation. Before Mr. Fensterman's declaration in opposition to the Motion, the clients had never before complained about any time spent by any professional at the Firm. To date, the clients have never objected to or complained about any fee or charge on any invoice.

6. Having acknowledged the significant fees that are owed to the Firm, WPH Properties' only basis to oppose the Firm's Motion is to argue that the parties are "tantalizingly close" to a resolution and that the Firm should "get it across the goal line." Fensterman Decl. ¶¶ 9-10. The Court is familiar with the timeline of settlement discussions in this case. The parties first engaged in mediation in mid-June 2022 and to date, more than seven months later, Mr. Fensterman acknowledges that there is not a signed term sheet to finance HBL's potential purchase of the property (Fensterman Decl. ¶ 8). The timeline for the anticipated closing for the deal is a moving target and, while the Firm sincerely hopes that the transaction materializes very soon, the Firm cannot be expected to simply "wait it out" for an uncertain period of time.

7.  Moreover, the Firm's withdrawal does not threaten to disrupt these proceedings. Two other law firms, including Mr. Fensterman's law firm (Abrams Fensterman, LLP), have appeared on behalf of WPH Properties in these bankruptcy proceedings. These firms have been involved since the beginning of the bankruptcy case; they represent WPH Properties and the Third-Party Defendants in related state court proceedings; they have actively participated in all mediation and settlement efforts; and they are fully up to speed on the issues in the HBL Bankruptcy and the Adversary Proceeding. Mr. Fensterman's law firm includes a Restructuring, Bankruptcy, and Creditors' Rights Law practice group. Thus, if the Firm's Motion is granted, WPH Properties will have knowledgeable counsel capable of representing it in any further proceedings.

8.  WPH Properties argues in its opposition that retaining and charging liens are not available here because "the only potential recovery is rent." Memorandum of Law of WPH Properties in Opposition to the Firm's Motion, Adv. Pro. Dkt. 81, at 1, 2. This is not true. As the owner of the real property at issue (Fensterman Decl. ¶ 4), WPH Properties will receive proceeds if HBL succeeds in purchasing the property in an amount more than sufficient to pay in full the amounts due to the Firm. In the event that the transaction does not close, WPH Properties has claims against HBL and certain guarantors, as well as a creditor claim in the underlying bankruptcy, that should result in recoveries to WPH Properties in excess of the amounts owed to the Firm. For the reasons set forth in our Motion, the Firm is entitled to assert a charging lien against any future recovery, judgment, settlement, or final order in the HBL Bankruptcy or the Adversary Proceeding in the amount of $644,705.83.

9.  Finally, WPH Properties' opposition fails to acknowledge that in addition to WPH Properties, the Firm was retained on behalf of Third-Party Defendants CCC Equities, LLC,

Project Equity Consulting, the Congress Companies, and Howard Fensterman and William Nicholson, individually. Thus, the amounts owed to the Firm are not solely the responsibility of WPH Properties, and the opposition fails to account for the fact that these other entities and individuals also are responsible for the unpaid fees.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 30, 2023

                                          /s/ Eric B. Fisher
                                          Eric B. Fisher